1  ROBBINS GELLER RUDMAN
   & DOWD LLP
2  RYAN A. LLORENS (225196)
BRIAN O. O'MARA (229737)
3  LAURIE L. LARGENT (153493)
655 West Broadway, Suite 1900
4  San Diego, CA  92101
Telephone:  619/231-1058
5  619/231-7423 (fax)
ryanl@rgrdlaw.com
6  bomara@rgrdlaw.com
llargent@rgrdlaw.com
7
[Proposed] Lead Counsel for Plaintiff
8
[Additional counsel appear on signature page.]
9
UNITED STATES DISTRICT COURT
10
CENTRAL DISTRICT OF CALIFORNIA
11
SOUTHERN DIVISION
12

| | |
|---|---|
| DANIEL TUROCY, Individually and on Behalf of All Others Similarly Situated, ) ) ) ) | Case No. 8:15-cv-01343-DOC(KESx) |
| ) | CLASS ACTION |
| Plaintiff, ) ) | |
| vs. ) ) | MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL |
| EL POLLO LOCO HOLDINGS, INC., et al., ) ) ) | |
| Defendants. ) ) | DATE:    November 30, 2015 |
| | TIME:    8:30 a.m. |
| | CTRM:   9D |
| | JUDGE:  Hon. David O. Carter |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1085518_1

1    Proposed lead plaintiffs and El Pollo Loco Holdings, Inc. investors Peter Kim,

2  Robert W. Kegley, Sr., Dr. Richard Levy and Samuel Tanner (together, the "El Pollo

3  Loco Investors Group") respectfully submit this memorandum in support of its motion

4  for appointment as lead plaintiff and approval of its selection of Robbins Geller

5  Rudman & Dowd LLP as lead counsel for the class pursuant to the Private Securities

6  Litigation Reform Act of 1995 ("PSLRA").

7  **I.     INTRODUCTION**

8    A putative class action lawsuit is pending in this District on behalf of

9  purchasers of El Pollo Loco Holdings, Inc. ("El Pollo Loco" or the "Company")

10  common stock between May 15, 2015 and August 13, 2015, inclusive (the "Class

11  Period") seeking to pursue remedies pursuant to the Securities Exchange Act of 1934

12  (the "1934 Act").  In federal securities cases such as this, the PSLRA requires courts

13  to appoint as lead plaintiff the "member or members of the purported plaintiff class

14  that the court determines to be most capable of adequately representing the interests of

15  class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  The El Pollo Loco Investors Group

16  should be appointed as lead plaintiff because it: (1) timely filed this Motion; (2) has

17  the largest financial interest in the outcome of this litigation of any plaintiff of which

18  its counsel is aware; and (3) will adequately represent the interests of the class. *See* 15

19  U.S.C. §78u-4(a)(3)(B)(iii).   In addition, the El Pollo Loco Investors Group's

20  selection of Robbins Geller as lead counsel for the class should be approved. *See* 15

21  U.S.C. §78u-4(a)(3)(B)(v).

22    El Pollo Loco develops, franchises, licenses, and operates quick-service

23  restaurants in the United States.

24    During the Class Period, defendants made false and misleading statements

25  and/or failed to disclose adverse information about El Pollo Loco's business and

26  prospects, including that traffic at El Pollo Loco stores had declined substantially due

27  to the removal of the value items from the restaurants' menu boards, and that as a

28  result, comparable store sales were not growing at 3%, much less the 3% to 5% the

- 1 -

1085518_1

1  defendants had led investors to believe they would grow in the second quarter of

2  2015.  As a result of these false and misleading statements and/or omissions, El Pollo

3  Loco common stock traded at artificially inflated prices during the Class Period, with

4  the Company's stock price reaching a high of $25.37 per share.

