| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| CENTRAL DISTRICT OF CALIFORNIA | |
| SOUTHERN DIVISION | |

| | |
|---|---|
| DANIEL TUROCY, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>EL POLLO LOCO HOLDINGS, INC., et al.,<br><br>Defendants. | Case No. 8:15-cv-01343-DOC-KES (**Consolidated**)<br><br><u>CLASS ACTION</u><br><br>[~~PROPOSED~~] ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL INFORMATION |

1267894_1

# ORDER

The Court, having considered the stipulation of the parties and good cause appearing, hereby GRANTS the parties' stipulation. The Court orders as follows:

**1. INFORMATION**

As used in this Confidentiality Order ("Order"), "Information" is defined to mean: (l) documents, discovery responses, deposition transcripts, deposition videotapes and other material produced or exchanged in the course of this case; (2) any copies, notes, abstracts or summaries of material produced or exchanged in the course of this case; and (3) any pleading, motion, brief, declaration, transcript or filing containing such information. Nothing in this Order concerns the disclosure or use of Information by any producing party or non-party to its employees, officers, agents and directors if such disclosure or use is made in the ordinary course of business, unrelated to this litigation.

**2. CONFIDENTIAL INFORMATION**

Any party or non-party may designate as "CONFIDENTIAL" any Information that the party or non-party concludes in good faith contains information involving trade secrets, nonpublic confidential business or financial information or personal information subject to protection under federal law or the law of any other applicable jurisdiction. Confidential Information includes, without limitation, the addresses, telephone numbers, social security numbers and other personal identifying information of persons who are not named parties in this action. Where a piece of Information consists of more than one page, the first page and each page on which Confidential Information appears must be so designated.

**3. DESIGNATION OF INFORMATION AS CONFIDENTIAL**

(a) A party or non-party producing Information may designate the Information as "CONFIDENTIAL" by so indicating on the produced document, in the relevant discovery responses, or on the record at the deposition.

(b) The entire transcript of any deposition shall be treated as if designated "CONFIDENTIAL" until 30 days after delivery of the transcript, during which period counsel for any party or non-party may designate any sections of the transcript as "CONFIDENTIAL" that were not so designated on the record at the deposition.

(c) Any Information produced during discovery shall be treated in the same manner as Information that has been designated "CONFIDENTIAL" until 30 days after production of such Information is delivered to each party. This Information is not deemed to be designated "CONFIDENTIAL," even though such Information is treated in the same manner as "CONFIDENTIAL" Information for 30 days.

(d) During the 30-day period, counsel for any party or non-party may affirmatively designate the Information as "CONFIDENTIAL" by stating in writing the specific pages of the Information to be so designated. If upon expiration of the 30-day period, no "CONFIDENTIAL" designation is made by any party or non-party, then such Information is no longer treated in the same manner as "CONFIDENTIAL" Information, under the terms of this Order.

(e) After any designation made according to the procedures set forth in this paragraph, the designated Information must be treated according to the designation until the matter is resolved pursuant to the procedures described in ¶6 below. Until that resolution, counsel for each party will be responsible for marking all previously unmarked copies of the designated Information in their possession or control with the specified designation.

**4.** **ALL INFORMATION TO BE USED ONLY FOR THIS CASE**

(a) All Information, other than Information that is publicly available, must be used by the party or parties to whom the Information is produced solely for the purpose of this case. Information produced to a party or parties, or their counsel, shall not be used by any party, or their counsel, in any other litigation, or for any purpose other than the prosecution or defense of this litigation.

- 2 -

1267894_1

1  (b) In addition to ¶4(a), Confidential Information produced to a party or parties, or their counsel, in this action shall not be provided or disclosed by that party or parties, or their counsel, to any other person or entity, other than those set forth in ¶7 or ¶8 or as subsequently ordered by this Court, including, without limitation, any putative class member, other than the Lead Plaintiffs in the above-captioned litigation.

(c) Nothing herein shall prevent any party who has received Confidential Information pursuant to this Order from producing such Confidential Information in response to a lawful subpoena or other compulsory process; provided that any party receiving such subpoena or process: (i) shall, within 7 days, give notice by telephone or email to the party who designated the Information as Confidential, and shall furnish the designating party a reasonable opportunity to seek a protective order; and (ii) if application for a protective order is made by the designating party before the return date, shall not produce such Information prior to receiving a court order or the written consent of the designating party. The party receiving a lawful subpoena or other compulsory process shall, upon receipt of the same, request that the third-party seeking Information designated Confidential under this Order, agree to a confidentiality agreement under the same terms as this Order. This obligation is solely to request agreement to confidential treatment under the same terms as this agreement and nothing further. The party receiving the Confidential Information shall have no other obligation with respect to obtaining confidential treatment of the subpoenaed information other than to inform the designating party if the request is denied. If the third-party demands changes to the terms of this Order, it shall be deemed a denial and the receiving party has met its obligations upon notice to the designating party.

