ROBBINS GELLER RUDMAN
  & DOWD LLP
RYAN A. LLORENS (225196)
LAURIE L. LARGENT (153493)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
ryanl@rgrdlaw.com
llargent@rgrdlaw.com

THE ROSEN LAW FIRM, P.A.
LAURENCE M. ROSEN (219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: 213/785-2610
213/226-4684 (fax)
lrosen@rosenlegal.com

Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DANIEL TUROCY, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>EL POLLO LOCO HOLDINGS, INC., et al.,<br><br>    Defendants. | Case No. 8:15-cv-01343-DOC-KES (**Consolidated**)<br><br>CLASS ACTION<br><br>FED. R. CIV. P. 26(f) JOINT REPORT AND DISCOVERY PLAN<br><br>DATE:   Oct. 30, 2017<br>TIME:   8:30 a.m.<br>JUDGE:  Hon. David O. Carter<br>CTRM:  9D |

1300614_1

Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 26-1, and the Court's Order Setting Schedule Conference, counsel for Lead Plaintiffs Ron Huston, Peter Kim, Robert W. Kegley, Sr., Dr. Richard J. Levy and Sammy Tanner ("Plaintiffs") and counsel for Defendants El Pollo Loco Holdings, Inc. ("El Pollo Loco" or the "Company"), Stephen J. Sather, Laurance Roberts, Edward J. Valle and Trimaran Pollo Partners, L.L.C. ("Trimaran Pollo"), Trimaran Capital Partners ("Trimaran Capital"), and Freeman Spogli & Co ("Freeman Spogli") (collectively, "Defendants") held a telephonic conference on August 16, 2017 and September 7, 2017 regarding the matters identified herein, and respectfully submit this joint report and discovery plan.

## I.  Factual Summary of the Case

This is a securities fraud class action purportedly on behalf of all purchasers of El Pollo Loco securities between May 15, 2015 and August 13, 2015, inclusive (the "Class Period"), seeking remedies pursuant to §§10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934. The named Defendants are El Pollo Loco, the Company's CEO Stephen J. Sather, the Company's CFO Laurance Roberts, the Company's CMO Edward Valle, Trimaran Pollo, Trimaran Capital and Freeman Spogli.

### Plaintiffs' Position

Plaintiffs allege that in February 2015, the Company began raising its menu prices. One way it increased prices was by removing $5 combo meals from its menu, even though the combo meals were a core component of the Company's "QSR+" positioning and strategy of offering lower priced, higher quality food. A result of the higher priced menu was lower customer traffic and lower same store sales growth. On May 12, 2015, two days before Defendants announced the Company's 1Q 2015 earnings results, El Pollo Loco's senior management made a presentation to the Company's board of directors. Plaintiffs allege that the presentation informed the board that, among other things, (a) menu prices increased, (b) the increase in menu

prices negatively impacted store traffic and sales, (c) the Company's value score had fallen and moved El Pollo Loco out of its QSR+ position, (d) 2Q 2015 same store sales growth was projected to be 2.5% – below the original forecast, and (e) the Company would reinstitute $5 menu items to bring back value and lower prices. The information in the May 12, 2015 board presentation was not revealed to the public.

Plaintiffs allege that on May 14, 2015, the Company announced lower than expected same store sales growth for 1Q 2015. During the May 14, 2015 conference call, Defendants informed the public that the timing of New Year's Eve, changes to below 500 calorie menu items and marketing missteps were the cause of decreased customer traffic and lower than expected same store sales growth. Defendants also stated that the Company's value scores remained high and that it was on track to report full year 2015 system-wide same store sales growth between 3% and 5%, with 2Q 2015 falling in the lower end of that range. Defendants also denied that higher prices had an impact on 1Q or 2Q results up to that date.

Plaintiffs allege that on May 19, 2015, seven days after the board presentation, a number of insiders, including the controlling shareholder defendants and defendants Sather and Valle sold over $132 million of El Pollo Loco stock. Defendants have not sold any El Pollo Loco stock subsequent to the May 19, 2015 sale.

