ROBBINS GELLER RUDMAN
  & DOWD LLP
RYAN A. LLORENS (225196)
LAURIE L. LARGENT (153493)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ryanl@rgrdlaw.com
llargent@rgrdlaw.com

THE ROSEN LAW FIRM, P.A.
LAURENCE M. ROSEN (219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA  90071
Telephone:  213/785-2610
213/226-4684 (fax)
lrosen@rosenlegal.com

Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DANIEL TUROCY, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiffs,<br><br>  vs.<br><br>EL POLLO LOCO HOLDINGS, INC., et al.,<br><br>  Defendants. | Case No. 8:15-cv-01343-DOC-KES (**Consolidated**)<br><br>CLASS ACTION<br><br>(1) STIPULATION ON PROTOCOL FOR THE PRODUCTION OF HARD COPY DOCUMENTS AND ELECTRONICALLY STORED INFORMATION<br><br>(2) [PROPOSED] ORDER |

1309577_1

IT IS HEREBY STIPULATED AND AGREED, by and among the parties to the above-captioned action, through their respective undersigned counsel, as follows:

## I. PRESERVATION

Consistent with the parties' obligations under Rule 26(f), the parties will meet and confer regarding the scope of preservation, including custodians, data sources, date ranges, and categories of information that have been or should be preserved in connection with this litigation. The parties will disclose categories or sources of responsive information that they have reason to believe have not been preserved or should not be preserved and will explain with specificity the reasons to support such a belief.

## II. IDENTIFICATION OF RESPONSIVE DOCUMENTS

The parties shall meet and confer in an effort to conduct discovery in the most efficient and effective manner. Specifically, the parties will attempt in good faith to come to an agreement on search and culling methods used to identify responsive information. The parties will meet and confer on or before November 21, 2017 regarding any proposed limitations on the scope of discovery, including custodians, custodial and non-custodial sources, date ranges, file types, or any additional proposed method to cull documents for review (*i.e.*, search terms, technology-assisted-review, predictive coding). The parties agree that the grounds for objections shall be supported by specific information. The parties will not seek Court intervention without first attempting to resolve any disagreements in good faith, based upon all reasonably available information.

### A. Sources

The parties will, on or before December 11, 2017, disclose and discuss the custodial and non-custodial data sources likely to contain responsive information. The parties will identify and describe any relevant electronic systems and storage locations. The parties will also disclose and describe any document retention policies or practices (*e.g.*, retention schedules or policies, auto-delete functions, routine

- 1 -

1309577_1

purging, mailbox size limits) or other practices likely to impact the existence or accessibility of responsive documents or electronically stored information. The parties will identify and describe sources likely to contain responsive information that a party asserts shall not be searched or are not reasonably accessible and will explain the reasons for such assertions. The parties retain the right, upon reviewing the initial production of documents, and conducting other investigation and discovery, to reasonably request that files from additional custodial or non-custodial sources be searched and meet and confer regarding such request.

### B.   Identification of Custodians

The parties shall, on or before December 11, 2017, identify all persons whose files are likely to contain documents and electronically stored information ("ESI") relating to the subject matter of this litigation. This will include a description of the proposed custodians' job title and brief description of such person's responsibilities (including dates of employment by the applicable party). The parties retain the right, upon reviewing the initial production of documents, and conducting other investigation and discovery, to reasonably request that files from additional custodians be searched and meet and confer regarding such request.

### C.   Easily Segregable Documents

Documents or categories of documents that are easily identifiable and segregable and can be collected without the use of search terms or other agreed upon advanced search methodology (*e.g.*, analytics, predictive coding, technology-assisted-review), will be identified as such prior to the exchange of search terms and collected.

### D.   Search Terms

Where the parties agree that potentially responsive ESI shall be searched through the use of search terms, the parties shall use the process identified below and shall meet and confer regarding any proposed deviation. On or before December 11, 2017, the producing party shall provide a list of proposed search terms, which shall contain all search terms that it believes would lead to the identification of relevant

- 2 -

documents. To the extent reasonably possible, search terms will be crafted with input from the custodians in order to identify appropriate nomenclature, code words, etc. Within 14 days of receipt of the proposed search terms, the receiving party shall reasonably provide any additional search terms that it believes are necessary to identify responsive documents.

