1  JASON D. RUSSELL (SBN 169219)
   jason.russell@skadden.com
2  WINSTON P. HSIAO (SBN 273638)
   winston.hsiao@skadden.com
3  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue
4  Los Angeles, California 90071-3144
   Telephone:  (213) 687-5000
5  Facsimile:  (213) 687-5600

6  JAY B. KASNER (admitted *pro hac vice*)
   ROBERT A. FUMERTON (admitted *pro hac vice*)
7  MICHAEL W. RESTEY (admitted *pro hac vice*)
   Four Times Square
8  New York, New York 10036
   Telephone:  (212) 735-3000
9  Facsimile:  (212) 735-2000

10 *Attorneys for Defendants*
   *El Pollo Loco Holdings, Inc., Trimaran*
11 *Capital Partners, Trimaran Pollo Partners, L.L.C.,*
   *Freeman Spogli & Co., Stephen J. Sather,*
12 *Laurance Roberts and Edward J. Valle*

13

14                UNITED STATES DISTRICT COURT

15               CENTRAL DISTRICT OF CALIFORNIA

16                     SOUTHERN DIVISION

17 DANIEL TUROCY, et al., Individually      )  Case No. 8:15-cv-01343-DOC-KES
   and on Behalf of All Others Similarly    )  (**Consolidated**)
18 Situated,                                )
                                            )
19                          Plaintiffs,     )  **DECLARATION OF DEAN KEHLER**
                                            )  **IN SUPPORT OF DEFENDANTS'**
20        vs.                               )  **SUR-REPLY IN OPPOSITION TO**
                                            )  **LEAD PLAINTIFFS' MOTION FOR**
21 EL POLLO LOCO HOLDINGS, INC.,            )  **CLASS CERTIFICATION**
   et al.,                                  )
22                                          )  Date:  June 25, 2018
   Defendants.                              )  Time:  8:30 a.m.
23                                          )  Judge:  Hon. David O. Carter
                                            )  Ctrm.:  9D
24                                          )
                                            )
25                                          )

26

27

28

                         KEHLER DECLARATION

## DECLARATION OF DEAN KEHLER

I, Dean Kehler, declare and state as follows:

1. I am a Managing Member of Trimaran Capital, L.L.C., as well as a Managing Partner at Trimaran Capital Partners, an affiliated entity. Trimaran Capital Partners is a New York-based private equity firm and is the Managing Member of Trimaran Pollo Partners, LLC ("TPP"). I submit this declaration in support of the Defendants' Sur-Reply in Opposition to Lead Plaintiffs' Motion for Class Certification. I have personal knowledge of the facts set forth in this declaration. If called as a witness, I could and would testify competently to such facts.

2. As of May 18, 2015, TPP was the majority shareholder in El Pollo Loco Holdings, Inc. ("EPL"), holding 22,149,044 shares which constituted a 59.2% ownership position.

3. On May 19, 2015, TPP agreed to sell 5,402,500 shares of EPL to Jefferies LLC ("Jefferies") at a negotiated price of $21.85 per share – below the market price for EPL shares on that date – for a total proceeds of $118,044,625 in what was referred to as a "block trade" pursuant to Securities and Exchange Commission Rule 144 ("Rule 144"). Also as a part of this Rule 144 transaction, EPL's CEO Steve Sather ("Sather") sold 360,000 EPL shares to Jefferies at a negotiated price of $21.85 per share for a total proceeds of $7,866,000, and EPL's CMO Ed Valle ("Valle") sold 175,000 shares to Jefferies at a negotiated price of $21.85 per share for a total proceeds of $3,823,750. The May 19, 2015 block trade by TPP, Sather and Valle (collectively, the "Sellers") to Jefferies is referred to in this declaration as the "Transaction."[1] TPP coordinated negotiating and structuring the Transaction on behalf of all of the Sellers. Following the

---

[1] The Sellers and Jefferies agreed to enter into the Transaction on May 19, 2015, after the markets closed. The Transaction was executed the next day, on May 20, 2015 and settled on May 26, 2015. The settlement date, which typically occurs several days following the trade date, refers to the date on which the securities are exchanged for payment.

1

KEHLER DECLARATION

1 Transaction, TPP continued to own 16,746,544 shares of EPL, which constituted a 43.8%
2 ownership position.

3     4.    In my 39 years working in the financial industry I have participated in a
4 number of transactions that were executed pursuant to Rule 144. Here, the Sellers
5 decided to conduct this Transaction directly with a market maker pursuant to Rule
6 144(f)(2) in order to receive a guaranteed up-front payment for the shares, rather than
7 having any proceeds being contingent on Jefferies' ability to sell the shares in the market.
8 Accordingly, pursuant to this Transaction, the Sellers sold and delivered 5,937,500 EPL
9 shares directly to Jefferies, and Jefferies delivered the total proceeds of the Transaction to
10 the Sellers on the settlement date. The Sellers did not receive any compensation for the
11 5,937,500 EPL shares other than the negotiated price of $21.85 per share paid by
12 Jefferies. Jefferies was not paid any commission by the Sellers for the Transaction.

