# EXHIBIT B

**From:** Hsiao, Winston P [mailto:Winston.Hsiao@skadden.com]
**Sent:** Tuesday, May 08, 2018 5:09 PM
**To:** 'Jonathan Horne'; Laurie Largent; Ryan Llorens; Kevin Lavelle; Laurence Rosen
**Cc:** Russell, Jason D
**Subject:** RE: [Ext] RE: El Pollo Loco Securities Litigation

Jonathan,

The only motion before the Court is Defendants' Motion to Strike the evidence Plaintiffs submitted on reply, which asks the Court to strike Sections II and III of Plaintiff's Reply and Exs. B-P of the Llorens Declaration because Plaintiffs' evidence should have been, but was not, submitted in its opening brief and that because it was submitted on reply, it is improperly new.  The motion asks for three interrelated forms of relief: (i) striking the evidence as improper new evidence; (ii) alternatively granting leave to file a surreply if these arguments and evidence are not stricken; and (iii) finding the new evidence inadmissible and unreliable if not stricken as improperly new.  Defendants submitted no evidence in support of that Motion  and certainly no evidence in Defendants' possession is needed for Plaintiffs to make the legal argument why they were not obligated to offer this evidence in their opening brief or that Plaintiffs are not obligated to proffer admissible evidence, such that the Court can, in your view, disregard Defendants' evidentiary objections.

Your email is based on several flawed assumptions.  *First*, you assume that the Kehler Declaration is in the record and that you need to depose him to respond to the Motion to Strike.  But, as you know, Mr. Kehler's Declaration is lodged with the Court and would only be relevant if the Court granted leave to file the sur-reply and supporting declaration.  If the Court grants our Motion to Strike or denies our Motion entirely, the Kehler Declaration is not in the record.  *Second*, you assume that Mr. Kehler's Declaration is in support of the Motion to Strike.  But the declaration by Mr. Kehler was filed in support of Defendant's proposed sur-reply.  It is unclear to us why Plaintiffs need to depose Mr. Kehler to oppose Defendants' Motion to Strike, particularly when Plaintiffs have been adamant that (i) the evidence they submitted on Reply is not "new"; and (ii) the admissibility of Plaintiffs' Reply evidence is irrelevant as a matter of law.  Nothing in Mr. Kehler's declaration relates to those issues.  *Third*, your email assumes Plaintiffs have a right to respond substantively to the proposed sur-reply, which the Court has not granted leave to submit.  Plaintiffs do not have that right.  It is clear Plaintiffs want Mr. Kehler's deposition to prepare a substantive response to Defendants' sur-reply.  But Plaintiffs are not entitled to unilaterally file a response to Defendants' sur-reply when (i) the sur-reply is not even in the record; and (ii) Plaintiffs have not been granted leave to file a sur-sur-reply. Plaintiffs simply have no need or right to depose Mr. Kehler to oppose Defendants' Motion to Strike  and would need to wait until the Court admits the sur-reply and then seek permission to respond to it.

As to the parties' April 30, 2018 meet and confer, when Plaintiffs asked whether Defendants were submitting any new evidence in support of Defendants' Motion to Strike or sur-reply, Defendants had not yet decided to submit any evidence, let alone obtained Mr. Kehler's declaration. The meet and confer occurred a full week before Defendants filed their papers. During that time Plaintiffs never again asked Defendants if they were submitting any evidence in support of the papers, and Defendants are under no obligation to voluntarily update their litigation decisions for Plaintiffs.  In any event, any evidence Defendants may submit for its proposed sur-reply is irrelevant to

a meet and confer concerning Defendants' Motion to Strike, because the contents of the sur-reply do not dictate whether Plaintiffs' Reply evidence should be stricken. Indeed, as you know, you asked us to substantively discuss the contents of the sur-reply and we declined as its only relevance to the motion is that we seek leave to file it due to Plaintiffs' improper sand bagging on Reply.