5       After the close of trading on August 13, 2015, the Company issued a release

6  announcing its second quarter 2015 results for the three-month period ended July 1,

7  2015.  El Pollo Loco disclosed that contrary to defendants' prior claims of being on

8  track to achieve 3%-5% comparable store sales increases, second quarter 2015

9  "[s]ystem-wide comparable restaurant sales [had grown] 1.3%, including a 0.5%

10 decrease for company-operated restaurants, and a 2.6% increase for franchised

11 restaurants."

12      On this news, the price of El Pollo Loco's shares declined by 20% from its

13 closing price of $18.36 per share on August 13, 2015, to $14.56 per share on August

14 14, 2015.

15 **III.   ARGUMENT**

16       **A.    The El Pollo Loco Investor Group Should Be Appointed
               Lead Plaintiff**

17

18       The PSLRA establishes the procedure for the appointment of a lead plaintiff in

19 "each private action arising under [the 1934 Act] that is brought as a plaintiff class

20 action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1).

21 First, the pendency of the action must be publicized in a widely circulated national

22 business-oriented publication or wire service not later than twenty days after filing of

23 the first complaint.  15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the

24 Court shall adopt a presumption that the most adequate plaintiff is the person or group

25 of persons that –

26       (aa) has either filed the complaint or made a motion in response to a notice . . .;

27       (bb) in the determination of the court, has the largest financial interest in the

28 relief sought by the class; and

1085518_1

1   (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of

2   Civil Procedure.

3   15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir.

4   2002).  The El Pollo Loco Investors Group meets each of these requirements and

5   should therefore be appointed as Lead Plaintiff.

### 1.   This Motion Is Timely

7   The notice published in the first-filed action on August 24, 2015, advised class

8   members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the

9   proposed class period; and (4) the right to move the Court to be appointed as lead

10  plaintiff within 60 days, or by October 23, 2015.  15 U.S.C. §78u-4(a)(3)(A).  *See*

11  Declaration of Brian O. O'Mara in Support of Motion for Appointment as Lead

12  Plaintiff and Approval of Lead Plaintiff's Selection of Counsel ("O'Mara Decl."), Ex.

13  A.  Because this motion is being timely filed by October 23, the El Pollo Loco

14  Investors Group is entitled to be considered for appointment as lead plaintiff.

### 2.   The El Pollo Loco Investors Group Has the Largest Financial Interest in the Relief Sought by the Class

16  During the Class Period, the El Pollo Loco Investors Group purchased 113,610

17  shares of El Pollo Loco common stock and suffered more than $823,000 in losses as a

18  result of defendants' alleged misconduct.  *See* O'Mara Decl., Exs. B, C.  To the best

19  of its counsel's knowledge, there are no other plaintiffs with a larger financial interest.

20  Therefore, the El Pollo Loco Investors Group satisfies the PSLRA's prerequisite of

21  having the largest financial interest.

### 3.   The El Pollo Loco Investors Group Otherwise Satisfies the Rule 23 Typicality and Adequacy Requirements

24  In addition to possessing a significant financial interest, a lead plaintiff must

25  also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil

26  Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 of the Federal Rules of

27  Civil Procedure requires that "the claims or defenses of the representative parties are

- 3 -

1 │ typical of the claims or defenses of the class; and [that] the representative parties will

2 │ fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4);

3 │ *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at

4 │ the lead plaintiff stage).

5 │      The test of typicality is "'whether other members have the same or similar

6 │ injury, whether the action is based on conduct which is not unique to the named

7 │ plaintiffs, and whether other class members have been injured by the same course of

8 │ conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation

9 │ omitted).   The adequacy requirement is met if no conflicts exist between the

10 │ representative and class interests and the representative's attorneys are qualified,

11 │ experienced and able to vigorously prosecute the action on behalf of the class.  *See*

12 │ Fed. R. Civ. P. 23(a)(4); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

13 │      Here, the El Pollo Loco Investors Group's claims are based on the same legal

14 │ theory (violations of the federal securities laws) and arise from the same events and

15 │ course of conduct (defendants' allegedly false or misleading statements) as the class's

16 │ claims.  The El Pollo Loco Investors Group also satisfies the adequacy requirements