If the subpoena demands production of less than all of the Confidential Information provided by the designating party, the receiving party shall inform the designating party what Confidential Information shall be produced pursuant to the subpoena. Any disagreement by the designating party with regard to the scope of the

1 subpoena and the documents identified by the receiving party to be produced as
2 responsive to the subpoena must be addressed by the designating party as part of its
3 motion for protective order. Provided that the designating party receives timely notice
4 of the subpoena, if the designating party does not seek a protective order prior to the
5 production date stated in the subpoena, the receiving party may produce all
6 information called for by the subpoena. Nothing in this paragraph is intended to allow
7 a party to disobey a lawfully issued order or subpoena.

**5.     CHALLENGE TO DESIGNATION**

Any party to whom Confidential Information is produced or disclosed, or to whose counsel Confidential Information is produced or disclosed, may object at any time to the "Confidential Information" designation. The objection shall be made in writing to counsel for the designating party and state: (i) the specific Information subject to the objection; and (ii) the basis for the objection. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement within 10 business days of the date of service of the written objection, the objecting party shall move the Court under Local Rule 37, including the joint stipulation provision, on or before the twentieth (20th) business day following the date of such written objection, for an order that the Information at issue is not to be considered and treated as Confidential Information within the meaning of this Order. The party asserting the "Confidential" designation shall have the burden of showing why such Information is entitled to confidential treatment.

**6.     TREATMENT OF INFORMATION WHILE CHALLENGE IS PENDING**

Notwithstanding any challenge to the designation of Information as Confidential Information, all documents designated as such must be treated as such and are subject to this Order unless and until one of the following occurs:

- 4 -

1267894_1

(a) the party or non-party who claims that the Information is Confidential Information withdraws such designation in writing; or

(b) the Court decides the Information is not Confidential Information.

**7.  LIMITATION ON DISCLOSURE OF CONFIDENTIAL INFORMATION**

(a) Except with the prior written consent of the party designating Information as Confidential, or upon prior order of this Court obtained upon notice to opposing counsel, Information designated as "CONFIDENTIAL" must not be disclosed to any person other than:

(i) the Court and Court personnel;

(ii) the court reporter and videographer, if any, present at any hearing, deposition or trial;

(iii) counsel for the respective parties to this litigation, including in-house counsel, co-counsel and any other counsel of record in this litigation and the employees, associates and contract attorneys of counsel;

(iv) persons who authored, prepared or received the Information in a context outside this litigation;

(v) the named parties to this litigation, including individual defendants, plaintiffs, class representatives and any director, officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

(vi) witnesses, other than expert witnesses and consultants, in connection with preparation to testify, deposition testimony, or to provide declarations in this action; and

(vii) consultants or expert witnesses excluding employees, officers, or directors of a party's competitor or consultants for a party's competitor consulted by the undersigned parties or their outside counsel in connection with this litigation, whether or not retained to testify, but only to the extent necessary

- 5 -

1267894_1

for such expert or consultant to prepare a written opinion, to prepare to testify and testify in this action, or to otherwise assist counsel in the prosecution or defense of this action.

(b) If a party or non-party inadvertently discloses Confidential Information to persons other than those listed above, such disclosure shall be reported in writing to the person who designated such inadvertently disclosed Information as Confidential. In that event, counsel for the party who inadvertently disclosed Confidential Information shall make all reasonable efforts to retrieve the Confidential Information and any documents containing such Confidential Information and to obtain the agreement of persons to whom inadvertent disclosure was made to treat the Confidential Information in accordance with the terms of this Order.

(c) Prior to the use of any Confidential Information at a hearing on a discovery matter to be held in open court, counsel who desires to use such Confidential Information shall take reasonable steps to afford opposing counsel and counsel for the party who designated the Information as Confidential a reasonable opportunity to object to the disclosure in open court of such Confidential Information.

## 8. <u>CERTIFICATION FORM</u>

Except for persons identified in ¶7(a)(i)-(vi) (excluding contract attorneys), each person who is authorized by this Order to inspect or have access to Information designated as "CONFIDENTIAL" and who in fact inspects any such Information must, before conducting the inspection or having the access, execute the Certification attached to this Order and thereby agree to be bound by its provisions. The Certification forms must be retained by counsel to the party that disclosed the Confidential Information during the pendency of the action and for a period of two years after the conclusion of the action as defined in ¶13 below. The Certification forms need not be disclosed to opposing counsel, but opposing counsel may apply to the Court under Local Rule 37 for an order compelling disclosure on a showing of good cause.

- 6 -

1267894_1

1  **9.     LIMITATION ON USE OF CONFIDENTIAL INFORMATION**

2       Persons receiving Information designated as "CONFIDENTIAL" must not
3  reveal such Information to, or discuss that Information with, any person who is not
4  entitled to receive the Information, except as set forth in this Order.

5  **10.    WAIVER OF CONFIDENTIAL DESIGNATION**

6       (a)    Any party or non-party may voluntarily disclose to others, without
7  restriction, and without waiving the designation, any Information designated by that
8  party or non-party as "CONFIDENTIAL" although a document may lose its
9  Confidential status if it is made public.