Plaintiffs allege that on June 10, 2015, Sather presented on behalf of the Company at William Blair's Annual Growth Stock Conference. During the conference, Sather stated that the Company's average per person spend was above QSRs but well below the fast casual restaurants. He stated that the Company wanted to always maintain that value.

Plaintiffs allege that on August 13, 2015, after the stock market closed, the Company issued a press release and hosted a conference call to discuss 2Q 2015 financial results. The Company announced that 2Q 2015 system-wide same store sales growth was only 1.3%. Sather stated that "second-quarter results were impacted by the combination of higher-priced offerings and a reduction of [the] value portion of

- 2 -

1  [its] menu." He also announced that in the 3Q 2015 the Company "relaunched the $5
2  Combo menu which will remain in our restaurants full time to reinforce our value
3  offering. This allows us to return to our winning QSR+ strategy of introducing
4  exciting, new, premium Mexican entrees . . . to a base of underlying value frequency
5  drivers like our $5 combos."

6  Plaintiffs allege that the price of El Pollo Loco stock price closed at $18.36 on
7  August 13, 2015 before the Company announced its 2Q 2015 financial results. After
8  the 2Q 2015 financial results were disclosed, El Pollo Loco stock price closed at
9  $14.56 per share on August 14, 2015.

10 Plaintiffs claim that the statements Defendants made on May 14, 2015 and June
11 10, 2015 were knowingly or recklessly false and misleading and caused artificial
12 inflation in El Pollo Loco securities during the Class Period. Plaintiffs also allege that
13 Defendants' May 19, 2015 stock sales were made while Defendants were aware of
14 material, non-public information that evidenced the false and misleading nature of
15 their May 14, 2015 statements. Plaintiffs allege that the artificial inflation was
16 released from El Pollo Loco securities at the end of the Class Period when the public
17 learned the truth behind the reasons for EL Pollo Loco's customer traffic same store
18 sales growth declines and the Company's departure from the QSR+ value position.

19 **Summary of Defendants' Position**

20 Defendants deny each of Plaintiffs' allegations as set forth in their Answer. As
21 an initial matter, Defendants assert that none of the statements at issue were false
22 when made and that any purported omissions by Defendants did not render
23 Defendants' statements materially misleading. Furthermore, Defendants assert they
24 did not know the alleged misstatements or omissions were false or misleading when
25 made, nor were Defendants reckless as to the veracity of those statements. Finally,
26 Defendants contend the price of El Pollo Loco's common stock declined for reasons
27 other than the revelation of a prior false or misleading statement.

28

**II.     Principal Issues in the Case**

The principal issues in the case will be whether Plaintiffs can certify a class and prove that alleged statements made on May 14, 2015 and June 10, 2015 were material misrepresentations of fact, made with scienter, on which Plaintiffs relied, that proximately caused economic loss in connection with the purchase or sale of security.

**III.    Adding Parties and Amending the Pleadings**

At this stage, the parties do not currently intend to add parties or amend the pleadings. But given the nature of federal securities fraud litigations and the fact that neither party has been provided any discovery, the parties believe it would be appropriate if they are afforded an opportunity to review the discovery before deciding whether parties should be added or the pleadings should be amended. Any such amendment would be subject to the requirements set forth in Federal Rule of Civil Procedure 15(a)(2) and the parties reserve the right to oppose any amendment.

**IV.    Issues That May Be Determined by Motion**

Plaintiffs intend to move for class certification under Federal Rule of Civil Procedure 23. Defendants anticipate moving for summary judgement under Federal Rule of Civil Procedure 56. The parties' proposed cut-off dates by which these motions must be filed are set forth in Exhibit A.

**V.     Settlement Discussions**

At this time, the parties have not engaged in any substantive settlement discussions. In accordance with Local Rules 16-15 through 16-15.9, the parties have discussed, and agree, that any settlement discussions should be through private mediation.