Within 7 days of receiving the additional search terms, the producing party will use best efforts to provide a search term hit list or hit report after global de-duplication (including the number of documents that hit on each term, the number of unique documents that hit on each term (documents that hit on a particular term and no other term on the list), and the total number of documents that would be returned by using the proposed search term list including families). The parties shall meet and confer regarding the proposed search terms within 7 days of receipt of the search term hit list. The parties will use best efforts to agree to a set of search terms within 30 days of receipt of the originally proposed search terms.

If disputed terms still exist at the end of the meet and confer process, the parties will submit those terms to the Court in the form of a joint discovery stipulation pursuant to Local Civil Rule 37.2 with a discussion of the relevance and/or burden associated with those search terms.

### E.     Technology-Assisted-Review

No party shall use predictive coding/technology-assisted-review for the purpose of culling the documents to be reviewed or produced without notifying the opposing party prior to use and with ample time to meet and confer in good faith regarding a mutually agreeable protocol for the use of such technologies.

### III.    PRODUCTION OF HARD COPY DOCUMENTS – FORMAT

Hard copy documents shall be scanned as single-page, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (*i.e.*, .dat). The database load file shall contain the following fields: "BEGNO," "ENDNO," "PAGES," "VOLUME" and "CUSTODIAN." The documents shall be

1 logically unitized (*i.e.*, distinct documents shall not be merged into a single record,
2 and single documents shall not be split into multiple records) and be produced in the
3 order in which they are kept in the usual course of business. If an original document
4 contains color, and the color is necessary to understand the meaning or content of the
5 document, upon written request, a producing party shall produce the document as
6 single-page, 300 DPI JPG images with JPG compression and a high quality setting as
7 to not degrade the original image color images for selected documents, provided that
8 the volume of documents requested for color production is reasonable. Multi-page
9 OCR text for each document shall also be provided. The OCR software shall
10 maximize text quality. Settings such as "auto-skewing" and "auto-rotation" shall be
11 turned on during the OCR process.

12 **IV. PRODUCTION OF ESI**
13     **A. Format**
14     The parties will produce ESI in single-page, black and white, TIFF Group IV,
15 300 DPI TIFF images with the exception of spreadsheet type files, source code, audio,
16 and video files, which shall be produced in native format. If an original document
17 contains color, the document shall be produced as single-page, 300 DPI JPG images
18 with JPG compression and a high quality setting as to not degrade the original image.
19 Parties are under no obligation to enhance an image beyond how it was kept in the
20 usual course of business. TIFFs/JPGs will show any and all text and images which
21 would be visible to the reader using the native software that created the document.
22 For example, TIFFs/JPGs of e-mail messages shall include the BCC line. PowerPoint
23 documents shall be processed with hidden slides and all speaker notes unhidden, and
24 shall be processed to show both the slide and the speaker's notes on the TIFF/JPG
25 image.
26     If a document is produced in native, a single-page Bates stamped image slip
27 sheet stating the document has been produced in native format will also be provided.
28 Each native file shall be named according to the Bates number it has been assigned,

- 4 -

and shall be linked directly to its corresponding record in the load file using the NATIVELINK field. To the extent that either party believes that specific documents or classes of documents, not already identified within this protocol, shall be produced in native format, the parties agree to meet and confer in good faith.

### B. De-Duplication

Each party shall remove exact duplicate documents based on MD5 or SHA-1 hash values, at the family level. Attachments shall not be eliminated as duplicates for purposes of production, unless the parent e-mail and all attachments are also duplicates. Parties agree that an email that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an email that does not include content in those fields, even if all remaining content in the email is identical. Removal of near-duplicate documents and e-mail thread suppression is not acceptable. De-duplication will be done across the entire collection (global de-duplication) and the CUSTODIAN field will list each custodian, separated by a semi-colon. Should the CUSTODIAN metadata fields produced become outdated due to rolling productions, an overlay file providing all the custodians for the affected documents will be produced prior to substantial completion of the document production.