13     5.    The Sellers had no control over, and did not direct, Jefferies' disposition of
14 the EPL shares that were purchased from the Sellers. Jefferies' subsequent plan with the
15 shares was not a term of the Transaction or a factor the Sellers considered in deciding to
16 enter into the Transaction.

17     6.    The Sellers had no agreement with Jefferies, nor did Jefferies advise or
18 consult with the Sellers, concerning when Jefferies sold any of the shares it purchased in
19 the Transaction, how many shares it sold, the price at which such shares were sold, or to
20 whom they were sold.

21     7.    None of the Sellers received any portion of the proceeds of Jefferies'
22 subsequent disposition of the shares purchased in the Transaction. The Sellers did not
23 indemnify Jefferies for any reason as a part of the Transaction, and Jefferies had no
24 recourse against the Sellers should it be unable to sell any or all of the 5,937,500 shares it
25 purchased in the Transaction.

26     8.    Attached as Exhibit 1 is a true and correct copy of TPP's Form 144, for its
27 sale of EPL shares in the Transaction, which I signed and was provided to the SEC. Field
28 3(b) in this form requires the party filling out to the form to identify either the broker

2

KEHLER DECLARATION

through whom the securities were being offered or each market maker who is acquiring the securities.  Here, I identified "Jefferies LLC" within Field 3(b) because Jefferies acquired the 5,402,500 shares as a market maker in the Transaction.

9.      Attached as Exhibit 2 is a true and correct copy of the trade confirmation for TPP's sale of 5,402,500 shares to Jefferies at a price of $21.85 per share.  The document shows the same amount for both the principal as well as the net amount, which demonstrates that TPP did not pay, and Jefferies did not receive, any commission for the Transaction.

10.      Attached as Exhibit 3 is a true and correct copy of TPP's account statement with Jefferies for May 1, 2015 through May 29, 2015.  The third page of this document shows the wire to TPP, from Jefferies, of the $118,044,625 in proceeds from the Transaction.

11.      Attached as Exhibit 4 is a true and correct copy of TPP's Seller Representation Letter for the Transaction, which I signed.  This is a form letter that is used to confirm that a seller meets the requirements of Rule 144.  While it refers to Jefferies as a "broker," this did not mean that Jefferies was acting as a broker for the purposes of the Transaction or that the Transaction was conducted as a brokers' transaction under Rule 144.  Rather, as explained above, Jefferies purchased the shares in this Transaction as a principal in its capacity as a market maker.

I declare under penalty of perjury under the laws of the State of California, the State of New York, and the United States of America that the foregoing is true and correct.

Executed on 7th May, 2018, in New York, New York.


By:  _____
                    Dean Kehler

KEHLER DECLARATION

# Exhibit 1

Exhibit 1
Page 4

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

**FORM 144**

NOTICE OF PROPOSED SALE OF SECURITIES
PURSUANT TO RULE 144 UNDER THE SECURITIES ACT OF 1933

SEC PROCESSING RECEIVED
MAY 2 7 2015
Transmittal

| OMB APPROVAL | |
|---|---|
| OMB Number: | 3235-0101 |
| Expires: | May 31, 2017 |
| Estimated average burden hours per response......... 1.00 | |

SEC USE ONLY
DOCUMENT SEQUENCE NO.

CUSIP NUMBER

WORK LOCATION

*ATTENTION: Transmit for filing 3 copies of this form concurrently with either placing an order with a broker to execute sale or executing a sale directly with a market maker.*

| 1 (a) NAME OF ISSUER *(Please type or print)* | | (b) IRS IDENT. NO. | (c) S.E.C. FILE NO. | |
|---|---|---|---|---|
| EL POLLO LOCO | | | | |

| 1 (d) ADDRESS OF ISSUER | STREET | CITY | STATE | ZIP CODE | (e) TELEPHONE NO. |
|---|---|---|---|---|---|
| 3535 HARBOR BLVD. | | COSTA MESA | CA | 92626 | AREA CODE 714   NUMBER 599-5093 |

| 2 (a) NAME OF PERSON FOR WHOSE ACCOUNT THE SECURITIES ARE TO BE SOLD | (b) RELATIONSHIP TO ISSUER | (c) ADDRESS STREET | CITY | STATE | ZIP CODE |
|---|---|---|---|---|---|
| TRIMARAN CAPITAL PARTNERS ████ 9 | 5% Stockholder | 1325 AVENUE OF AMERICAS, | New York, | NY | 10019 |