Finally, your attempt to blame the current schedule based on your belief as to what evidence Defendants would submit in support of their papers is simply not supported by the record. As you know, Defendants offered Plaintiffs a briefing schedule nearly identical to the one you now request multiple times, including as recently as yesterday – hours before Defendants' filed their Motion to Strike. Plaintiffs declined because they claimed the parties had already agreed to a different schedule that actually afforded Plaintiffs *less* time to respond to the Motion to Strike than the schedule Defendants were proposing and which would have necessitated Defendants' filing their motion less than seven days after the meet and confer, in violation of the Central District's Local Rules - a point you raised and a rule you expressly declined to waive. Rather than agreeing to a stipulation that gave Plaintiffs until May 30 to oppose Defendants' motion to strike (i.e. 23 days), Plaintiffs preferred to oppose Defendants' Motion to Strike on a regularly noticed motion (i.e. 7 days).

Thus, Defendants decline to agree to stipulate to a briefing schedule and make Mr. Kehler available for deposition in connection with Plaintiffs' opposition to Defendants' Motion to Strike. Defendants will oppose any *ex parte* application by Plaintiffs seeking this relief and ask that this email be attached to any ex parte application.

Thanks,
Winston

---

**From:** Jonathan Horne [mailto:JHorne@rosenlegal.com]
**Sent:** Tuesday, May 08, 2018 1:38 PM
**To:** Hsiao, Winston P (LAC); llargent@rgrdlaw.com; 'Ryan Llorens'; Kevin Lavelle (KLavelle@rgrdlaw.com); Laurence Rosen
**Cc:** Russell, Jason D (LAC)
**Subject:** [Ext] RE: El Pollo Loco Securities Litigation

Winston -

Defendants expressly represented to Plaintiffs that the sur-reply and motion would not include additional evidence. Plaintiffs based their willingness to a briefing schedule following the local rules on Defendants' representation that they had no new evidence to present in their motion. Despite their representation, Defendants have based their sur-reply substantially on the declaration of Dean Kehler.

It will not be possible to prepare for and take Mr. Kehler's deposition before we must file our opposition next Monday, May 14th. Accordingly, we request that Defendants stipulate to a briefing schedule providing Plaintiffs until May 31, 2018 to file their opposition, Defendants until June 11, 2018 to file their Reply, and a new hearing date on June 25, 2018. Plaintiffs will also need to take Mr. Kehler's deposition by May 18, 2018. Otherwise, we will need to file an ex parte application to extend the briefing schedule and hearing date to provide enough time to properly address Defendants' unexpected and self-serving declaration.

Please let us know if Defendants can agree to this reasonable briefing schedule and make Mr. Kehler available for deposition between May 14, 2018 and May 18, 2018.

Thanks.

Jonathan Horne, Esq.
The Rosen Law Firm, P.A.
275 Madison Avenue, 34th Floor
New York, NY, 10016
646-887-2847 (direct)
917-509-6721 (cell)
212-686-1060 (main)
212-202-3827 (fax)

jhorne@rosenlegal.com

---

**From:** Hsiao, Winston P [mailto:Winston.Hsiao@skadden.com]
**Sent:** Tuesday, May 08, 2018 12:15 AM
**To:** llargent@rgrdlaw.com; 'Ryan Llorens'; Kevin Lavelle (KLavelle@rgrdlaw.com); Laurence Rosen; Jonathan Horne
**Cc:** Russell, Jason D
**Subject:** El Pollo Loco Securities Litigation

Counsel,

Pursuant to Local Rule 79-5.3 please find attached the unredacted documents filed under seal today along with the corresponding NEF.

Thanks,
Winston

**Winston P. Hsiao**
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue | Los Angeles | California | 90071-3144
T: 213.687.5219 | F: 213.621.5219
winston.hsiao@skadden.com

Skadden

 Please consider the environment before printing this email.

------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==============================================================================

------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-

Exhibit B
Page 010

3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==============================================================================