17 │ because there is no conflict between it and the members of the class, its selected

18 │ counsel is qualified (as discussed in §III.B below) and the El Pollo Loco Investors

19 │ Group has a sufficient interest in the outcome based upon the significant damages

20 │ suffered as a result of defendants' purported misrepresentations.  Moreover, the El

21 │ Pollo Loco Investors Group is committed to "vigorously representing the interests of

22 │ all class members to obtain the largest practicable recovery for the class consistent

23 │ with [its] dut[y] as lead plaintiff."  *See* O'Mara Decl., Ex. D at ¶7.

24 │      The El Pollo Loco Investors Group's common interests shared with the class,

25 │ substantial financial interest in the litigation, and selection of qualified counsel

26 │ demonstrate that it satisfies the Rule 23 inquiry at this stage.

27 │

28 │

1085518_1

**B.     The Court Should Approve the El Pollo Loco Investors Group's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35.

The El Pollo Loco Investors Group has selected Robbins Geller to serve as lead counsel. *See* O'Mara Decl., Ex. D at ¶10, Ex. E. Robbins Geller, a 200-lawyer firm with offices nationwide, regularly practices complex securities litigation. *Id.* Courts throughout the country, including those in this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Cooper Cos. Sec. Litig.*, 254 F.R.D. 628, 636 (C.D. Cal. 2009) (Carney, J.) (noting that it was "undisputable" that Robbins Geller lawyers have "extensive experience prosecuting suits of this nature"); *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (commenting that the "experience, ability, and reputation" of Robbins Geller's attorneys "is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"). Class members will receive the highest caliber of legal representation available from Robbins Geller if this Motion is granted.

Accordingly, the El Pollo Loco Investors Group's selection of counsel should be approved.

- 5 -

1085518_1

1  **IV.    CONCLUSION**

2          The El Pollo Loco Investors Group has satisfied each of the PSLRA's

3  requirements for appointment as lead plaintiff.  Accordingly, the El Pollo Loco

4  Investors Group respectfully requests that the Court appoint it as lead plaintiff,

5  approve its selection of counsel and grant such other relief as the Court may deem just

6  and proper.

7  DATED:  October 23, 2015                          Respectfully submitted,

8                                                    ROBBINS GELLER RUDMAN
                                                       & DOWD LLP
9                                                   RYAN A. LLORENS
                                                    BRIAN O. O'MARA
10                                                  LAURIE L. LARGENT

11

12                                                        s/ Brian O. O'Mara
                                                        BRIAN O. O'MARA

13
                                                    655 West Broadway, Suite 1900
14                                                  San Diego, CA  92101
                                                    Telephone:  619/231-1058
15                                                  619/231-7423 (fax)

16                                                   [Proposed] Lead Counsel for Plaintiff

17
                                                    ZELDES HAEGGQUIST & ECK, LLP
18                                                  AMBER L. ECK
                                                    225 Broadway, Suite 2050
19                                                  San Diego, CA  92101
                                                    Telephone:  619/342-8000
20                                                  619/342-7878 (fax)

21                                                  Additional Counsel

22

23

24

25

26

27

28

- 6 -

1085518_1

CERTIFICATE OF SERVICE

1        I hereby certify that on October 23, 2015, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

        I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 23, 2015.

        s/ Brian O. O'Mara
        BRIAN O. O'MARA

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:     bomara@rgrdlaw.com

1085518_1

# Mailing Information for a Case 8:15-cv-01343-DOC-KES Daniel Turocy v. El Pollo Loco Holdings, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mary K Blasy**
  mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Darren J Robbins**
  e_file_sd@rgrdlaw.com

- **Laurence M Rosen**
  lrosen@rosenlegal.com

- **Jason D Russell**
  jrussell@skadden.com,Winston.Hsiao@skadden.com,nandi.berglund@skadden.com,jason.russell@skadden.com

- **Evan Jason Smith**
  esmith@brodsky-smith.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)