10      (b)    If Information alleged to be "CONFIDENTIAL" is inadvertently
11 produced without a "CONFIDENTIAL" designation, such production, in and of itself,
12 shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any
13 claim of confidentiality to which the producing party would otherwise be entitled.  As
14 soon as practicable, the producing party shall notify all other parties in writing of its
15 inadvertent production of the Information without the proper designation.  Upon
16 receiving such written notification, all parties shall treat the document identified in the
17 written notification as "CONFIDENTIAL" in accordance with the terms of this Order.
18 Within 10 business days of sending such written notification, the producing party may
19 either obtain agreement from the receiving party that the document will be treated as
20 "CONFIDENTIAL" pursuant to the terms of this Order, or if such agreement is not
21 obtained, apply to the Court under Local Rule 37 for an order requiring that the
22 document identified in the written notification be treated as "CONFIDENTIAL" in
23 accordance with the terms of this Order.  If no such application is made within the
24 time permitted, the receiving party need no longer treat the Information identified in
25 the written notice as "CONFIDENTIAL."  If such an application is made within the
26 time permitted, however, the receiving party shall continue to treat the document
27 identified in the written notification as "CONFIDENTIAL" until such time as the
28 application is finally resolved by the Court.

1267894_1

**11.** <u>**FILING UNDER SEAL– LOCAL RULE 79-5**</u>

In the event that any person discloses Confidential Information in any pleading, court filing, attachment or exhibit thereto, or other papers filed with the Court pre-trial, the disclosing person shall conditionally file the Confidential Information under seal with the Clerk of this Court pursuant to Local Rule 79-5; provided, however, that the paper shall be furnished to the Court and the attorneys for the parties and a duplicate copy with the Confidential Information deleted will be placed in the public record insofar as possible. The parties understand that designation of materials as "CONFIDENTIAL" does not automatically entitle the parties to have such information kept under seal and that any submission of documents under seal should seek to file under seal only those portions of the documents that contain Confidential Information, *see, e.g.*, *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-81 (9th Cir. 2006), and should be made to the judicial officer presiding over the proceedings in question.

**12.** <u>**COPIES OF CONFIDENTIAL INFORMATION**</u>

This Order does not restrict a person who is properly in the possession of Confidential Information from: (1) making working copies, abstracts, digests or analyses of Confidential Information for use in connection with this litigation or (2) converting or translating Confidential Information into machine-readable form for incorporation in a data retrieval system used in connection with this litigation. Any such copies, abstracts, digests, analyses or data compilations have the same level of protection under the terms of this Order as the Information from which they are derived.

**13.** <u>**CONCLUSION OF LITIGATION**</u>

The Conclusion of this action is defined as 30 days after the expiration of the time to appeal or challenge any final judgment, settlement or consent decree. All provisions of this Order restricting the communication or use of Confidential Information continue to be binding after the conclusion of this action, unless

- 8 -

otherwise agreed or ordered.  Upon conclusion of this action, a party who received Confidential Information in the context of this action, other than that which is contained in pleadings, correspondence and deposition transcripts, must either: (a) return such documents no later than 30 days after conclusion of this action to counsel for the party or non-party who provided such Information or (b) destroy such documents within the time period upon consent of the party who provided the Information and certify in writing within 30 days that the documents have been destroyed.

**14.  USE OF INFORMATION AT TRIAL**

This Order does not preclude, limit, restrict or otherwise apply to the use of Information at trial.  An agreement concerning the treatment of Confidential Information at trial shall be reached at the pre-trial conference.

**15.  APPLICABILITY ON PRIVILEGES AND PROTECTIONS**

Nothing in this Order waives any applicable privilege or protection, including, but not limited to, the attorney-client privilege, the work product protection, or the trade secret privilege.  By stipulating to this Order, no party intends to waive, or does waive, the right to object to the production of information to the other party on any ground permitted by law, including, but not limited to, the grounds of attorney-client privilege, work product protection, or trade secret privilege.  Nothing herein affects the ability of a party to seek relief for an inadvertent disclosure of material protected by any privilege or protection.

**16.  EXTENSION TO NON-PARTIES**

Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written request to the parties' respective counsel or by oral request at the time of any deposition or similar proceeding.

## 17. MODIFICATION/RELIEF FROM TERMS OF ORDER

(a) Nothing contained herein shall preclude any party from seeking from the Court, upon noticed motion, relief from this Order or modification thereof.

(b) This Order may only be modified, without leave of Court, by agreement of all of the parties in the form of a written stipulation that shall be filed with and approved by the Court.

IT IS SO ORDERED.

DATED: May 24, 2017

_____
THE HONORABLE KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

1267894_1

## CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulation and Order Governing the Treatment of Confidential Information ("Order"), dated _____, in *Daniel Turocy v. El Pollo Loco Holdings, Inc., et al.*, No. 8:15-cv-01343-DOC-KES. I have been given a copy of that Order and I have read it.

I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than 30 days after the conclusion of this action, I will return the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the Central District of California, for the purpose of enforcing the Confidentiality Order.

I declare under penalty of perjury that the foregoing is true and correct and that this certification is executed this _____ day of _____, at _____.

By:_____
Address:_____
Phone: _____

1267894_1