**VI.    Discovery Plan**

**A.     Initial Disclosures**

The parties will exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) 30 days from the filing of this report. *See* Exhibit A.

### B. Expert Disclosures

Expert disclosures under Federal Rule of Civil Procedure 26(a)(2) shall be made in accordance with the dates agreed upon by the parties in the proposed schedule attached as Exhibit A.

### C. Phasing of Discovery

As set forth in Exhibit A, the parties stipulate that fact discovery ends on September 4, 2018, and expert discovery ends on February 4, 2019.

## VII. Trial Estimate

Plaintiffs have requested a jury trial. The parties estimate trial would take seven to ten court days.

## VIII. Other Case Management Issues

The parties have taken reasonable measures to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise. The parties anticipate they will reach an agreement on a protocol concerning the discovery of ESI, which will include the form of production of such data.

Given the complexity of the case, Plaintiffs anticipate they will require more than 10 fact depositions to develop the evidence necessary to prove their case. Without waiving any rights to petition the court for such relief or to oppose any such relief, the parties agree to meet and confer regarding this matter as the case proceeds.

## IX. Proposed Pretrial Dates

The parties jointly propose the schedule reflected in Exhibit A.

DATED: October 16, 2017  ROBBINS GELLER RUDMAN
                                                                                                                & DOWD LLP
                                                                                                                RYAN A. LLORENS
                                                                                                                LAURIE L. LARGENT

                                                                                                                /s/ Ryan A. Llorens**
                                                                                                                 RYAN A. LLORENS

1300614_1

|   |   |
|---|---|
|   | 655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: 619/231-1058<br>619/231-7423 (fax) |
| DATED: October 16, 2017 | THE ROSEN LAW FIRM, P.A.<br>LAURENCE M. ROSEN |
|   | /s/ LAURENCE M. ROSEN<br>LAURENCE M. ROSEN |
|   | 355 South Grand Avenue, Suite 2450<br>Los Angeles, CA 90071<br>Telephone: 213/785-2610<br>213/226-4684 (fax) |
|   | THE ROSEN LAW FIRM, P.A.<br>PHILIP KIM<br>275 Madison Avenue, 34th Floor<br>New York, NY 10016<br>Telephone: 212/686-1060<br>212/202-3827 (fax) |
|   | Co-Lead Counsel for Plaintiffs |
|   | HAEGGQUIST & ECK, LLP<br>AMBER L. ECK<br>225 Broadway, Suite 2050<br>San Diego, CA 92101<br>Telephone: 619/342-8000<br>619/342-7878 (fax) |
|   | GOLDBERG LAW PC<br>MICHAEL GOLDBERG<br>13650 Marina Pointe Dr., Suite 1404<br>Marina Del Rey, CA 90292<br>Telephone: 800/977-7401<br>800/536-0065 (fax) |
|   | Attorneys for Plaintiffs |
| DATED: October 16, 2017 | SKADDEN, ARPS, SLATE, MEAGHER<br>  & FLOM LLP<br>JASON D. RUSSELL<br>WINSTON P. HSIAO |

- 6 -

1300614_1

| | |
|---|---|
| 1 | |
| 2 | /s/ JASON D. RUSSELL |
| 3 | JASON D. RUSSELL |
| 4 | 300 South Grand Avenue |
| | Suite 3400 |
| 5 | Los Angeles, CA  90071 |
| | Telephone:  213/687-5000 |
| 6 | 213/687-5600 (fax) |
| 7 | Attorneys for Defendants El Pollo Loco |
| 8 | Holdings, Inc., Trimaran Capital Partners, Trimaran Pollo Partners, L.L.C., Freeman |
| 9 | Spogli & Co., Stephen J. Sather, Laurance Roberts and Edward J. Valle |
| 10 | |
| 11 | ** pursuant to Local Rule 5-4.3.4(a)(2), I, Ryan A. Llorens, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's |
| 12 | content and have authorized the filing. |