### C. Metadata

All ESI will be produced with a delimited, database load file that contains the metadata fields listed in Table 1, attached hereto, with the exception of the "FilePath Dup," "Source," and "Redacted" fields. The metadata produced shall have the correct encoding to enable preservation of the documents' original language.

### D. Embedded Objects

The parties agree to meet and confer over the inclusion or exclusion of embedded files from the production.

### E. Compressed Files Types

Compressed file types (*e.g.*, .ZIP, .RAR, .CAB, .Z) shall be decompressed so that the lowest level document or file is extracted.

- 5 -

1309577_1

### F. Structured Data

To the extent a response to discovery requires production of electronic information stored in a database, including the production of text messages or similar communications, the parties will meet and confer regarding methods of production. Parties will consider whether all relevant information may be provided by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file.

### G. Unprocessed Documents

In the event a produced family of documents contains unprocessed or unprocessable documents, the producing party shall produce a slip sheet in the place of the document indicating that the document is unprocessed or unprocessable. Upon written request on a document by document basis, the producing party will use reasonable efforts to inquire into the unprocessed or unprocessable document and obtain an accessible version of such document.

### H. Encryption

To maximize the security of information in transit, any media on which documents are produced may be encrypted. In such cases, the producing party shall transmit the encryption key or password to the receiving party, under separate cover, contemporaneously with sending the encrypted media.

**I.     Redactions**

If documents that the parties have agreed to produce in native format need to be redacted, the parties will meet and confer regarding how to implement redactions while ensuring that proper formatting and usability are maintained.

IT IS SO STIPULATED.

DATED: November 10, 2017   ROBBINS GELLER RUDMAN
  & DOWD LLP
RYAN A. LLORENS
LAURIE L. LARGENT


            s/ Ryan a. Llorens
            RYAN A. LLORENS

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

All other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: November 10, 2017   THE ROSEN LAW FIRM, P.A.
LAURENCE M. ROSEN


            s/ Laurence M. Rosen
            LAURENCE M. ROSEN

355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: 213/785-2610
213/226-4684 (fax)

THE ROSEN LAW FIRM, P.A.
PHILIP KIM
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: 212/686-1060
212/202-3827 (fax)

Co-Lead Counsel for Plaintiffs

| | |
|---|---|
| | HAEGGQUIST & ECK, LLP<br>AMBER L. ECK<br>225 Broadway, Suite 2050<br>San Diego, CA 92101<br>Telephone: 619/342-8000<br>619/342-7878 (fax)<br><br>GOLDBERG LAW PC<br>MICHAEL GOLDBERG<br>13650 Marina Pointe Dr., Suite 1404<br>Marina Del Rey, CA 90292<br>Telephone: 800/977-7401<br>800/536-0065 (fax)<br><br>Attorneys for Plaintiffs |
| DATED: November 10, 2017 | SKADDEN, ARPS, SLATE, MEAGHER<br>  & FLOM LLP<br>JASON D. RUSSELL<br>WINSTON P. HSIAO<br><br>              s/ Jason D. Russell<br>           JASON D. RUSSELL<br><br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071<br>Telephone: 213/687-5000<br>Facsimile: 213/687-5600<br><br>Attorneys for Defendants El Pollo Loco Holdings, Inc., Trimaran Capital Partners, Trimaran Pollo Partners, L.L.C., Freeman Spogli & Co., Stephen J. Sather, Laurance Roberts and Edward J. Valle |