*INSTRUCTION: The person filing this notice should contact the issuer to obtain the I.R.S. Identification Number and the S.E.C. File Number.*

| 3 (a) Title of the Class of Securities To Be Sold | (b) Name and Address of Each Broker Through Whom the Securities are to be Offered or Each Market Maker who is Acquiring the Securities | SEC USE ONLY Broker-Dealer File Number | (c) Number of Shares or Other Units To Be Sold *(See instr. 3(c))* | (d) Aggregate Market Value *(See instr. 3(d))* | (e) Number of Shares or Other Units Outstanding *(See instr. 3(e))* | (f) Approximate Date of Sale *(See instr. 3(f))* (MO. DAY YR.) | (g) Name of Each Securities Exchange *(See instr. 3(g))* |
|---|---|---|---|---|---|---|---|
| COMMON | Jefferies LLC 520 Madison Ave New York, NY 10022 | | 5,402,500 | 118,044,625- | 37 mil | 5.20.15 | OTC |
| | | | | | | | |
| | | | | | | | |

**INSTRUCTIONS:**

1. (a) Name of issuer
   (b) Issuer's I.R.S. Identification Number
   (c) Issuer's S.E.C. file number, if any
   (d) Issuer's address, including zip code
   (e) Issuer's telephone number, including area code

2. (a) Name of person for whose account the securities are to be sold
   (b) Such person's relationship to the issuer (e.g., officer, director, 10% stockholder, or member of immediate family of any of the foregoing)
   (c) Such person's address, including zip code

3. (a) Title of the class of securities to be sold
   (b) Name and address of each broker through whom the securities are intended to be sold
   (c) Number of shares or other units to be sold (if debt securities, give the aggregate face amount)
   (d) Aggregate market value of the securities to be sold as of a specified date within 10 days prior to the filing of this notice
   (e) Number of shares or other units of the class outstanding, or if debt securities the face amount thereof outstanding, as shown by the most recent report or statement published by the issuer
   (f) Approximate date on which the securities are to be sold
   (g) Name of each securities exchange, if any, on which the securities are intended to be sold

Potential persons who are to respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB control number.

SEC 1147 (08-07)

Exhibit 1
Page 5

FOIA Confidential Treatment Requested
Confidential

EPL_0000847
EPL-0003291

## TABLE I — SECURITIES TO BE SOLD

*Furnish the following information with respect to the acquisition of the securities to be sold and with respect to the payment of all or any part of the purchase price or other consideration therefor:*

| Title of the Class | Date you Acquired | Nature of Acquisition Transaction | Name of Person from Whom Acquired (If gift, also give date donor acquired) | Amount of Securities Acquired | Date of Payment | Nature of Payment |
|---|---|---|---|---|---|---|
| COMMON | 11-18-2005 | FOUNDERS | EL POLLO LOCO | 28,557,989 | 11/2005 | CASH. |

**INSTRUCTIONS:** If the securities were purchased and full payment therefor was not made in cash at the time of purchase, explain in the table or in a note thereto the nature of the consideration given. If the consideration consisted of any note or other obligation, or if payment was made in installments describe the arrangement and state when the note or other obligation was discharged in full or the last installment paid.

## TABLE II — SECURITIES SOLD DURING THE PAST 3 MONTHS

*Furnish the following information as to all securities of the issuer sold during the past 3 months by the person for whose account the securities are to be sold.*

| Name and Address of Seller | Title of Securities Sold | Date of Sale | Amount of Securities Sold | Gross Proceeds |
|---|---|---|---|---|
| N/A | | | | |

**REMARKS:**

**INSTRUCTIONS:**
See the definition of "person" in paragraph (a) of Rule 144. Information is to be given not only as to the person for whose account the securities are to be sold but also as to all other persons included in that definition. In addition, information shall be given as to sales by all persons whose sales are required by paragraph (e) of Rule 144 to be aggregated with sales for the account of the person filing this notice.