- 7 -

1300614_1

# EXHIBIT A

| Action | Date |
|---|---|
| Defendants' Answer | September 4, 2017 |
| Exchange of Rule FRCP 26 Initial Disclosures | November 15, 2017 |
| Class Certification Motion | December 8, 2017 |
| Opposition to Class Certification Motion | March 8, 2018 |
| Reply in support of Class Certification Motion | April 24, 2018 |
| Substantial completion of document production | March 5, 2018 |
| Deadline to join additional parties and amend pleadings | July 20, 2018 |
| Deadline to service written discovery | July 20, 2018 |
| Last day to commence depositions | August 24, 2018 |
| Plaintiffs provide subject matter of expert testimony | August 20, 2018 |
| Defendants provide subject matter of expert testimony | August 27, 2018 |
| Fact Discovery Cutoff | September 4, 2018 |
| Deadline for Opening Expert Reports | October 4, 2018 |
| Deadline for Opposing Expert Reports | November 5, 2018 |
| Deadline for Rebuttal Expert Reports | December 5, 2018 |
| Expert Discovery Cutoff | February 4, 2019 |
| Deadline to file Dispositive Motion(s) | March 5, 2019 |
| Opposition(s) to Dispositive Motion(s) | April 4, 2019 |
| Reply in support of Dispositive Motion(s) | April 24, 2019 |
| Hearing on dispositive motions (motion cutoff) | May 13, 2019 |
| Deadline for objection(s) to proposed expert testimony under FRE 702 | May 30, 2019 conference |
| Opposition to any objection(s) to proposed expert testimony under FRE 702 | June 28, 2019 |
| Reply in support of any objection(s) to proposed expert testimony under FRE 702 | July 15, 2019 |
| Final Pretrial Conference | July 29, 2019 |
| Trial Date | August 20, 2019 |

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 16, 2017.

       s/ RYAN A. LLORENS
RYAN A. LLORENS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  ryanl@rgrdlaw.com

1300614_1

# Mailing Information for a Case 8:15-cv-01343-DOC-KES Daniel Turocy v. El Pollo Loco Holdings, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Seth A Aronson**
  saronson@omm.com,LitigationCalendar@omm.com

- **Mary K Blasy**
  mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Amber L Eck**
  ambere@haelaw.com,winkyc@haelaw.com,nadiak@haelaw.com

- **Zachary Marc Faigen**
  zack.faigen@skadden.com,Zack.Faigen@probonolaw.com

- **Jonathan R Horne**
  jhorne@rosenlegal.com

- **Winston Ping Hsiao**
  winston.hsiao@skadden.com

- **Alec Johnson**
  aljohnson@omm.com,skemp@omm.com

- **Jay B Kasner**
  jay.kasner@skadden.com

- **Phillip Kim**
  pkim@rosenlegal.com

- **Laurie L Largent**
  llargent@rgrdlaw.com,e_file_sd@rgrdlaw.com,tjohnson@rgrdlaw.com,klavelle@rgrdlaw.com

- **Ryan A Llorens**
  ryanl@rgrdlaw.com

- **Brian Oliver O'Mara**
  bomara@rgrdlaw.com,e_file_sd@rgrdlaw.com,tjohnson@rgrdlaw.com

- **Michael W Restey**
  michael.restey@skadden.com

- **Darren J Robbins**
  e_file_sd@rgrdlaw.com

- **Laurence M Rosen**
  lrosen@rosenlegal.com

- **Jason D Russell**
  jason.russell@skadden.com,nandi.berglund@skadden.com,DLMLCLAC@skadden.com,nandi-berglund-4699@ecf.pacerpro.com,Jessica.barcus@skadden.com,hillary.hamilton@skadden.com

- **Evan Jason Smith**
  esmith@brodskysmith.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)