- 8 -

1309577_1

## TABLE 1: METADATA FIELDS

| Field Name | Example / Format | Description |
|---|---|---|
| BEGNO | ABC0000001 (Unique ID) | The Document ID number associated with the first page of a document. |
| ENDNO | ABC0000003 (Unique ID) | The Document ID number associated with the last page of a document. |
| BEGATTACH | ABC0000001 (Unique ID Parent-Child Relationships) | The Document ID number associated with the first page of the parent document. |
| ENDATTACH | ABC0000008 (Unique ID Parent-Child Relationships) | The Document associated with the last page of the last attachment. |
| VOLUME | VOL001 | The name of CD, DVD or Hard Drive. |
| RECORDTYPE | Options: eMail, Attachment, Scanned Doc, eFile | The record type of a document. |
| SENTDATE | MM/DD/YYYY | The date the e-mail or calendar entry was sent. |
| SENTTIME | HH:MM | The time the e-mail or calendar entry was sent. |
| RECEIVEDDATE | MM/DD/YYYY | The date the document was received. |
| RECEIVEDTIME | HH:MM | The time the document was received. |
| CREATEDATE | MM/DD/YYYY | The date the document was created. |
| CREATETIME | HH:MM | The time the document was created. |
| LASTMODDATE | MM/DD/YYYY | The date the document was last modified. |
| LASTMODTIME | HH:MM | The time the document was last modified. |
| MEETING START DATE | MM/DD/YYYY | Start date of calendar entry |
| MEETING START TIME | HH:MM | Start time of calendar entry |
| MEETING END DATE | MM/DD/YYYY | End date of calendar entry |
| MEETING END TIME | HH:MM | End time of calendar entry |
| FILEPATH | i.e. /JsmithPC/Users/Jsmith/Desktop | The file path from the location in which the document was stored in the usual course of business. This field should be populated for both e-mail and e-files. |
| FILEPATH-DUP | i.e. /JSmith.pst/Inbox /Network Share/Accounting/… /TJohnsonPC/Users/TJohnson/My Documents/… | The file paths from the locations in which the duplicate documents were stored in the usual course of business. This field should be populated for both e-mail and e-files and separated by semicolons. |
| AUTHOR | jsmith | The author of a document from extracted metadata. |
| LASTEDITEDBY | jsmith | The name of the last person to edit the document from extracted metadata. |
| FROM | Joe Smith <jsmith@email.com> | The display name and e-mail address of the author of an e-mail/calendar item. An e-mail address should always be provided. |
| TO | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and e-mail address of the recipient(s) of an e-mail/calendar item. An e-mail address should always be provided for every e-mail if a recipient existed. |
| CC | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and e-mail of the copyee(s) of an e-mail/calendar item. An e-mail address should always be provided for every e-mail if a copyee existed. |
| BCC | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and e-mail of the blind copyee(s) of an e-mail or calendar item. An e-mail address should always be provided for every e-mail if a blind copyee existed. |
| SUBJECT | | The subject line of the e-mail/calendar item. |
| MESSAGE TYPE | Appointment, Contact, Task, Distribution List, Message, etc. | An indication of the email system message type. |
| IMPORTANCE | Normal, Low, High | E-mail Importance Flag |
| TITLE | | The extracted document title of a document. |
| CUSTODIAN-ALL | Smith, Joe; Doe, Jane | All of the custodians of a document from which the document originated, separated by semicolons. |
| SOURCE | Computer, Mobile Phone, Email, Network Share, Database Name, etc. | The source from which the document was collected. |
| ATTACH COUNT | Numeric | The number of attachments to a document. |
| FILEEXT | XLS | The file extension of a document. |
| FILENAME | Document Name.xls | The file name of a document. |
| FILESIZE | Numeric | The file size of a document (including embedded attachments). |
| HASH | | The MD5 or SHA-1 Hash value or "de-duplication key" assigned to a document. The same hash method (MD5 or SHA-1) should be used throughout production. |
| CONVERSATION INDEX | | ID used to tie together e-mail threads. |
| REDACTED | YES or Blank | If a document contains a redaction, this field will display 'YES'. |
| TIMEZONE PROCESSED | PST, CST, EST, etc | The time zone the document was processed in. **NOTE:** This should be the time zone where the documents were located at time of collection. |
| NATIVELINK | D:\NATIVES\ABC000001.xls | The full path to a native copy of a document. |
| FULLTEXT | D:\TEXT\ABC000001.txt | The path to the full extracted text of the document. There should be a folder on the deliverable, containing a separate text file per document. These text files should be named with their corresponding bates numbers. **Note**: E-mails should include header information: author, recipient, cc, bcc, date, subject, etc. If the attachment or e-file does not extract any text, then OCR for the document should be provided. |