**ATTENTION:** *The person for whose account the securities to which this notice relates are to be sold hereby represents by signing this notice that he does not know any material adverse information in regard to the current and prospective operations of the issuer of the securities to be sold which has not been publicly disclosed. If such person has adopted a written trading plan or given trading instructions to satisfy Rule 10b5-1 under the Exchange Act, by signing the form and indicating the date that the plan was adopted or the instruction given, that person makes such representation as of the plan adoption or instruction date.*

_____
DATE OF NOTICE

_____
DATE OF PLAN ADOPTION OR GIVING OF INSTRUCTION,
IF RELYING ON RULE 10b5-1

_____
(SIGNATURE)

*The notice shall be signed by the person for whose account the securities are to be sold. At least one copy of the notice shall be manually signed. Any copies not manually signed shall bear typed or printed signatures.*

**ATTENTION:** Intentional misstatements or omission of facts constitute Federal Criminal Violations (See 18 U.S.C. 1001)

SEC 1147 (02-08)

Exhibit 1
Page 6

FOIA Confidential Treatment Requested
Confidential

EPL_0000848
EPL-0003292

INSTRUCTIONS:

See the definition of "person" in paragraph (a) of Rule 144. Information is to be given not only as to the person for whose account the securities are to be sold but also as to all other persons included in that definition. In addition, information shall be given as to sales by all persons whose sales are required by paragraph (e) of Rule 144 to be aggregated with sales for the account of the person filing this notice.

ATTENTION:

*The person for whose account the securities to which this notice relates are to be sold hereby represents by signing this notice that he does not know any material adverse information in regard to the current and prospective operations of the Issuer of the securities to be sold which has not been publicly disclosed. If such person has adopted a written trading plan or given trading instructions to satisfy Rule 10b5-1 under the Exchange Act, by signing the form and indicating the date that the plan was adopted or the instruction given, that person makes such representation as of the plan adoption or instruction date.*

5/20/2015
_____
DATE OF NOTICE

Dean C Kels
_____
(SIGNATURE)

_____
DATE OF PLAN ADOPTION OR GIVING OF INSTRUCTION, IF
RELYING ON RULE 10B5-1

*The notice shall be signed by the person for whose account the securities are to be sold. At least one copy of the notice shall be manually signed. Any copies not manually signed shall bear typed or printed signatures.*

ATTENTION: Intentional misstatements or omission of facts constitute Federal Criminal Violations (See 18 U.S.C. 1001)

SEC 1147 (02-08)

Exhibit 1
Page 7

FOIA Confidential Treatment Requested
Confidential

EPL_0000849
EPL-0003293

# Exhibit 2

Exhibit 2
Page 8

# Jefferies

ORIGINAL

**Jefferies LLC**
520 Madison Avenue, 12th Floor
New York, New York 10022-4213
*tel* 212.284.2300

 

005

000699 JFCTRD11 000000
TRIMARAN POLLO PARTNERS LLC
C/O TRIMARAN CAPITAL LLC
1325 AVE OF THE AMERICAS
25TH FL
NEW YORK NY  10019

699000

**ACCOUNT NAME:**   TRIMARAN POLLO PARTNERS LLC
                                     C/O TRIMARAN CAPITAL LLC
**ACCOUNT NUMBER:** ▮▮▮▮▮▮▮

We are pleased to confirm the following transactions –
Processed on: 05/20/15

| Symbol | Cusip/ Security | Action | Acct Type | Quantity | Price | Trade Date | Settle Date |
|---|---|---|---|---|---|---|---|
| LOCO | 268603107 E007927 | SELL | CASH | 5,402,500 | $21.85 | 05/20/15 | 05/26/15 |

EL POLLO LOCO HOLDINGS INC COM                          PRINCIPAL                               $118,044,625.00
WE MAKE A MKT IN THIS SECURITY                          NET AMOUNT                         $118,044,625.00

Tag#: B3236
Capacity: PR                                                               AE# ECA

Subject to conditions on reverse.

This confirmation shall be deemed correct in all respects unless written notice of any inaccuracy is sent to our Compliance Department.

032 000703 PZBA  000001 000699 000000005              C MSP1 MAILP1  05/20/15;22:47 V001

Exhibit 2
Page 9
Page 1 of 2

FOIA Confidential Treatment Requested
Confidential

TPP_0000072
EPL-0004256

# Exhibit 3

Exhibit 3
Page 10

# Jefferies




Jefferies LLC
520 Madison Avenue, 12h Floor
New York, New York 10022-4213
tel 212.284.2300

SIPC

FOIA Confidential Treatment Requested
Confidential



| Customer Account Number: | AE: ECA | Statement Period: May 01, 2015 to May 29, 2015 | PAGE 1 of 4 |

## MARKET INDICES

| Index | As of 12/31/14 | As of 05/29/15 | % Change |
|---|---|---|---|
| Dow Jones | 17,823.07 | 18,010.68 | 1.05% |
| NASDAQ | 4,736.06 | 5,070.03 | 7.05% |
| S&P 500 | 2,058.90 | 2,107.39 | 2.36% |
| Russell 2000 | 1,204.70 | 1,246.53 | 3.47% |
| 30 Year Treasury | 2.75% | 2.85% | 3.64% |
| 10 Year Treasury | 2.17% | 2.10% | (3.23)% |

00017169 01 FP  0.471 01 TR 00068 JEJEFD03 000000

TRIMARAN POLLO PARTNERS LLC
C/O TRIMARAN CAPITAL LLC
1325 AVE OF THE AMERICAS
25TH FL
NEW YORK NY  10019

## ACCOUNT VALUE SUMMARY

| Description | As of 00/00/00 | This Period |
|---|---|---|
| Equities – Long Positions | $0.00 | $0.00 |
| Equities – Short Positions | 0.00 | 0.00 |
| Fixed Income | 0.00 | 0.00 |
| Options | 0.00 | 0.00 |
| Mutual Funds | 0.00 | 0.00 |
| Certificates of Deposit | 0.00 | 0.00 |
| Money Market Funds | 0.00 | 0.00 |
| Other Securities | 0.00 | 0.00 |
| Non-Security Assets | 0.00 | 0.00 |
| Subtotal | $0.00 | $0.00 |
| TOTAL | $0.00 | $0.00 |

## DIVIDENDS, INTEREST, AND TAX ACTIVITY SUMMARY

| Description | This Statement | Year to Date |
|---|---|---|
| Dividends | $0.00 | $0.00 |
| Money Market Dividends | 0.00 | 0.00 |
| Substitute Payments | 0.00 | 0.00 |
| Corporate Bond Interest | 0.00 | 0.00 |
| Municipal Bond Interest | 0.00 | 0.00 |
| U.S. Government Bond Interest | 0.00 | 0.00 |
| Government Agency Interest | 0.00 | 0.00 |
| Credit Balance Interest | 0.00 | 0.00 |
| Return of Capital | 0.00 | 0.00 |
| Other Dividends | 0.00 | 0.00 |
| Non-Security Assets | 0.00 | 0.00 |
| TOTAL  INCOME | $0.00 | $0.00 |
| | | |
| U.S. Tax Withheld | $0.00 | $0.00 |
| NRA Tax Withheld | 0.00 | 0.00 |
| Foreign Tax Withheld | 0.00 | 0.00 |
| Bond Purchase Interest | 0.00 | 0.00 |
| Short Dividends | 0.00 | 0.00 |
| Short Other Dividends | 0.00 | 0.00 |
| Short Interest Expense | 0.00 | 0.00 |
| Margin Interest Paid | 0.00 | 0.00 |
| TOTAL  EXPENSES | $0.00 | $0.00 |

THIS SUMMARY IS FOR INFORMATIONAL PURPOSES ONLY. IT IS NOT INTENDED AS A TAX DOCUMENT.
THIS STATEMENT SHOULD BE RETAINED FOR YOUR RECORDS.

TPP_0000068
EPL-0004252

Exhibit 3
Page 11

FOIA Confidential Treatment Requested
Confidential

| Customer Account Number: ▮▮▮ | AE: ECA | Statement Period: May 01, 2015 to May 29, 2015 | PAGE 2 of 4 |
| --- | --- | --- | --- |

Please review this statement carefully. If it does not reflect your understanding of your transactions or balances, or there are any errors or omissions on this statement, promptly notify Jefferies LLC ("Jefferies") by calling 201-761-7610. Any oral communications should be re-confirmed in writing to further protect your rights, including those under the Securities Investors Protection Act (SIPA). All written inquires and re-confirmations should be addressed to Jefferies LLC Attn: Customer Reporting Group, 101 Hudson Street, 11th Floor, Jersey City, NJ 07302-3915.

- You may have received a confirmation for a trade that does not appear on this statement. If the statement date of the trade as shown on the confirmation is later than the closing date of this statement (as shown above), that trade will appear on your next regular monthly statement.
- Transactions appearing on this statement may include those, if any, that have been executed by an affiliated broker-dealer but cleared through this account. Please check your confirmations to identify such transactions.
- If you are subject to 1099 reporting requirements, we are required by law to report to the Internal Revenue Service ("IRS") all gross proceeds of sales transactions (including short sales), cash dividends and registered bond interest credited to your account on securities held for you in our name. We also report coupon bond interest and interest earned on credit balances. Your Consolidated Form 1099 rather than your monthly statements is the authoritative document for tax reporting purposes and is used to report information to the IRS.
- If this statement is for a margin account and we maintain a special miscellaneous account for you, this statement is a combined statement of your general account and the special miscellaneous account maintained for you under section 4(C)(6) of Regulation T, issued by the Board of Governors of the Federal Reserve System. As required by Regulation T, the permanent record of the special miscellaneous account is available for your inspection upon request.
- A free credit balance represents funds payable upon demand, which although properly accounted for on Jefferies books are not segregated and may be used in the conduct of Jefferies business. Jefferies offers to routinely transfer ("sweep") your free credit balance into a money market fund at your election. The balance in such fund may be liquidated pursuant to your order and the proceeds returned to your securities account to be held as a free credit balance or remitted to you.
- The prices of securities displayed on your statement are derived from various sources and in some cases may be higher or lower than the price that you would actually receive in the market. Although we attempt to use reliable sources of information, we do not guarantee the accuracy of any securities prices.
- If this statement contains month-end valuations for Direct Participation Programs or Real Estate Investment Trusts, such values may be estimated, and obtained from pricing services or from the issuer in its annual report. If this statement does not contain month-end valuations for such instruments, it may be because accurate valuation information is not available. Please note that such securities are often illiquid and any estimated value may not be realized upon sale. The actual value of such instruments will most likely be different from the original purchase price.
- Jefferies is a member of the Securities Investor Protection Corporation ("SIPC"). SIPC currently protects the securities and cash in your account up to $500,000 of which $250,000 may be in cash. Jefferies has secured additional protection of up to $34,500,000 per account with an aggregate limit of $100,000,000 for all accounts. Neither the SIPC nor the additional coverage protects against the market risks associated with investing. Positions that are held away are not in the custody or control of Jefferies nor are they covered by SIPC or the additional protection secured by Jefferies.
- In order to assist us in maintaining current background and financial information concerning our customers, we request that you promptly advise us in writing of any material change in your investment objectives or financial situation.
- Jefferies' Financial Statements are available for your personal inspection at any of Jefferies' offices, at the regional office of the Securities and Exchange Commission in New York or a copy will be mailed to you upon your written request. A most recent copy of the Audited and Unaudited Consolidated Statement of Financial Condition of Jefferies can be found by visiting the firm's website at www.jefferies.com and go to Investor Relations or call 1-888-JEFFERIES.
- Information with respect to commission and other charges incurred in connection with the execution of option transactions has been included in confirmations previously furnished to you. A summary of this information is available to you promptly upon your written request directed to your account executive.

- Exercise assignment notices for option contracts are allocated among client short positions pursuant to a procedure that randomly selects those contracts which are subject to exercise from among all client short option positions, including positions established on the day of the assignment. All short positions are liable for assignment at any time. A more detailed description of our random allocation procedure is available upon written request.
- In the event there has been any change in your investment objective(s), financial situation and/or risk tolerance, please contact your Account Executive.
- Call features shown on any fixed income security indicate the next regularly scheduled call date and price. Your holdings may be subject to other redemption features, including sinking funds, extraordinary calls or other call provisions. Unrealized gains and losses on bonds, if shown, have been adjusted to account for the accretion of original issue discount, the amortization of premium, and/or the accretion of market discount. For foreign bonds, amounts shown are denominated in the currency of the issue, price is a function of exchange rate and market price, market value is denominated in U.S. dollars, and changes in the exchange rate will affect the face value in U.S. dollars and market value.
- With respect to estimated yield figures shown, such as Estimated Annual Interest and Estimated Yield be advised that: (i) they are estimates, not actual amounts scheduled to be paid; (ii) for certain types of securities the amounts shown could include a return of principal or capital gains, in which case those estimated figures would be overstated; and (iii) the actual income and yield paid might be lower or higher than the estimated amounts. Estimated Yield reflects only the income generated by an investment. It does not reflect changes in price, which may fluctuate.
- Market Linked Investments ("MLIs") are buy and hold investments and are valued at par to reflect 100% principal protection in the investment currency at maturity. MLIs denominated in a currency other than U.S. dollars may be marked to market to reflect changes in the par value of the MLI in U.S. dollar terms.
- Please preserve this statement as it will be helpful in preparing your income tax returns and may be needed along with subsequent statements to verify activity in your account.
- For purposes of computing interest payable by you, balances in all types of accounts (except short, DVP and other) are combined. Credit balances, where applicable, are subtracted from debit balances in determining the daily debit balance, but only to the extent such credit balances do not exceed such debit balances.
- Short accounts are marked-to-the-market. Excess funds are credited to, and deficiencies of funds are debited from, the margin account.
- Interest charged on debit balances (and the applicable interest rate) will appear as a line item in the activity section for those accounts that incurred interest charges during any statement period. This statement should be retained and used in conjunction with the prior and next statement received to determine the amount of interest charged for each interest computation period. Interest will be charged on an average daily net debit balance computed on the basis of a 360-day year. For further information on how to compute interest, refer to the "Truth in Lending Statement". Interest in all months, except for December, is computed two days prior to the last business day of the current month through two days prior to the last business day of the following month and will be processed in your account (debited or credited) one day prior to the last business day of each month. In December, interest will accrue through December 31st and will be processed on the last business day of the calendar year.
- For purposes of any interest earned with respect to credit balances in your account, your statement will display an aggregate credit amount based on your net average daily free credit balance beginning with the day the credit balance begins and for each day during the period displayed.

JEF Rev 2/2014 S1032B06

TPP_0000069
EPL-0004253

Exhibit 3
Page 12

FOIA Confidential Treatment Requested
Confidential

# Jefferies



520 Madison Avenue, 12th Floor
New York, New York 10022-4213
*tel* 212.284.2300



| Customer Account Number: | AE: ECA | Statement Period: May 01, 2015 to May 29, 2015 | PAGE 3 of 4 |
|---|---|---|---|

## BUY SELL TRANSACTIONS

Credit ratings are subjective opinions and not statements of fact and should not be relied on as investment advice. S&P shall not be liable for any direct, indirect, incidental, exemplary, compensatory, punitive, special or consequential damages, legal fees, or losses (including lost income or profits and opportunity costs or losses caused by negligence) in connection with any use of credit ratings.

| Date | Transaction | Account Type | Quantity | Description | Price | Debit | Amount Credit |
|---|---|---|---|---|---|---|---|
| 5/26 | SOLD | CASH | 5,402,500 | EL POLLO LOCO HOLDINGS INC COM WE MAKE A MKT IN THIS SECURITY | $21.8500 | | $118,044,625.00 |

| TOTAL BUY SELL TRANSACTIONS: | | | | | | | $118,044,625.00 |
|---|---|---|---|---|---|---|---|

## INCOME AND DISTRIBUTION ACTIVITY

| Date | Transaction | Account Type | Quantity | Description | Rate | Debit | Amount Credit |
|---|---|---|---|---|---|---|---|
| 5/26 | WIRE | CASH | | WIREOUT TRIMARAN POLLO PARTNERS LLC | | $118,044,625.00 | |

| TOTAL INCOME AND DISTRIBUTION ACTIVITY: | | | | | | $118,044,625.00 | |
|---|---|---|---|---|---|---|---|

## OTHER ACTIVITY

| Date | Transaction | Account Type | Quantity | Description | Debit | Amount Credit |
|---|---|---|---|---|---|---|
| 5/26 | RECEIVED | CASH | 5,402,500 | EL POLLO LOCO HOLDINGS INC COM DWAC APPROVED | | |

| TOTAL OTHER ACTIVITY: | | | | | | |
|---|---|---|---|---|---|---|

TPP_0000070
EPL-0004254

Exhibit 3

Page 13

FOIA Confidential Treatment Requested
Confidential

| Customer Account Number: | AE: ECA | Statement Period: May 01, 2015 to May 29, 2015 | PAGE 4 of 4 |

**Customer Notice**
## IMPORTANT DISCLOSURE INFORMATION

▷ In accordance with the requirements of the Securities and Exchange Commission (the "SEC") and the Commodity Futures Trading Commission (the "CFTC"), clients may obtain a free copy of the Audited Consolidated Statement of Financial Condition of Jefferies LLC (the "Company") as of November 30, 2014 by visiting our website at http://investor-relations.jefferies.com/GenPage.aspx?IID=102756&GKP=207790 or by calling 1-888-JEFFERIES.  The Statement of Financial Condition is also available for your personal inspection at Jefferies LLC's principal office at 520 Madison Avenue, New York, NY 10022 or at the regional office of the SEC or CFTC in New York.

▷ Jefferies LLC is subject to the SEC's Uniform Net Capital Rule (the "Rule"), which specifies minimum net capital requirements. The Company computes net capital under the alternative method of the Rule, which requires the Company to maintain net capital of not less than the greater of $1,500,000 or 2% of aggregate debit balances (primarily receivables from customer transactions), plus excess margin collateral on reverse repurchase transactions. Compliance with the Rule could limit operations of the Company, such as underwriting and trading activities that require the use of significant amounts of capital, and may also restrict loans, advances, dividends and other payments by the Company.   In addition, Jefferies LLC is registered as a futures commission merchant ("FCM") following its merger with Jefferies Bache LLC in September 2014 and is therefore subject to the CFTC's minimum financial requirements under Rule 1.17.  Under the minimum financial requirements, an FCM must maintain adjusted net capital equal to or in excess of the greater of $1,000,000 or the FCM's risk-based capital requirements totaling (i) eight percent of the total risk margin requirement for positions carried by the FCM in customer accounts, plus (ii) eight percent of the total risk margin requirement for positions carried by the FCM in noncustomer accounts, plus (iii) excess margin collateral on reverse repurchase transactions. As a dually registered broker-dealer and FCM, Jefferies LLC is required to maintain net capital in excess of the greater of the SEC or CFTC minimum financial requirements. As of November 30, 2014, Jefferies LLC's net capital was $1,025,113,000 which was $913,465,000 in excess of required net capital.

*** END OF STATEMENT ***

TPP_0000071
EPI-0004255

Exhibit 3
Page 14

# Exhibit 4

Exhibit 4
Page 15

**SELLER REPRESENTATION LETTER**

May 19, 2015

Jefferies LLC
c/o Jefferies LLC
520 Madison Avenue
New York, New York 10022

El Pollo Loco Holdings, Inc.
3535 Harbor Boulevard, Suite 100
Costa Mesa, CA 92626
Attention: Edye Austin

Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
Attention: Andrea Nicolas

Re:     Sale of 5,402,500 shares (the "Shares") of common stock, par value $0.01 per share ("Common
        Stock"), of El Pollo Loco Holdings, Inc. (the "Company") pursuant to Rule 144

Ladies and gentlemen:

The undersigned proposes to sell (the "Sale") the above-referenced Shares through Jefferies LLC (the
"Broker") in accordance with the requirements of Rule 144 ("Rule 144") under the Securities Act of 1933
(the "Act"). The undersigned (i) delivers to you herewith a signed copy of a Notice of Proposed Sale of
Securities Pursuant to Rule 144 Under the Securities Act of 1933 on Form 144 relating to the Sale (the
"Form 144") and confirms to you that the statements made therein are true and complete and (ii)
represents to you that:

1.      The undersigned is an "affiliate" of the Company as that term is defined in paragraph (a)(1) of
Rule 144.

2.      The undersigned does not know or does not have any reason to believe that the Company has not
complied with the reporting requirements contained in paragraph (c)(1) of Rule 144.

3.      All of the Shares are restricted securities, as that term is defined in paragraph (a)(3) of Rule 144,
and a minimum of six months has elapsed since the date of acquisition, within the meaning of paragraph
(d) of Rule 144, of the Shares from the Company or an affiliate of the Company by the undersigned.

4.      (a)      The undersigned has sold zero shares of Common Stock within the preceding three
                 months, has no sale orders open with any broker and will not place any sale orders pending
                 execution or cancellation of the Sale.

Exhibit 4
Page 16

EPL-0156578

(b)     To the best of the undersigned's knowledge, members of the undersigned's immediate family and others with whom the undersigned is acting in concert or whose sales are required to be aggregated with the undersigned's sales pursuant to Rule 144 have sold zero shares of Common Stock within the preceding three months and will not place any sale orders pending execution or cancellation of the Sale.

(c)     At the time of the Sale, the number of shares of Common Stock sold by the undersigned or for the undersigned's account and by or for the account of any person whose sales are required by paragraph (e)(3) of Rule 144 to be aggregated with sales by or for the undersigned (other than shares sold pursuant to a registration statement under the Act, pursuant to an exemption provided by Regulation A under the Act, in a transaction exempt pursuant to Section 4 of the Act and not involving any public offering, or offshore pursuant to Regulation S under the Act) will not exceed the amounts permitted by paragraph (e)(1) of Rule 144.

5.     The undersigned has not solicited or arranged for the solicitation of, and will not solicit or arrange for the solicitation of, orders to buy the Shares in anticipation of or in connection with such proposed sale, and such sale shall be made in accordance with paragraph (f) of Rule 144. The undersigned has not made, and will not make, any payment in connection with the offering or sale of the Shares to any person other than the Broker.

6.     The undersigned has filed or caused to be filed the requisite number of copies of Form 144, in connection with the Sale, with the Securities and Exchange Commission and with the NASDAQ Global Select Market on a timely basis pursuant to paragraph (h) of Rule 144. The undersigned has a bona fide intention to sell the Shares within a reasonable time after the filing of the Form 144. If sales are ongoing under a contract, instruction, or plan under Rule 10b5-1, the undersigned will continue to so file or cause to be filed, and will have such a bona fide intention thereafter.

7.     To the undersigned's knowledge, the Company is not, and has not been, a shell issuer as described in paragraph (i)(1) of Rule 144.

The undersigned agrees that each addressee of this letter may rely on the above statements in connection with the Sale.

[Signature Page Follows]

Exhibit 4
Page 17

Confidential

Sincerely,

TRIMARAN POLLO PARTNERS, LLC

By: _____
        TRIMARAN CAPITAL, LLC
        its Managing Member

Exhibit 4
Page 18

Confidential

EPL-0156580