ROBBINS GELLER RUDMAN
  & DOWD LLP
RYAN A. LLORENS (225196)
LAURIE L. LARGENT (153493)
KEVIN A. LAVELLE (292442)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ryanl@rgrdlaw.com
llargent@rgrdlaw.com
klavelle@rgrdlaw.com

THE ROSEN LAW FIRM, P.A.
LAURENCE M. ROSEN (219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA  90071
Telephone:  213/785-2610
213/226-4684 (fax)
lrosen@rosenlegal.com

Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DANIEL TUROCY, et al., Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> EL POLLO LOCO HOLDINGS, INC., et al., <br><br> Defendants. | Case No. 8:15-cv-01343-DOC-KES (**Consolidated**) <br><br> <u>CLASS ACTION</u> <br><br> STIPULATION OF SETTLEMENT |

1530618_4

1       This Stipulation of Settlement, dated April 3, 2019 (the "Stipulation"), is made

2  and entered into by and among: (i) plaintiffs Peter Kim, Dr. Richard J. Levy, Sammy

3  Tanner and Ron Huston (collectively, "Lead Plaintiffs") (on behalf of themselves and

4  each of the Class Members), by and through their counsel of record in the Litigation[1];

5  and (ii) El Pollo Loco Holdings, Inc. ("El Pollo Loco" or the "Company"), Trimaran

6  Capital Partners, Trimaran Pollo Partners, L.L.C., Freeman Spogli & Co., Stephen J.

7  Sather, Laurance Roberts and Edward J. Valle (collectively, "Defendants"), by and

8  through their counsel of record in the Litigation.  The Stipulation is intended to fully,

9  finally, and forever resolve, discharge, and settle the Released Plaintiffs' Claims and

10  the Released Defendants' Claims (as defined herein), subject to the approval of the

11  Court and the terms and conditions set forth in this Stipulation.

12  **I.      THE LITIGATION**

13       The initial complaint in this Litigation was filed on August 24, 2015, in the

14  United States District Court for the Central District of California, Southern Division

15  (the "Court").  On December 8, 2015, the Court issued an order appointing Ron

16  Huston, Peter Kim, Robert W. Kegley, Sr., Dr. Richard Levy and Sammy Tanner as

17  Lead Plaintiffs, and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and

18  The Rosen Law Firm, P.A. ("The Rosen Firm") as Co-Lead Counsel.

19       On January 29, 2016, Lead Plaintiffs filed their Consolidated Complaint for

20  Violations of the Federal Securities Laws ("Consolidated Complaint").  On March 28,

21  2016, Defendants moved to dismiss the Consolidated Complaint, which was opposed

22  by Lead Plaintiffs.   On July 25, 2016, the Court granted Defendants' motion to

23  dismiss without prejudice.  Lead Plaintiffs thereafter filed their Consolidated Second

24  Amended Complaint for Violations of the Federal Securities Laws ("Second Amended

25  Complaint") on August 22, 2016.  Defendants moved to dismiss that complaint on

26  October 21, 2016, and Lead Plaintiffs opposed the motion.  On March 20, 2017, the

27  ───────────────

28  [1]   All capitalized terms not otherwise defined shall have the meanings ascribed to them in §IV.1.

Court dismissed the Second Amended Complaint, again without prejudice.  Lead Plaintiffs then filed their Consolidated Third Amended Complaint for Violations of the Federal Securities Laws ("Third Amended Complaint") on April 17, 2017. Defendants moved to dismiss the Third Amended Complaint on May 17, 2017, which Lead Plaintiffs opposed.  This time, the Court denied Defendants' motion to dismiss on August 4, 2017, allowing the majority of Lead Plaintiffs' claims to proceed.

On September 4, 2017, Defendants filed their Answer to the Third Amended Complaint, and on October 16, 2017, Lead Plaintiffs and the Defendants filed a joint report and Rule 26(f) discovery plan.  Shortly thereafter, the Settling Parties began formal discovery.  Lead Plaintiffs served written discovery on Defendants and issued 19 subpoenas to third parties.  At the time the Settlement was reached, counsel for Lead Plaintiffs had collected and analyzed over 200,000 pages of documents from Defendants and various third parties, deposed 18 fact witnesses and defended depositions of four Lead Plaintiffs.  The Settling Parties had also exchanged expert reports and begun expert discovery.

On December 8, 2017, certain of the Lead Plaintiffs moved for this action to be certified as a class action, to be appointed as Class Representatives and for Robbins Geller and The Rosen Firm to be appointed as Class Counsel.  After extensive briefing on class certification issues, the Court granted the motion on July 3, 2018.  Defendants then filed a petition for permission to appeal the Court's certification order to the U.S. Court of Appeals for the Ninth Circuit on July 17, 2018, which Lead Plaintiffs opposed.  The Ninth Circuit denied Defendants' petition on October 19, 2018.

In the course of the Litigation, the Settling Parties engaged the services of the Hon. Layn Phillips (Ret.) of Phillips ADR, a nationally recognized mediator.  The Settling Parties participated in an in-person mediation session with Judge Phillips on February 1, 2018, and in advance of that session, prepared detailed statements of their case and defenses with supporting evidence.  While the Settling Parties did not reach an agreement to settle the Litigation at the mediation, the Settling Parties continued

- 2 -

1530618_4

settlement negotiations with the assistance of Judge Phillips who provided the Settling Parties with a mediator's proposal on January 16, 2019.  The Settling Parties each accepted the mediator's proposal to settle the Litigation for $20 million.

## II.    DEFENDANTS' DENIAL OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiffs and the Class in the Litigation.  Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.  Defendants also have denied and continue to deny, among other allegations, the allegations that Lead Plaintiffs or the Class have suffered any damage, that the price of El Pollo Loco common stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that Lead Plaintiffs or the Class were harmed by the conduct alleged, or that could have been alleged, in the Litigation.  Defendants believe that the evidence developed to date supports their position that they acted in good faith and in a manner they reasonably believed to be in accordance with all applicable rules, regulations, and laws. Defendants also believe that their public statements during the Class Period contained no material misstatements or omissions.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

As set forth in ¶8.4, neither the Settlement nor any of the terms of this Stipulation shall constitute an admission or finding of any fault, liability, wrongdoing or damage whatsoever or any infirmity in the defenses that Defendants have, or could have, asserted.  Defendants are entering into this Stipulation solely to eliminate the burden, expense and uncertainty of further litigation.  Defendants have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

1530618_4

III.   **LEAD PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT**

Lead Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims.  However, Lead Plaintiffs and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals.  Lead Plaintiffs and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as recent changes in the law and the difficulties and delays inherent in such litigation.  Lead Plaintiffs and their counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation.  Lead Plaintiffs and their counsel believe that the Settlement set forth in the Stipulation confers substantial benefits upon the Class.  Based on their evaluation, Lead Plaintiffs and their counsel have determined that the Settlement set forth in the Stipulation is in the best interests of the Class.

IV.   **TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiffs (for themselves and the Class) and Defendants, by and through their attorneys of record, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure in consideration of the benefits flowing to the parties from the Settlement, the Litigation, the Released Plaintiffs' Claims, and the Released Defendants' Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

1.   **Definitions**

As used in the Stipulation, the following terms have the meanings specified below:

- 4 -

1530618_4

1     1.1    "Authorized Claimant" means any Class Member who submits a Claim
2  for payment that is approved for payment from the Net Settlement Fund pursuant to
3  the terms of this Stipulation and the Court-approved Plan of Allocation.

4     1.2    "Claim" means a paper claim submitted on a Proof of Claim and Release
5  or an electronic claim that is submitted to the Claims Administrator.

6     1.3    "Claimant" means a Person or entity who or which submits a Claim
7  seeking to be eligible to share in the proceeds of the Net Settlement Fund.

8     1.4    "Claim Form" or "Proof of Claim and Release" means the form,
9  substantially in the form attached hereto as Exhibit A-2, that a Claimant must
10 complete and submit should that Claimant seek to share in the distribution of the Net
11 Settlement Fund.

12    1.5    "Claims Administrator" means Gilardi & Co. LLC.

13    1.6    "Class", as certified by the Court's July 3, 2018 Order Granting
14 Plaintiffs' Motion to Certify Class, means all persons and entities who purchased or
15 otherwise acquired El Pollo Loco common stock or exchange-traded call options, or
16 who sold exchange-traded El Pollo Loco put options, between May 15, 2015 and
17 August 13, 2015, inclusive, and were damaged thereby.  Excluded from the Class are
18 Defendants, present or former executive officers of El Pollo Loco and their immediate
19 family members (as defined in 17 C.F.R. §229.404, Instructions (1)(a)(iii) and
20 (1)(b)(ii)).  Nothing in this Stipulation of Settlement waives Defendants' right to seek
21 to decertify the Class in whole or in part in the event this Stipulation is terminated in
22 accordance with its terms.

23    1.7    "Class Member(s)" or "Member(s) of the Class" means a Person who
24 falls within the definition of the Class as set forth in ¶1.6 above.

25    1.8    "Class Period" means the period from May 15, 2015 through August 13,
26 2015, inclusive.

27
28

- 5 -

1.9 "Defendants" means El Pollo Loco, Trimaran Capital Partners, Trimaran Pollo Partners, L.L.C., Freeman Spogli & Co., Stephen J. Sather, Laurance Roberts and Edward J. Valle.

1.10 "Defendants' Counsel" means Skadden, Arps, Slate, Meagher & Flom LLP.

1.11 "Effective Date," or the date upon which this Settlement becomes "effective," means three (3) business days after the date by which all of the events and conditions specified in ¶7.1 of this Stipulation have been met and have occurred.

1.12 "El Pollo Loco" means El Pollo Loco Holdings, Inc.

1.13 "Escrow Account" means the account controlled by the Escrow Agent.

1.14 "Escrow Agent" means Robbins Geller Rudman & Dowd LLP and The Rosen Law Firm, P.A.

1.15 "Fee and Expense Application" means the application or applications for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.

1.16 "Fee and Expense Award" means the payment of attorneys' fees and expenses of Plaintiffs' Counsel from the Settlement Fund.

1.17 "Final" means, with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, when the last of the following shall occur: (i) either no appeal therefrom has been filed and the time has passed for any notice of appeal to be timely filed therefrom; or (ii) an appeal has been filed and either (a) the court of appeals has either affirmed the order or Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed, or (b) a higher court has granted further appellate review and that court has either affirmed the underlying order or judgment or affirmed the court of appeals' decision affirming the Judgment or dismissing the appeal.  For purposes of this paragraph, an

- 6 -

"appeal" shall include any petition for a writ of *certiorari* or other writ that may be filed in connection with approval or disapproval of this Settlement.  Any appeal or proceeding seeking subsequent judicial review pertaining solely to the Fee and Expense Application, the Fee and Expense Award, the Plan of Allocation, the order on the Plan of Allocation, or the procedures for determining Authorized Claimants' recognized claims shall not in any way delay or affect the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.18   "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.19   "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, and The Rosen Law Firm, P.A., 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.

1.20   "Lead Plaintiffs" means Peter Kim, Dr. Richard J. Levy, Sammy Tanner and Ron Huston.

1.21   "Litigation" means the action captioned *Daniel Turocy, et al. v. El Pollo Loco Holdings, Inc., et al.*, Case No. 8:15-cv-01343-DOC-KES.

1.22   "Net Settlement Fund" means the Settlement Fund less:   (i) any attorneys' fees, expenses, and interest and any award to Lead Plaintiffs provided for herein or approved by the Court; (ii) Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) other fees and expenses authorized by the Court.

1.23   "Notice" means the Notice of Pendency and Settlement of Class Action, substantially in the form attached hereto as Exhibit A-1, which is to be mailed to Class Members.

1.24   "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Class and the administration of the Settlement, including, but not limited to: (i) providing notice by mail, publication, and other means to Class Members; (ii) receiving and reviewing

- 7 -

Claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

1.25   "Person" means an individual, corporation (including all divisions and subsidiaries), general partnership, limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their heirs, predecessors, successors, representatives, or assignees.

1.26   "Plaintiffs' Counsel" means Robbins Geller Rudman & Dowd LLP, The Rosen Law Firm, P.A., Haeggquist & Eck, LLP, and Goldberg Law PC.

1.27   "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants, set forth in the Notice.  Any Plan of Allocation is not part of the Stipulation and neither Defendants nor the Released Defendant Parties shall have any responsibility or liability with respect thereto.

1.28   "Preliminary Approval Order" means the proposed order, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the mailing of the Notice and publication of the Summary Notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto.

1.29   "Released Defendant Party" or "Released Defendant Parties" means each and all of the Defendants and each of their respective direct controlling persons, associates, related or affiliated entities, and each and all of their respective past or present officers, directors, employees, partners, members, principals, agents, representatives, attorneys, auditors, financial or investment advisors, consultants, underwriters, accountants, investment bankers, commercial bankers, entities providing

- 8 -

fairness opinions, advisors, insurers, reinsurers, heirs, spouses, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors or assigns, or any member of their immediate families, marital communities, or any trusts for which any of them are trustees, settlers or beneficiaries or anyone acting or purporting to act for or on behalf of them or their successors or collectively.

1.30  "Released Defendants' Claims" means as against all plaintiffs in the consolidated action, and their respective attorneys, and all other Class Members, all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or Settlement of the claims against the Defendants, except for claims relating to the enforcement of the Stipulation of Settlement or any claims against any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

1.31  "Released Plaintiffs' Claims" means to the fullest extent that the law permits their release, of and from all claims, suits, actions, appeals, causes of action, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential, or special damages, and restitution and disgorgement), demands, rights, debts, penalties, costs, expenses, fees, injunctive relief, attorneys' fees, expert or consulting fees, prejudgment interest, indemnities, duties, liabilities, losses, or obligations of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, fixed or contingent, direct or indirect, anticipated or unanticipated, whether legal, contractual, rescissory, statutory, or equitable in nature, whether arising under federal, state, common, or foreign law, that are based upon, arise from, or relate to: (i) the allegations, transactions, facts, matters, events, disclosures, public filings, acts, occurrences, representations, statements, omissions or failures to act that were alleged, in the Consolidated Third

- 9 -

Amended Complaint for Violations of the Federal Securities Laws and any other complaints filed in this action, or could have been alleged by Lead Plaintiffs or any Class Member in this action; and (ii) the purchase or acquisition of El Pollo Loco common stock or El Pollo Loco call options, or sale of El Pollo Loco put options during the Class Period.  The Released Plaintiffs' Claims will not include: (i) any claims relating to the enforcement of the Settlement; (ii) claims asserted on behalf of the Company in the shareholder derivative action filed in the Delaware Court of Chancery, entitled *Diep v. Sather, et al.*, C.A. 12760-VCL (the "Delaware Derivative Action"); and (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.  "Released Plaintiffs' Claims" includes "Unknown Claims" as defined in ¶1.41 hereof.

1.32   "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means Lead Plaintiffs, Lead Counsel, each and every Class Member, and each of their respective past or present subsidiaries, parents, affiliates, principals, successors and predecessors, joint venturers, assigns, officers, directors, shareholders, underwriters, trustees, partners, members, agents, fiduciaries, contractors, employees, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, estates, heirs, related or affiliated entities in their capacity as such. Releasing Plaintiff Parties do not include any Person who timely and validly seeks exclusion from the Class.

1.33   "Settlement" means the settlement between Lead Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

1.34   "Settlement Amount" means Twenty Million Dollars ($20,000,000.00) in cash to be paid by wire transfer or check to the Escrow Agent pursuant to ¶2.2 of this Stipulation.

- 10 -

1530618_4

1.35   "Settlement Fund" means the Settlement Amount plus all interest and income earned thereon.   Such amount is paid as consideration for the full and complete settlement of all the Released Plaintiffs' Claims.

1.36   "Settlement Hearing" means the hearing to be held by the Court to determine whether the Settlement is fair, reasonable and adequate and should be approved.

1.37   "Settling Parties" means, collectively, Defendants and Lead Plaintiffs on behalf of themselves and the Class.

1.38   "Summary Notice" means the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

1.39   "Tax" or "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, whether federal, state or local.

1.40   "Tax Expenses" means, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶2.11.

1.41   "Unknown Claims" means any and all Released Plaintiffs' Claims which the Releasing Plaintiff Parties do not know or suspect to exist in their favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims which the Released Defendant Parties do not know or suspect to exist in their favor at the time of the release of the Releasing Plaintiff Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties and the Releasing Plaintiff Parties, or might have affected his, her or its decision(s) with respect to the Settlement, including, but not limited to, the decision to object to the terms of the Settlement, to the release of the Released Defendant Parties and the Releasing Plaintiff Parties, or to exclude himself, herself, or

- 11 -

itself from the Class.  With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code Section 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to California Civil Code Section 1542.  Lead Plaintiffs, any Releasing Plaintiff Party, Defendants, or any Released Defendant Party may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but the Settling Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such

- 12 -

1  different or additional facts, legal theories, or authorities.  The Settling Parties

2  acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall

3  be deemed by operation of the Judgment to have acknowledged, that the foregoing

4  waiver was separately bargained for and is a key element of the Settlement.

5  **2.     The Settlement**

6  2.1     The obligations incurred pursuant to this Stipulation are (a) subject to

7  approval by the Court and the Judgment, reflecting such approval, becoming Final;

8  and (b) in full and final disposition of the Litigation with respect to the Releasing

9  Plaintiff Parties and Released Defendant Parties and any and all Released Plaintiffs'

10  Claims and Released Defendants' Claims.

11  **a.     The Settlement Amount**

12  2.2     In full settlement of the claims asserted in the Litigation against

13  Defendants and in consideration of the releases specified in ¶4 below, all of which the

14  Settling Parties agree are good and valuable consideration, one or more Defendants

15  shall pay or cause to be paid the Settlement Amount by wire transfer or check in

16  accordance with instructions to be provided by the Escrow Agent.  Fifty percent

17  (50%) of the Settlement Amount shall be paid within ten (10) business days after both

18  (i) entry of preliminary approval by the Court of this Settlement, and (ii) Lead

19  Counsel provides to Defendants' Counsel all necessary wire transfer instructions

20  necessary to effectuate a transfer of funds to the Escrow Account.  The remaining fifty

21  percent (50%) of the Settlement Amount shall be deposited into the Escrow Account

22  within thirty-five (35) calendar days following entry of preliminary approval by the

23  Court of this Settlement.  If the full Settlement Amount is not deposited within thirty-

24  five (35) calendar days following entry of an order from the Court preliminarily

25  approving the Settlement, then the Company shall cause to be deposited whatever

26  portion of the Settlement Amount that has yet to be deposited up to the entire

27  Settlement Amount.  Alternatively, if the entire Settlement Amount is not timely paid

28  to the Escrow Agent pursuant to this paragraph, Lead Plaintiffs may, at their sole

- 13 -

discretion, elect to terminate the Settlement, but only if: (i) Lead Counsel has notified Defendants' Counsel in writing of Lead Counsel's intention to terminate the Settlement; and (ii) the entire Settlement Amount is not transferred to the Escrow Account within five (5) business days after Lead Counsel has provided such written notice.

2.3     With the sole exception of Defendants' obligation to secure payment of the Settlement Amount into the Escrow Account as provided for in ¶2.2, the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, supervision, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, Tax Expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

2.4     Other than the obligation to cause the payment of the Settlement Amount pursuant to ¶2.2, Defendants shall have no obligation to make any other payments into the Escrow Account or to any Class Member pursuant to this Stipulation.

### b.     The Escrow Agent

2.5     The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.2 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment

- 14 -

1    decisions or actions of the Escrow Agent.  All risks related to the investment of the
2    Settlement Fund shall be borne solely by the Settlement Fund.  The Settlement Fund,
3    as a legal taxable entity, shall indemnify and hold each of the Released Defendant
4    Parties and Defendants' Counsel harmless for the actions of the Escrow Agent.

5        2.6    The Escrow Agent shall not disburse the Settlement Fund except as
6    provided in the Stipulation, by an order of the Court, or with the written agreement of
7    Defendants' Counsel.

8        2.7    Subject to further order(s) and/or directions as may be made by the Court,
9    or as provided in the Stipulation, the Escrow Agent is authorized to execute such
10   transactions as are consistent with the terms of the Stipulation.   The Released
11   Defendant Parties shall have no responsibility for, interest in, or liability whatsoever
12   with respect to the actions of the Escrow Agent, or any transaction executed by the
13   Escrow Agent.  The Settlement Fund, as a legal taxable entity, shall indemnify and
14   hold each of the Released Defendant Parties and Defendants' Counsel harmless for
15   any transaction executed by the Escrow Agent.

16       2.8    All funds held by the Escrow Agent shall be deemed and considered to be
17   in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court,
18   until such time as such funds shall be distributed or returned pursuant to the
19   Stipulation and/or further order(s) of the Court.

20       2.9    Before the Effective Date, without further approval from Defendants or
21   further order of the Court, Lead Counsel may expend up to $400,000 from the
22   Settlement Fund to pay Notice and Administration Expenses actually incurred.
23   Additional sums for this purpose before the Effective Date may be paid from the
24   Settlement Fund upon order of the Court.  Taxes and fees related to the Escrow
25   Account and investment of the Settlement Fund may be paid as incurred, without
26   further approval of Defendants or further order of the Court.  After the Effective Date,
27   without approval of Defendants or further order of the Court, all further reasonable
28   Notice and Administration Expenses, regardless of amount, may be paid as incurred.

- 15 -

1530618_4

In the event that the Settlement does not become Final, reasonable expenses actually incurred or due and owing for the above purposes, including any related fees, shall not be returned or repaid to Defendants or their insurance carriers, or any other Person or entity who or which funded the Settlement Fund.  The Released Defendant Parties shall have no responsibility for or liability whatsoever with respect to the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto.  The Settlement Fund, as a legal taxable entity, shall indemnify and hold each of the Released Defendant Parties and Defendants' Counsel harmless for any Notice and Administration Expenses.

2.10   It shall be Lead Counsel's responsibility to disseminate the Notice, Proof of Claim and Release, and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court.  Class Members shall have no recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any failure of the notice process.

**c.   Taxes**

2.11   (a)   The Settling Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation Section 1.468B-1.  The Settling Parties and the Escrow Agent further agree that the Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treasury Regulation Section 1.468B-1(c)(1).  In addition, the Escrow Agent shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this ¶2.11 including the "relation-back election" (as defined in Treasury Regulation Section 1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing(s) to occur.

- 16 -

(b)     The Settling Parties agree that the Escrow Agent shall be "administrators" of the qualified Settlement Fund for the purpose of Section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder.  The Escrow Agent shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including, without limitation, the returns described in Treasury Regulation Section 1.468B-2(k)). Such returns (as well as the election described in ¶2.11(a) hereof) shall be consistent with this ¶2.11 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of the Settlement Fund as provided in ¶2.11(c) hereof.

(c)     All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and Tax Expenses, shall be paid out of the Settlement Fund; in all events the Settling Parties and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  The Settlement Fund, as a legal taxable entity, shall indemnify and hold each of the Released Defendant Parties and Defendants' Counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court or Defendants and Lead Counsel shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts,

1530618_4

including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation Section 468B-2(l)(2)); neither the Releasing Plaintiff Parties, the Released Defendant Parties nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, their counsel, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.11.

### d.    Termination of Settlement

2.12   In the event that the Settlement is not approved or the Settlement is terminated, canceled, or fails to become effective for any reason, the Settlement Fund less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing pursuant to ¶¶2.9 and 2.11 hereof in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from Defendants' Counsel in accordance with ¶7.5 herein.

### 3.    Preliminary Approval Order and Settlement Hearing

3.1    Promptly, and not later than ten (10) business days, after execution of the Stipulation, the Settling Parties shall submit the Stipulation together with its Exhibits to the Court and Lead Plaintiffs shall move for entry of the Preliminary Approval Order, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the mailing of the Notice and publication of the Summary Notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the Settlement, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing.

3.2    Lead Counsel shall request that after notice is given, the Court hold the Settlement Hearing.  At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and

- 18 -

1   Expense Application and Lead Plaintiffs' request for an amount pursuant to 15 U.S.C.

2   §78u-4(a)(4) in connection with their representation of the Class.

3       **4.   Releases**

4       4.1   By operation of the Judgment, as of the Effective Date, as defined in

5   ¶1.11 hereof, Lead Plaintiffs and each and every Releasing Plaintiff Party, whether or

6   not such Releasing Plaintiff Party executes and delivers the Proof of Claim and

7   Release or shares in the Settlement Fund, (i) shall be deemed to have fully, finally,

8   and forever waived, released, discharged, and dismissed each and every one of the

9   Released Plaintiffs' Claims against each and every one of the Released Defendant

10  Parties; and (ii) shall forever be barred and enjoined from commencing, instituting,

11  prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any

12  and all of the Released Defendant Parties in any court of law or equity, arbitration,

13  tribunal or administrative forum.  Claims to enforce the terms of the Stipulation are

14  not released.

15      4.2   The Proof of Claim and Release to be executed by the Class Members

16  shall release all Released Plaintiffs' Claims against the Released Defendant Parties

17  and shall be substantially in the form contained in Exhibit A-2 attached hereto.

18      4.3   By operation of the Judgment, as of the Effective Date, as defined in

19  ¶1.11 hereof, Defendants and each and every Released Defendant Party shall be

20  deemed to have fully, finally, and forever waived, released, discharged, and dismissed

21  each and every one of the Released Defendants' Claims against each and every one of

22  the Releasing Plaintiff Parties and shall forever be barred and enjoined from

23  commencing, instituting, prosecuting, or maintaining any and all of the Released

24  Defendants' Claims against any and all of the Releasing Plaintiff Parties.  Claims to

25  enforce the terms of the Stipulation are not released.

26

27

28

1530618_4

1

2

**5.    Provision of Notice, Administration and Calculation of
Claims, Final Awards and Supervision and Distribution of
the Settlement Fund**

3      5.1    As part of the Preliminary Approval Order, Lead Counsel shall seek

4  appointment of a Claims Administrator.  The Claims Administrator shall administer

5  the Settlement, including, but not limited to, the process of receiving, reviewing, and

6  approving or denying Claims, under Lead Counsel's supervision and subject to the

7  jurisdiction of the Court.   Other than El Pollo Loco's obligation to provide its

8  securities holders records as provided in ¶5.2 below, the Released Defendant Parties

9  and Defendants' Counsel shall have no responsibility for or interest in whatsoever

10  with respect to the administration of the Settlement or the actions or decisions of the

11  Claims Administrator, and shall have no liability whatsoever to the Releasing Plaintiff

12  Parties, including Lead Plaintiffs, any other Class Members, or Lead Counsel, in

13  connection with such administration, including, but not limited to, with respect to:

14  (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, and/or the

15  Claims Administrator, or any of their respective designees or agents, in connection

16  with the administration of the Settlement or otherwise; (ii) the management,

17  supervision or investment of the Settlement Fund or the Net Settlement Fund, or the

18  distribution of the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the

19  determination, administration, calculation, or payment of any claims asserted against

20  the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the

21  Settlement Fund; or (vi) the payment or withholding of any taxes, expenses, and/or

22  costs incurred with the taxation of the Settlement Fund or the filing of any federal,

23  state, or local returns.  Defendants' Counsel shall cooperate in the administration of

24  the Settlement to the extent reasonably necessary to effectuate its terms.  The Released

25  Defendants' Parties and Defendants shall take no position as to the Plan of Allocation.

26      5.2    In accordance with the terms of the Preliminary Approval Order, Lead

27  Counsel shall cause the Claims Administrator to mail the Notice and Claim Form to

28  those Members of the Class as may be identified through reasonable effort.  Lead

- 20 -

Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purposes of identifying and providing Notice to the Class, within five (5) calendar days of the date of entry of the Preliminary Approval Order, El Pollo Loco shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) a list (consisting of names and addresses) of the holders of the El Pollo Loco common stock during the Class Period.

5.3     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the Claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.4     The Settlement Fund shall be applied as follows:

(a)     to pay all Notice and Administration Expenses as described in ¶2.9 hereof;

(b)     to pay the Taxes and Tax Expenses as described in ¶2.11 hereof;

(c)     to pay the Fee and Expense Award to Lead Counsel and to pay Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class, if and to the extent allowed by the Court; and

(d)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.5     After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following provisions of this Stipulation.

1530618_4

5.6     Within seventy-five (75) calendar days after the mailing of the Notice or such other time as may be set by the Court, each Class Member claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

5.7     The Claims Administrator shall receive Claims and, under the supervision of Lead Counsel, determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

5.8     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby, but will bear no liability for failing to accept such late Claims.

5.9     Proofs of Claim and Release that do not meet the submission requirements may be rejected.  Prior to rejection of a Proof of Claim and Release, the Claims Administrator shall communicate with the Claimant in order to remedy the curable deficiencies in the Proofs of Claim and Release submitted.  The Claims Administrator, under supervision of Lead Counsel, if necessary, shall notify, in a

- 22 -

1  timely fashion and in writing, all Claimants whose Proofs of Claim and Release it

2  proposes to reject in whole or in part, setting forth the reasons therefore, and shall

3  indicate in such notice that the Claimant whose Claim is to be rejected has the right to

4  a review by the Court if the Claimant so desires and complies with the requirements of

5  ¶5.10 below.

6      5.10   If any Claimant whose Claim has been rejected in whole or in part desires

7  to contest such rejection, the Claimant must, within twenty (20) calendar days after

8  the mailing of the notice required in ¶5.9 above, or within ten (10) business days if the

9  Claim was untimely, serve upon the Claims Administrator a notice and statement of

10  reasons indicating the Claimant's grounds for contesting the rejection along with any

11  supporting documentation, and requesting a review thereof by the Court.  If a dispute

12  concerning a Claim cannot otherwise be resolved, Lead Counsel shall thereafter

13  present the request for review to the Court.  The administrative determination of the

14  Claims Administrator accepting and rejecting Claims shall be presented to the Court

15  and, on notice to Defendants' Counsel, for approval by the Court.  Defendants shall

16  not take a position on the administrative determinations of the Claims Administrator.

17      5.11   Each Claimant who declines to be excluded from the Class shall be

18  deemed to have submitted to the jurisdiction of the Court with respect to the

19  Claimant's Claim, including, but not limited to, all releases provided herein and in the

20  Judgment, and the Claim will be subject to investigation and discovery under the

21  Federal Rules of Civil Procedure, provided that such investigation and discovery shall

22  be limited to that Claimant's status as a Class Member and the validity and amount of

23  the Claimant's Claim.  No discovery shall be allowed on the merits of the Litigation or

24  Settlement in connection with the processing of the Claims.  All proceedings with

25  respect to the administration, processing and determination of Claims and the

26  determination of all controversies relating thereto, including disputed questions of law

27  and fact with respect to the validity of Claims, shall be subject to the jurisdiction of

28  the Court, but shall not in any event delay or affect the finality of the Judgment.  All

1530618_4

1  Class Members, other Claimants, and parties to this Settlement expressly waive trial

2  by jury (to the extent any such right may exist) and any right of appeal or review with

3  respect to such determinations.

4      5.12   Payment pursuant to this Stipulation and Plan of Allocation shall be

5  deemed Final and conclusive against all Claimants.  All Class Members whose Claims

6  are not approved shall be barred from participating in a distribution from the Net

7  Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation

8  and the Settlement, including the terms of the Judgment to be entered in the Litigation

9  and the releases provided for herein, and shall be banned from bringing any action

10  against the Released Defendant Parties concerning the Released Plaintiffs' Claims.

11      5.13   Following the Effective Date, the Net Settlement Fund shall be

12  distributed to the Authorized Claimants substantially in accordance with the Plan of

13  Allocation approved by the Court.  If there is any balance remaining in the Net

14  Settlement Fund after a reasonable period of time after the date of the initial

15  distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and

16  economical, reallocate such balance among Authorized Claimants.   These

17  redistributions shall be repeated until the balance remaining in the Net Settlement

18  Fund is *de minimis*.  Thereafter, any balance which still remains in the Net Settlement

19  Fund shall be donated to the Los Angeles County Bar Foundation Counsel for Justice.

20      5.14   The Released Defendant Parties shall have no responsibility for, interest

21  in, or liability whatsoever with respect to the distribution of the Net Settlement Fund,

22  the Plan of Allocation, the determination, administration, or calculation of Claims, the

23  payment or withholding of Taxes or Tax Expenses, or any losses incurred in

24  connection therewith.  No Person shall have any claim of any kind against the

25  Released Defendant Parties or Defendants' Counsel with respect to the matters set

26  forth in ¶¶5.1-5.13 hereof.  The Class Members, Lead Plaintiffs and Lead Counsel

27  release the Released Defendant Parties from any and all liability and claims arising

28

- 24 -

from or with respect to the administration, investment or distribution of the Settlement Fund.

5.15    No Person shall have any claim against the Released Defendant Parties, Defendants' Counsel, Lead Plaintiffs, Lead Counsel or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.16    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth herein, or any orders entered pursuant to the Stipulation.

## 6.    Lead Counsel's Attorneys' Fees and Expenses

6.1    Lead Counsel will submit a Fee and Expense Application on behalf of all Plaintiffs' Counsel for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.  Lead Counsel reserve the right to make additional applications for fees and expenses incurred.  In addition, Lead Plaintiffs may also submit a request for an amount pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class.

6.2    Any attorneys' fees and expenses awarded by the Court shall be paid from the Settlement Fund to Lead Counsel immediately upon entry of the Judgment and an Order awarding such attorneys' fees and expenses, notwithstanding the

1  existence of any timely filed objections thereto or to the Settlement, or potential for

2  appeal therefrom, or collateral attack on the awarded fees and expenses, the

3  Settlement, or any part thereof.  Lead Counsel shall allocate any Court-awarded

4  attorneys' fees and expenses among other Plaintiffs' Counsel, in a manner in which

5  they in good faith believe reflects the contributions of such counsel to the initiation,

6  prosecution, and resolution of the Litigation.

7       6.3     In the event that the Effective Date does not occur, the Order and Final

8  Judgment or the order making the Fee and Expense Award is reversed or modified, or

9  the Stipulation of Settlement is canceled or terminated for any other reason, and in the

10 event that the Fee and Expense Award has been paid to any extent, then Plaintiffs'

11 Counsel and Lead Plaintiff who have received any portion of the Fee and Expense

12 Award shall within five (5) business days from receiving notice from Defendants'

13 Counsel or from a court of appropriate jurisdiction refund to the Settlement Fund all

14 fees, costs, and expenses previously paid to them from the Settlement Fund plus

15 interest thereon at the same rate as earned on the Settlement Fund in an amount

16 consistent with such reversal, modification, cancellation or termination.  Each such

17 Plaintiffs' Counsel's law firm or Lead Plaintiff, as a condition of receiving such fees,

18 costs, and expenses, on behalf of itself and each partner and/or shareholder of it,

19 agrees that the law firm and its partners and/or shareholders are subject to the

20 jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

21 Any refunds required pursuant to this paragraph ¶6.3 shall be the several obligation of

22 Lead Counsel, other Plaintiffs' Counsel and Lead Plaintiff that received fees or

23 expenses to make appropriate refunds or repayments to the Settlement Fund.

24      6.4     The procedure for and the allowance or disallowance by the Court of any

25 applications by any Plaintiffs' Counsel for attorneys' fees and expenses, or the

26 amounts requested by Lead Plaintiffs, to be paid out of the Settlement Fund, are not

27 part of the Settlement set forth in the Stipulation, and are to be considered by the

28 Court separately from the Court's consideration of the fairness, reasonableness, and

adequacy of the Settlement set forth in the Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement.  Any order or proceeding relating to the proposed application for a Fee and Expense Award, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation of Settlement or affect or delay the validity or finality of the Court's Judgment approving the Stipulation and the Settlement of the Litigation set forth therein, or any other orders entered pursuant to the Stipulation of Settlement.

6.5    Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.  The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or expenses (including Taxes) to Lead Counsel, Plaintiffs' Counsel, or any other plaintiffs and counsel.

6.6    The Released Defendant Parties shall have no responsibility for the allocation among Plaintiffs' Counsel, any other counsel who have represented one or more plaintiffs in the Litigation, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

**7.    Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1    The Effective Date of the Stipulation shall be three (3) business days after all of the following conditions have been met and occurred:

(a)    Execution of the Stipulation of Settlement and such other documents as may be required to obtain final Court approval of the Stipulation of Settlement in a form satisfactory to the Settling Parties;

(b)    The Court has entered the Preliminary Approval Order;

(c)    The Settlement Amount has been deposited into the Escrow Account, as set forth in ¶2.2 hereof;

- 27 -

(d)    Defendants have not exercised their option to terminate the Stipulation of Settlement; and

(e)    The Court has entered the Judgment approving the Stipulation of Settlement, and the Judgment has become Final.

7.2    This is not a claims made settlement.  Upon the Effective Date, the Released Defendant Parties, including Defendants, Defendants' insurers, and/or any other Person funding the Settlement on behalf of the Defendants, shall have no interest in the Settlement Fund or in the Net Settlement Fund and shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.  The Released Defendant Parties shall not have any liability, obligation, or responsibility for the payment of claims, Taxes, legal fees, or any other expenses payable from the Settlement Fund.  If the conditions specified in ¶7.1 hereof are not met, then the Settlement shall be canceled and terminated subject to ¶¶7.4, 7.5 and 7.8 hereof unless Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with the Settlement.  For the avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel or amounts to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.3    If prior to the Settlement Hearing, the aggregate number of shares of El Pollo Loco common stock purchased or acquired and shares underlying exchange-traded call options on El Pollo Loco common stock purchased or acquired, or exchange-traded put options sold, during the Class Period by Persons who would otherwise be Class Members, but who request exclusion from the Class, exceeds the sum specified in a separate supplemental agreement between Lead Plaintiffs and Defendants by and through their counsel (the "Supplemental Agreement"), Defendants shall have the discretion to terminate this Stipulation and render it null and

void in accordance with the procedures set forth in the Supplemental Agreement. The Settling Parties agree to maintain the confidentiality of the Supplemental Agreement. The Supplemental Agreement shall not be filed with the Court unless and until a dispute arises between the Settling Parties concerning its interpretation or application, or as otherwise ordered by the Court. The Supplemental Agreement shall not otherwise be disclosed in any manner unless ordered by the Court. If required by the Court, the Supplemental Agreement and/or any of its terms may be disclosed *in camera* to the Court for purposes of approval of the Settlement, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the threshold aggregate number of shares.

7.4     Unless otherwise ordered by the Court, in the event the Settlement is not approved or the Settlement is terminated, canceled, or fails to become effective for any reason, within five (5) business days after joint written notification of such event is sent by Defendants' Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been disbursed pursuant to ¶¶2.9 and 2.11 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.9 and 2.11 hereof, shall be refunded by the Escrow Agent pursuant to written instructions from Defendants' Counsel. The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written instructions from Defendants' Counsel. In the event that the funds received by Lead Counsel consistent with ¶6.2 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent pursuant to written instructions from Defendants' Counsel immediately upon their deposit into the Escrow Account consistent with ¶6.3 above.

1530618_4

7.5    In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of January 15, 2019.  In such event, the terms and provisions of the Stipulation and any aspect of the discussions or negotiations leading to this Stipulation, with the exception of ¶¶1.1-1.41, 2.9, 2.11, 6.3-6.4, 7.5-7.7, 8.4, and 8.6 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be admissible in this Litigation and shall not be used against or to the prejudice of Defendants or against or to the prejudice of Lead Plaintiffs, in any court filing, deposition, at trial, or otherwise, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

7.6    If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.9 or 2.11.  In addition, any expenses already incurred pursuant to ¶¶2.9 or 2.11 hereof at the time of such termination or cancellation but which have not been paid shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.12 and 7.5 hereof.

7.7    Each Defendant warrants and represents as to himself, herself or itself only, that he, she or it is not "insolvent" within the meaning of 11 U.S.C. §101(32) as of the time the Stipulation is executed and as of the time the payments of the Settlement Amount are actually transferred or made as reflected in the Stipulation.

7.8    If, before the Effective Date occurs, any Defendant files for protection under the Bankruptcy Code or any similar law or a trustee, receiver, conservator, or other fiduciary is appointed under Bankruptcy, in the event of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of any

- 30 -

1   Defendant to be a preference, voidable transfer, fraudulent transfer or similar
2   transaction under Title 11 of the United States Code (Bankruptcy) or applicable state
3   law and any portion thereof is required to be refunded and such amount is not
4   promptly deposited in the Settlement Fund by or on behalf of any other Defendant,
5   then, at the election of Lead Counsel, as to the Defendant as to whom such order
6   applies, the Settlement may be terminated and the releases given and the Judgment
7   entered in favor of such defendant pursuant to the Settlement shall be null and void.
8   In such instance, the releases given and the Judgment entered in favor of other
9   defendants shall remain in full force and effect.  Alternatively, Lead Counsel may
10  elect to terminate the entire settlement as to all Defendants and all of the releases
11  given and the Judgment entered in favor of the Defendants pursuant to the Settlement
12  shall be null and void and Lead Plaintiff(s) may proceed as if the Settlement were
13  never entered into.

14  **8.    Miscellaneous Provisions**

15      8.1    The Settling Parties (a) acknowledge that it is their intent to consummate
16  this agreement; and (b) agree to cooperate to the extent reasonably necessary to
17  effectuate and implement all terms and conditions of the Stipulation and to exercise
18  their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

19      8.2    The Settling Parties intend the Settlement to be the full, final, and
20  complete resolution of all claims asserted or that could have been asserted by the
21  Settling Parties with respect to the Litigation, Released Plaintiffs' Claims and
22  Released Defendants' Claims.  The Settlement compromises claims which are
23  contested and shall not be deemed an admission by any Settling Party as to the merits
24  of any claim or defense.  Pursuant to 15 U.S.C. §78u-4(c)(1), the Judgment will
25  contain a finding that, during the course of the Litigation, the Settling Parties and their
26  respective counsel at all times complied with the requirements of Federal Rule of
27  Civil Procedure 11 in connection with the maintenance, prosecution, defense, and
28  settlement of the Litigation and shall not make any application for sanctions, pursuant

1   to Rule 11 or other court rule or statute, with respect to any claim or defense in this

2   Litigation.  The Settling Parties agree that the Settlement Amount and the other terms

3   of the Settlement were negotiated at arm's length and in good faith by the Settling

4   Parties, and reflect a settlement that was reached voluntarily based upon adequate

5   information and after consultation with competent legal counsel.  The Settling Parties

6   reserve their right to rebut, in a manner that such party determines to be appropriate,

7   any contention made in any public forum regarding the Litigation, including that the

8   Litigation was brought or defended in bad faith or without a reasonable basis.

9       8.3     The Settling Parties shall, in good faith, endeavor to communicate the

10  terms of the Settlement, if at all, in a manner that is respectful of the fact that no final

11  adjudication of fault was determined by a court or a jury.

12      8.4     By entering into this Stipulation, Defendants neither individually nor

13  collectively admit any liability or wrongdoing.  In particular:

14          (a)     Defendants deny that they have committed or intended to commit

15  any wrongdoing or violations of law as alleged in any complaint in the Litigation, and

16  maintain that their conduct was at all times proper and in compliance with applicable

17  provisions of law; and

18          (b)     Defendants further deny that they made any material misstatements

19  or omissions, that they acted with the requisite state of mind, that they traded El Pollo

20  Loco securities while in possession of non-public material information, that any Lead

21  Plaintiff or Class Member has suffered any damages as a result of any conduct alleged

22  in this Litigation or that could have been alleged therein.  This Stipulation, whether or

23  not consummated, and whether or not approved by the Court, and any discussions,

24  negotiations, acts performed, proceedings, communications, drafts, documents, or

25  agreements relating to this Stipulation, the Settlement, and any matters arising in

26  connection with them, shall not be offered or received against or to the prejudice of

27  any Defendant for any purpose other than in an action to enforce the terms of this

28  Stipulation, or the Settlement, and in particular do not constitute, and shall not be

1   described as, construed as, or otherwise offered or received against any Defendant as

2   evidence of (or deemed to be evidence of) any admission, concession, or presumption

3   by any of the Defendants with respect to: (i) the truth of any allegation in any

4   complaint filed, or any amended complaint proposed to be filed, in this Litigation;

5   (ii) the validity of any claim that has been or could have been asserted in this

6   Litigation or in any litigation or proceeding in any forum; (iii) the deficiency of any

7   defense that has been or could have been asserted in this Litigation or in any other

8   litigation or proceeding in any forum; or (iv) any liability, damages, negligence, fault,

9   or wrongdoing of any Defendant whatsoever.

10       8.5     Defendants and/or Released Defendant Parties may file this Stipulation

11   and/or the Judgment in any action that may be brought against them in order to

12   support a defense or counterclaim based on principles of *res judicata*, collateral

13   estoppel, release, statute of limitations, statute of repose, good-faith settlement,

14   judgment bar or reduction, or any theory of claim preclusion or issue preclusion or

15   similar defense or counterclaim, or to effectuate any liability protection granted them

16   under any applicable insurance policy.  The Settling Parties may file this Stipulation

17   and/or the Judgment in any action that may be brought to enforce the terms of this

18   Stipulation and/or the Judgment.

19       8.6     All agreements made and orders entered during the course of the

20   Litigation relating to the confidentiality of information shall survive this Stipulation.

21       8.7     All of the Exhibits to the Stipulation, and the Supplemental Agreement,

22   are material and integral parts hereof and are fully incorporated herein by this

23   reference.

24       8.8     The Stipulation, along with its Exhibits and the Supplemental Agreement,

25   may be amended or modified only by a written instrument signed by or on behalf of

26   all Settling Parties or their respective successors-in-interest.

27

28

1530618_4

8.9     The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

8.10    The Stipulation, its Exhibits, and the Supplemental Agreement constitute the entire agreement among the Settling Parties and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

8.11    Lead Counsel, on behalf of the Class, are expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

8.12    All counsel and any other person executing this Stipulation, its Exhibits, the Supplemental Agreement, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms, without requiring additional consent, approval, or authorization of any other Person, board, entity, tribunal, or other regulatory or governmental authority.

8.13    The Stipulation may be executed in one or more counterparts.   All executed counterparts and each of them shall be deemed to be one and the same instrument.   A complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or pdf via e-mail shall be deemed originals.

8.14    All notices, requests, demands, claims and other communications hereunder shall be in writing and shall be deemed duly given (i) when delivered personally to the recipient; (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid) or by e-mail; or (iii) seven (7)

- 34 -

1   business days after being mailed to the recipient by certified or registered mail, return

2   receipt requested and postage prepaid, and addressed to the intended recipient as set

3   forth below:

4   **If to Lead Plaintiffs or to Lead Counsel:**

5   ROBBINS GELLER RUDMAN
      & DOWD LLP
6   RYAN A. LLORENS
    LAURIE L. LARGENT
7   KEVIN A. LAVELLE
    655 West Broadway, Suite 1900
8   San Diego, CA  92101
    ryanl@rgrdlaw.com
9   llargent@rgrdlaw.com
    klavelle@rgrdlaw.com
10
    THE ROSEN LAW FIRM, P.A.
11  LAURENCE M. ROSEN
    355 South Grand Avenue, Suite 2450
12  Los Angeles, CA  90071
    lrosen@rosenlegal.com
13
    **If to Defendants or to Defendants' Counsel:**
14
    SKADDEN, ARPS, SLATE,
15     MEAGHER & FLOM LLP
    JASON D. RUSSELL
16  300 South Grand Avenue, Suite 3400
    Los Angeles, CA 90071
17  jason.russel@skadden.com

18  SKADDEN, ARPS, SLATE,
       MEAGHER & FLOM LLP
19  JAY B. KASNER
    ROBERT A. FUMERTON
20  4 Times Square
    New York, NY 10036
21  jay.kasner@skadden.com
    robert.fumerton@skadden.com
22
23      8.15    This Stipulation shall be binding when signed, but the Settlement shall be

24  effective upon the entry of the Judgment and the payment in full of the Settlement

    Amount, subject only to the condition that the Effective Date will have occurred.
25
26      8.16    The Stipulation shall be binding upon, and inure to the benefit of, the

27  successors and assigns of the Settling Parties hereto.

28

1530618_4

1       8.17   The headings herein are used for the purpose of convenience only and are
2 not meant to have legal effect.

3       8.18   All Settling Parties submit to the jurisdiction of the Court for purposes of
4 implementing and enforcing the Settlement.  The administration and consummation of
5 the Settlement as embodied in this Stipulation shall be under the authority of the
6 Court, and the Court shall retain jurisdiction for the purpose of entering orders
7 providing for awards of attorneys' fees and any expenses, and implementing and
8 enforcing the terms of this Stipulation.

9       8.19   This Stipulation, its Exhibits, and the Supplemental Agreement shall be
10 considered to have been negotiated, executed and delivered, and to be wholly
11 performed, in the State of California.  The construction, interpretation, operation,
12 effect, and validity of this Stipulation, its Exhibits, the Supplemental Agreement, and
13 all documents necessary to effectuate them, shall be governed by the internal,
14 substantive laws of the State of California without giving effect to that State's choice-
15 of-law principles, except to the extent that federal law requires that federal law
16 govern.

17       8.20   This Stipulation shall not be construed more strictly against one Settling
18 Party than another merely by virtue of the fact that it, or any part of it, may have been
19 prepared by counsel for one of the Settling Parties, it being recognized that it is the
20 result of arm's-length negotiations among the Settling Parties, and all Settling Parties
21 have contributed substantially and materially to the preparation of this Stipulation.

22       8.21   Nothing in the Stipulation, or the negotiations relating thereto, is intended
23 to or shall be deemed to constitute a waiver of any applicable privilege or immunity,
24 including, without limitation, attorney-client privilege, joint defense privilege, or work
25 product protection.

26       8.22   Pending approval of the Court of this Stipulation and its Exhibits, all
27 proceedings in this Litigation shall be stayed and all Class Members shall be barred
28

1530618_4

1 | and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of
2 | the Released Defendant Parties.

3 |     8.23   Unless otherwise provided, the Settling Parties may agree to reasonable
4 | extensions of time to carry out any of the provisions of this Stipulation without further
5 | order of the Court.

6 |     8.24   Except as otherwise provided herein, each party shall bear its own costs.

7 |     IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be
8 | executed, by their duly authorized attorneys, dated April 3, 2019.

ROBBINS GELLER RUDMAN
& DOWD LLP
RYAN A. LLORENS
LAURIE L. LARGENT
KEVIN A. LAVELLE

_____
RYAN A. LLORENS

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

THE ROSEN LAW FIRM, P.A.
LAURENCE M. ROSEN

Laurence  M.  Rosen / SRH
_____
LAURENCE M. ROSEN

355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: 213/785-2610
213/226-4684 (fax)

- 37 -

THE ROSEN LAW FIRM, P.A.
PHILIP KIM
JONATHAN R. HORNE
JOSHUA E. BAKER
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: 212/686-1060
212/202-3827 (fax)

Co-Lead Counsel for Plaintiffs

HAEGGQUIST & ECK, LLP
AMBER L. ECK
225 Broadway, Suite 2050
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

GOLDBERG LAW PC
MICHAEL GOLDBERG
13650 Marina Pointe Dr., Suite 1404
Marina Del Rey, CA 90292
Telephone: 800/977-7401
800/536-0065 (fax)

Attorneys for Plaintiffs

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
JASON D. RUSSELL

_J___D_R_____ (WPH)
_____
        JASON D. RUSSELL

300 S. Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone.: 213/687-5000
213/687-5600 (fax)
jason.russell@skadden.com

- 38 -

1530618_4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
JAY B. KASNER (*admitted pro hac vice*)
ROBERT A. FUMERTON (*admitted pro hac vice*)
Four Times Square
New York, NY 10036
Telephone:  (212/735-3000
212/735-2000 (fax)
jay.kasner@skadden.com
robert.fumerton@skadden.com

Attorneys for Defendants El Pollo Loco
Holdings, Inc., Trimaran Capital Partners,
Trimaran Pollo Partners, L.L.C., Freeman
Spogli & Co., Stephen J. Sather, Laurance
Roberts and Edward J. Valle

1530618_4

INDEX OF EXHIBITS TO STIPULATION OF SETTLEMENT

| DOCUMENT | EXHIBIT |
|---|---|
| [Proposed] Order Preliminarily Approving Settlement and Providing for Notice | A |
| Notice of Pendency and Settlement of Class Action | A-1 |
| Proof of Claim and Release | A-2 |
| Summary Notice | A-3 |
| [Proposed] Final Judgment and Order of Dismissal with Prejudice | B |

# EXHIBIT A

1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  RYAN A. LLORENS (225196)
   LAURIE L. LARGENT (153493)
3  KEVIN A. LAVELLE (292442)
   655 West Broadway, Suite 1900
4  San Diego, CA  92101
   Telephone:  619/231-1058
5  619/231-7423 (fax)
   ryanl@rgrdlaw.com
6  llargent@rgrdlaw.com
   klavelle@rgrdlaw.com
7
   THE ROSEN LAW FIRM, P.A.
8  LAURENCE M. ROSEN (219683)
   355 South Grand Avenue, Suite 2450
9  Los Angeles, CA  90071
   Telephone:  213/785-2610
10 213/226-4684 (fax)
   lrosen@rosenlegal.com
11
   Co-Lead Counsel for Plaintiffs
12

13                  UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                      SOUTHERN DIVISION

16 DANIEL TUROCY, et al., Individually  )  Case No. 8:15-cv-01343-DOC-KES
   and on Behalf of All Others Similarly )  (**Consolidated**)
17 Situated,                             )
                                         )  CLASS ACTION
18                    Plaintiffs,        )
                                         )  [PROPOSED] ORDER
19         vs.                           )  PRELIMINARILY APPROVING
                                         )  SETTLEMENT AND PROVIDING
20 EL POLLO LOCO HOLDINGS, INC.,         )  FOR NOTICE
   et al.,                               )
21                                       )  EXHIBIT A
                      Defendants.        )
22 _____)

23

24

25

26

27

28

1531005_4

WHEREAS, an action is pending before this Court entitled *Daniel Turocy, et al. v. El Pollo Loco Holdings, Inc., et al.*, Case No. 8:15-cv-01343-DOC-KES (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with a Stipulation of Settlement dated April 3, 2019 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      After a preliminary review, the Court has concluded that it may be able to approve the Settlement under Rule 23(e)(2) as fair, adequate and reasonable.  The Court finds probative that the Settlement was negotiated at arm's length under the oversight of an experienced mediator.  The Settlement warrants notice thereof as set forth below and a full hearing on the Settlement.  Accordingly, the Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.      A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2019, at _:__ _.m. [a date that is at least 100 days from the date of this Order], at the United States District Court for the Central District of California, Southern Division, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Courtroom 9D, Santa Ana, CA 92701, for the following purposes:

(a)      to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

- 1 -

1531005_4

(b)     to finally determine whether Judgment as provided under ¶1.18 of the Stipulation should be entered, dismissing the Third Amended Complaint on the merits and with prejudice, and to determine whether the release by the Class of the Released Defendant Parties as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any Released Plaintiffs' Claims or Released Defendants' Claims extinguished by the Settlement;

(c)     to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair, reasonable, and adequate and should be approved by the Court;

(d)     to consider any application of Lead Counsel for an award of attorneys' fees and expenses, and any application for an award to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class;

(e)     to consider any Class Members' timely objections to the Settlement, Plan of Allocation or application for fees and expenses; and

(f)     to rule upon such other matters as the Court may deem appropriate.

3.     The Court may adjourn the Settlement Hearing without further notice to the Members of the Class, and reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the parties and without further notice to the Class where to do so would not impair Class Members' rights in a manner inconsistent with Rule 23 and due process of law.  The Court further reserves the right to enter its Judgment approving the Settlement and dismissing the Third Amended Complaint and Released Plaintiffs' Claims, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses or made awards to Lead Plaintiffs.

4.     The Court approves, as to form and content, the Notice of Pendency and Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim") and the Summary Notice ("Summary Notice"), annexed hereto as

- 2 -

1531005_4

Exhibit A
- 43 -

Exhibits A-1, A- 2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶7-8 of this Order, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5.    The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

6.    El Pollo Loco shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Lead Plaintiffs, the Settlement Fund, Lead Counsel or the Claims Administrator, within five (5) calendar days after the Court enters this Order, documentation or data in the possession of El Pollo Loco or its present or former stock transfer agents sufficient to identify to the extent available the record holders of El Pollo Loco common stock or exchange-traded call options, or who sold exchange-traded El Pollo Loco put options, during the period from May 15, 2015 through August 13, 2015, inclusive, and their last known addresses or other similar information.  El Pollo Loco shall provide this documentation in an electronic searchable form, such as Excel.

7.    Lead Counsel, through the Claims Administrator, shall commence mailing the Notice and Proof of Claim, substantially in the forms annexed hereto, within ten (10) calendar days after the Court signs this Order (the "Notice Date"), or by _____, 2019, by first-class mail to all Class Members who can be identified with reasonable effort, and to be posted on the Settlement website at www.ElPolloLocoSecuritiesSettlement.com.

8.    Not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.

- 3 -

1531005_4

9.      At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

10.      Nominees who purchased or acquired El Pollo Loco common stock or exchange-traded call options, or who sold exchange-traded El Pollo Loco put options ("Securities") for the beneficial ownership of Class Members during the Class Period shall: (a) within seven (7) calendar days of receipt of the Notice and the Proof of Claim ("Notice Packet"), request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those copies of the Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice Packet, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses actually incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund up to a maximum of $0.70 per notice, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

11.      In order to be entitled to participate in the recovery from the Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

(a)      A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the post office box or electronic mailbox indicated in the Notice and Proof of Claim, postmarked no later than seventy-five (75) calendar days from the Notice Date.  Such deadline may be further extended by Order of the Court.  Each Proof of Claim shall be deemed to have been submitted when

- 4 -

legibly postmarked (if properly addressed and mailed by first-class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Settlement Fund.   Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b)     The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined.   Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least seven (7) calendar days) to attempt to cure such deficiency if it shall appear that such deficiency may be cured.

(d)     For the filing of and all determinations concerning their Proof of Claim, each Class Member shall submit to the jurisdiction of the Court.

- 5 -

1531005_4

12.     Any Class Member who does not timely submit a valid and timely Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Settlement Fund to Authorized Claimants is not materially delayed thereby, but will bear no liability for failing to accept such late claims.

13.     Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

14.     All Class Members shall be bound by all determinations and judgments in this Litigation, whether favorable or unfavorable, unless such persons request to be excluded, or "opt out," from the Class.  A Class Member wishing to be excluded from the Class must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by first-class mail, or otherwise hand-deliver it, such that it is postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing, or _____ 2019, to the addresses listed in the Notice.  A Request for Exclusion must be signed and must legibly state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the number of shares of El Pollo Loco Securities that the Person requesting exclusion (i) owned as of the opening of trading on May 15, 2015, and (ii) purchased, acquired and/or sold during the Class Period, as well as the dates and prices for each such purchase, acquisition and sale; and (c) that the Person wishes to be excluded from the Class in *Daniel Turocy, et al. v. El Pollo Loco Holdings, Inc., et al.*, Case No. 8:15-cv-01343-DOC-KES.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution

- 6 -

of the Net Settlement Fund, and shall not be bound by the Stipulation or any Judgment.  Unless otherwise ordered by the Court, any Class Member who does not submit a valid and timely written Request for Exclusion as provided by this paragraph shall be bound by the Stipulation.

15.    The Claims Administrator or Lead Counsel shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion within five (5) calendar days of receipt.

16.    The Court will consider comments or objections to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and expenses, including Lead Plaintiffs' request for an award pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class, only if such comments or objections and any supporting papers are served by hand or sent by first-class mail, and are received at least twenty-one (21) calendar days prior to the Settlement Hearing, or _____, 2019, to:

### Co-Lead Counsel for the Class

Robbins Geller Rudman & Dowd LLP
Ryan A. Llorens
655 West Broadway, Suite 1900
San Diego, CA  92101

### Counsel for Defendants

Skadden, Arps, Slate, Meagher & Flom LLP
Jason D. Russell
300 S. Grand Avenue, Suite 3400
Los Angeles, CA  90071

Those comments or objections and any supporting papers must also be filed with the Clerk of the United States District Court for the Central District of California, Southern Division, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, CA 92701, at least twenty-one (21) calendar days prior to the Settlement Hearing, or _____, 2019.  Attendance at the Settlement Hearing is not necessary but any Person wishing to be heard orally in opposition to the

- 7 -

Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses or awards to Lead Plaintiffs are required to indicate in their written objection whether they intend to appear at the Settlement Hearing.  The notice of objection must include documentation establishing the objecting Person's membership in the Class, including the number of shares of El Pollo Loco Securities that the objecting Person (i) owned as of the opening of trading on May 15, 2015, and (ii) purchased, acquired and/or sold during the Class Period, as well as the dates and prices for each such purchase, acquisition or sale, and state with specificity the grounds for the objection, copies of any papers, briefs, or other documents upon which the objection is based, and the objector's signature, even if represented by counsel.  The objection must state whether it applies only to the objector, to a specific subset of the Class or to the entire Class. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the reasonableness, fairness or adequacy of the Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or awards of the Lead Plaintiffs, unless otherwise ordered by the Court.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval of the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses or awards to Lead Plaintiffs.

17.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18.    All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by counsel for the Lead Plaintiffs for attorneys' fees and expenses or by Lead Plaintiffs for an award pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class shall be

- 8 -

1531005_4

filed and served no later than thirty-five (35) calendar days before the Settlement Hearing, or _____, 2019.  Replies to any objections shall be filed and served at least seven (7) calendar days prior to the Settlement Hearing, or _____, 2019.

19.     The Released Defendant Parties shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation and Released Plaintiffs' Claims.

20.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

21.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.

22.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

23.     If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante*.

24.     Pending final determination of whether the proposed Settlement should be approved, neither the Lead Plaintiffs, nor any Class Member, directly or indirectly,

- 9 -

1531005_4

representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendant Parties, any action or proceeding in any court or tribunal asserting any of the Released Plaintiffs' Claims.

25.    The Court's orders entered during this Litigation relating to the confidentiality of information shall survive this Settlement.

IT IS SO ORDERED.

DATED: _____          _____
                                   THE HONORABLE DAVID O. CARTER
                                   UNITED STATES DISTRICT JUDGE

1531005_4

# EXHIBIT A-1

ROBBINS GELLER RUDMAN
  & DOWD LLP
RYAN A. LLORENS (225196)
LAURIE L. LARGENT (153493)
KEVIN A. LAVELLE (292442)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ryanl@rgrdlaw.com
llargent@rgrdlaw.com
klavelle@rgrdlaw.com

THE ROSEN LAW FIRM, P.A.
LAURENCE M. ROSEN (219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA  90071
Telephone:  213/785-2610
213/226-4684 (fax)
lrosen@rosenlegal.com

Co-Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DANIEL TUROCY, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>EL POLLO LOCO HOLDINGS, INC., et al.,<br><br>                    Defendants. | Case No. 8:15-cv-01343-DOC-KES (**Consolidated**)<br><br>CLASS ACTION<br><br>NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION<br><br>EXHIBIT A-1 |

1531723_4

***A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.***

**NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Litigation") if you purchased or otherwise acquired the common stock or exchange-traded call options, or sold exchange-traded put options ("Securities") of El Pollo Loco Holdings, Inc. ("El Pollo Loco" or the "Company") from May 15, 2015 through August 13, 2015, inclusive (the "Class Period"), and were damaged thereby.[1]**

**NOTICE OF SETTLEMENT:  Please also be advised that Lead Plaintiffs Peter Kim, Dr. Richard J. Levy, Sammy Tanner and Ron Huston (collectively, "Lead Plaintiffs"), on behalf of the Class (as defined in ¶1 below), have reached a proposed settlement of the Litigation for a total of $20 million in cash that will resolve all claims in the Litigation (the "Settlement").**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.  Your legal rights will be affected whether or not you act.  Please read this Notice carefully!**

     1.    **Description of the Litigation and the Class**:  This Notice relates to a proposed Settlement of a class action lawsuit pending against the following defendants: El Pollo Loco, Trimaran Capital Partners, Trimaran Pollo Partners, L.L.C., Freeman Spogli & Co., Stephen J. Sather, Laurance Roberts and Edward J. Valle ("Defendants") (collectively, with Lead Plaintiffs, the "Settling Parties").  The proposed Settlement, if approved by the Court, will apply to the following Class (the "Class"):  all persons and entities who purchased or otherwise acquired El Pollo Loco common stock or exchange-traded call options, or who sold exchange-traded El Pollo Loco put options, between May 15, 2015 and August 13, 2015, inclusive, and were damaged thereby.  Excluded from the Class are Defendants, present or former executive officers of El Pollo Loco and their immediate family members (as defined in 17 C.F.R. §229.404, Instructions (1)(a)(iii) and (1)(b)(ii)).  Also excluded from the Class are those Persons who exclude themselves by submitting a request for exclusion, as set forth in ¶54 below, that is accepted by the Court.  Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free at 1-___-_____.

     2.    **Statement of Class' Recovery**:  Subject to Court approval, and as described more fully in ¶¶42-48 below, Lead Plaintiffs, on behalf of the Class, have

---

[1]   All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated April 3, 2019 (the "Stipulation"), which is available on the website www.ElPolloLocoSecuritiesSettlement.com.

- 1 -

1531723_4

agreed to settle all Released Plaintiffs' Claims (as defined in ¶44 below) against
Defendants and other Released Defendant Parties (as defined in ¶45 below) in
exchange for a settlement payment of $20 million in cash (the "Settlement Amount")
to be deposited into an escrow account.  The Net Settlement Fund (the Settlement
Fund less Taxes and Tax Expenses, Notice and Administration Expenses, attorneys'
fees and litigation expenses, and an amount to Lead Plaintiffs pursuant to 15 U.S.C.
§78u-4(a)(4) in connection with their representation of the Class) will be distributed in
accordance with a plan of allocation (the "Plan of Allocation") that will be approved
by the Court and will determine how the Net Settlement Fund shall be distributed to
Members of the Class.  The Plan of Allocation is a basis for determining the relative
positions of Class Members for purposes of allocating the Net Settlement Fund.  The
proposed Plan of Allocation is included in this Notice, and may be modified by the
Court without further notice.

       3.    **Statement of Average Distribution Per Share**:  The Settlement Fund
consists of the $20 million Settlement Amount plus interest earned.  Lead Plaintiffs'
expert has estimated that there are 16.67 million damaged shares.  Assuming all
estimated potential Class Members elect to participate, the estimated average recovery
is $1.20 per damaged share before deduction of Court-approved fees and expenses.
Class Members may recover more or less than this amount depending on, among other
factors, the aggregate value of the Recognized Claims represented by valid and
acceptable Claim Forms; when their shares were purchased or acquired and the price
at the time of purchase or acquisition; whether the shares were sold, and if so, when
they were sold and for how much.  In addition, the actual recovery of Class Members
may be further reduced by the payment of fees and costs from the Settlement Fund, as
approved by the Court, including the cost of notifying Class Members and settlement
administration and any attorneys' fees and expenses awarded by the Court to Lead
Counsel and any award to Lead Plaintiffs for their representation of the Class.

       4.    **Statement of the Parties' Position on Damages**:  Defendants vigorously
deny and have denied all claims of wrongdoing, that they engaged in any wrongdoing,
that they are liable to Lead Plaintiffs and/or the Class and that Lead Plaintiffs or other
Members of the Class suffered any injury.  Moreover, the parties do not agree on the
amount of recoverable damages if Lead Plaintiffs were to prevail on each of the
claims.  The issues on which the parties disagree include, but are not limited to,
whether: (1) the statements made or facts allegedly omitted were material, false or
misleading; (2) Defendants are otherwise liable under the securities laws for those
statements or omissions; and (3) all or part of the damages allegedly suffered by
Members of the Class were caused by economic conditions or factors other than the
allegedly false or misleading statements or omissions.

- 2 -

5.   **Statement of Attorneys' Fees and Expenses Sought**:  Lead Counsel will apply to the Court, on behalf of all Plaintiffs' Counsel, for an award of attorneys' fees from the Settlement Fund of no more than 30% of the Settlement Amount, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  In addition, Lead Counsel also will apply to the Court for payment from the Settlement Fund for Plaintiffs' Counsel's litigation expenses (reasonable expenses or charges of Plaintiffs' Counsel in connection with commencing and prosecuting the Litigation), in an amount not to exceed $750,000, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  If the Court approves Lead Counsel's fee and expense application, the estimated average cost per damaged share is $0.40.  In addition, Lead Plaintiffs may apply for an amount not to exceed $3,000 each pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class.

6.   **Identification of Attorneys' Representatives**:  Lead Plaintiffs and the Class are being represented by Robbins Geller Rudman & Dowd LLP and The Rosen Law Firm, P.A. (collectively, "Lead Counsel").   Any questions regarding the Settlement should be directed to Ryan A. Llorens at Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, Suite 1900, San Diego, CA 92101, (800) 449-4900, djr@rgrdlaw.com, or Laurence M. Rosen at The Rosen Law Firm, P.A., 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071, (213) 785-2610, lrosen@rosenlegal.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| DO NOTHING | Receive no payment pursuant to this Settlement. Remain a Class Member.  Give up your rights. |
| REMAIN A MEMBER OF THE CLASS AND SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN [_____], 2019 | This is the only way to be potentially eligible to receive a payment. |
| EXCLUDE YOURSELF FROM THE CLASS (OPT OUT) BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *POSTMARKED* NO LATER THAN [_____], 2019 | Receive no payment pursuant to this Settlement. This is the only option that allows you to ever potentially be part of any other lawsuit against any of the Defendants or the other Released Defendant Parties concerning the Released Plaintiffs' Claims. |

- 3 -

1531723_4

| | |
|---|---|
| OBJECT TO THE SETTLEMENT SO THAT IT IS *RECEIVED* NO LATER THAN [_____], 2019 | Write to the Court if you have any objections to the fairness of the Settlement, the request for attorneys' fees and expenses, the requested award to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class, or the proposed Plan of Allocation. |
| GO TO THE HEARING ON [_____], 2019, AT __:__ _.m., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN [_____], 2019 | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, the request for attorneys' fees and litigation expenses, or the requested award to Lead Plaintiffs. |

| WHAT THIS NOTICE CONTAINS | |
|---|---|
| Why Did I Get This Notice? | Page ____ |
| What Is This Case About?  What Has Happened So Far? | Page ____ |
| How Do I Know If I Am Affected By The Settlement? | Page ____ |
| What Are Lead Plaintiffs' Reasons For The Settlement? | Page ____ |
| What Might Happen If There Were No Settlement? | Page ____ |
| How Much Will My Payment Be? | Page ____ |
| What Rights Am I Giving Up By Agreeing To The Settlement? | Page ____ |
| What Payment Are The Attorneys For The Class Seeking?  How Will The Lawyers Be Paid? | Page ____ |
| How Do I Participate In The Settlement?  What Do I Need To Do? | Page ____ |
| What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself? | Page ____ |
| When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing?  May I Speak At The Hearing If I Don't Like The Settlement? | Page ____ |
| What If I Bought Shares On Someone Else's Behalf? | Page ____ |
| Can I See The Court File?  Whom Should I Contact If I Have Questions? | Page ____ |

- 4 -

1531723_4

## WHY DID I GET THIS NOTICE?

7.     You or someone in your family may have bought El Pollo Loco securities between May 15, 2015 and August 13, 2015.

The Court directed that you be sent this Notice because you have a right to know about a settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves it and after any objections or appeals (if there are any) are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

## WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?

8.     This Litigation arises under Sections 10(b), 20(a) and 20A of the Securities Exchange Act of 1934, and alleges that during the period between May 15, 2015 and August 13, 2015, inclusive (the "Class Period"), Defendants El Pollo Loco, Trimaran Capital Partners, Trimaran Pollo Partners, L.L.C., Freeman Spogli & Co., Stephen J. Sather, Laurance Roberts, and Edward J. Valle made, or caused to be made, materially false and misleading statements about the effect rising costs would have on the Company's bottom line.  More specifically, Lead Plaintiffs allege that during the Class Period, Defendants misled investors regarding whether increased costs, and hence increased menu prices, would negatively affect its level of transactions and same store sales growth.

9.     Lead Plaintiffs allege that during the Class Period, Defendants knew or recklessly disregarded that by increasing prices they had turned away customers, thereby substantially reducing same store sales growth.  Lead Plaintiffs allege that Defendants concealed these facts from investors and that this scheme artificially inflated El Pollo Loco Securities during the Class Period.  Lead Plaintiffs allege that on August 13, 2015, El Pollo Loco announced lower than expected transactions and same store sales growth due to higher prices.  El Pollo Loco's stock price declined to $14.56 per share at the close of trading on August 14, 2015, down 20% from the previous day's closing price.

10.     The initial complaint in this Litigation was filed in the United States District Court for the Central District of California, Southern Division (the "Court").  The Court appointed Ron Huston, Peter Kim, Robert W. Kegley, Sr., Dr. Richard

- 5 -

Levy and Sammy Tanner as Lead Plaintiffs, and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and The Rosen Law Firm, P.A. ("The Rosen Firm") as Co-Lead Counsel, pursuant to the requirements of the Private Securities Litigation Reform Act of 1995.  The Court twice dismissed the consolidated class action complaint.  The operative Consolidated Third Amended Complaint for Violations of the Federal Securities Laws was filed on April 17, 2017.

11.   Certain of the Lead Plaintiffs moved for this action to be certified as a class action, to be appointed as Class Representatives and for Robbins Geller and The Rosen Firm to be appointed as Class Counsel.  The Court granted the motion on July 3, 2018.

12.   In January 2019, the Settling Parties each accepted the mediator's proposal to settle the Litigation for $20 million.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

13.   If you are a Member of the Class, you are subject to the Settlement unless you timely request to be excluded.  The Class consists of all persons and entities who purchased or otherwise acquired El Pollo Loco common stock or exchange-traded call options, or who sold exchange-traded El Pollo Loco put options, during the Class Period, and were damaged thereby.  Excluded from the Class are Defendants, present or former executive officers of El Pollo Loco and their immediate family members (as defined in 17 C.F.R. §229.404, Instructions (1)(a)(iii) and (1)(b)(ii)).  Also excluded from the Class are any persons or entities who exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. (See section entitled "What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?," below.) Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free at 1-_____.

RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU WISH TO BE POTENTIALLY ELIGIBLE TO RECEIVE A DISTRIBUTION OF THE SETTLEMENT PROCEEDS, YOU MUST COMPLETE, SIGN AND SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN [_____], 2019.

## WHY DID LEAD PLAINTIFFS AGREE TO THE SETTLEMENT?

14.   Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  Lead Plaintiffs and Lead Counsel recognize, however, that

- 6 -

1531723_4

pursuing their claims through trials and appeals would be expensive, lengthy, and may result in a smaller recovery or no recovery at all.

15.    The Settlement provides a substantial and immediate recovery.  Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  The Settlement was negotiated by both sides of the Litigation with the assistance of a highly respected mediator.

16.    Defendants have vigorously denied and continue to deny each and all of the claims alleged by Lead Plaintiffs in the Litigation.  Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.  Defendants also have denied and continue to deny, among other things, the allegations that Lead Plaintiffs or the Class have suffered any damage or that Lead Plaintiffs or the Class were harmed by the conduct alleged in the Litigation.  Defendants have concluded that further defense of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

17.    If there were no Settlement, Lead Plaintiffs may fail to establish any essential legal or factual element of the alleged claims.  Then, neither Lead Plaintiffs nor the Class would recover anything from Defendants.  Also, if Defendants successfully proved any of their defenses, the Class may recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW MUCH WILL MY PAYMENT BE?

18.    Defendants have agreed to cause to be paid Twenty Million Dollars ($20,000,000.00) in cash into escrow for the benefit of the Class.  At this time, it is not possible to make any final determination of how much individual Class Members may receive from the Settlement.  Lead Plaintiffs have proposed a plan for allocating the Net Settlement Fund to those Class Members who timely submit valid Proof of Claim Forms.  The Plan of Allocation proposed by Lead Plaintiffs is set forth below, and additional information is available on the website created for purposes of this Settlement, www.ElPolloLocoSecuritiesSettlement.com.

19.    Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants.   No person or entity shall have any claim based on

- 7 -

distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court against Lead Counsel, Lead Plaintiffs, Class Members, the Claims Administrator, Defendants and the other Released Defendant Parties (defined below), or any person or entity designated by Lead Counsel. All Members of the Class who fail to timely submit an acceptable Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including the release of the Class Member's Released Plaintiffs' Claims.

20.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any Member of the Class.

21.    The Plan of Allocation set forth below is the proposed plan submitted by Lead Plaintiffs and Lead Counsel for the Court's approval. The Court may approve this plan as proposed or it may modify it without further notice to the Class.

22.    Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Central District of California, Southern Division, with respect to his, her or its Claim Form.

23.    Persons and entities that exclude themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Proof of Claim Forms.

## PLAN OF ALLOCATION

24.    The objective of the Plan of Allocation is to equitably distribute the settlement proceeds to those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the potential amount of estimated alleged artificial inflation in El Pollo Loco Securities that according to Plaintiffs' allegations was caused by Defendants' alleged false and misleading statements and material omissions. In calculating the estimated artificial inflation caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered the market and industry adjusted price changes in El Pollo Loco's Securities prices following certain corrective disclosures regarding El Pollo Loco and the allegations in the Third Amended Complaint.

25.    The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been

- 8 -

able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

26.　　The Net Settlement Fund will be allocated to Authorized Claimants as follows: (a) Class Members with Section 10(b) and/or Section 20A Claims in connection with their purchase or acquisition of common shares of El Pollo Loco common stock shall be collectively allocated approximately 95% of the Net Settlement Fund; and (b) Class Members with Section 10(b) Claims in connection with their purchase, acquisition or sale of El Pollo Loco exchange-traded options shall not exceed 5.0% of the Net Settlement Fund. Among other factors, in formulating the overall allocation, Lead Plaintiffs considered the maximum potential damages of each group of purchasers within the Class.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

**Calculation of Recognized Claim Amount for Class Members with Section 10(b) Claims for Publicly Traded Common Stock**

27.　　Based on the formulas stated below, a "Recognized Claim Amount" will be calculated for each purchase or acquisition of El Pollo Loco publicly traded common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Claim Amount calculates to a negative number or zero under the formula below, that Recognized Claim Amount will be zero.

28.　　For each share of El Pollo Loco publicly traded common stock purchased or otherwise acquired during period from May 15, 2015 through August 13, 2015, inclusive, and:

(a)　　Sold prior to the close of trading on August 13, 2015, the Recognized Claim Amount per share is zero.

(b)　　Retained at the end of August 13, 2015, the claim per share shall be the lesser of: (i) $3.32; and (ii) the difference between the purchase price and $14.56 (the closing price of El Pollo Loco common stock on August 14, 2015, the day after the last day of the Class Period, at which point the inflation in the price of El Pollo Loco common stock is assumed to have been completely dissipated).

- 9 -

**Calculation of Recognized Claim Amount for Class Members with Section 10(b) Claims for Exchange-Traded Options**

29.     Based on the formulas stated below, a "Recognized Amount" will be calculated for each purchase, acquisition, or sale of El Pollo Loco exchange-traded options during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. The sum total of a Claimant's Recognized Amount(s) shall be that Claimant's Recognized Claim Amount. If a Recognized Claim Amount calculates to a negative number or zero under the formula below, that Recognized Claim Amount will be zero.[2]

30.     For exchange-traded call options on El Pollo Loco common stock purchased or otherwise acquired from May 15, 2015 to August 13, 2015, inclusive, and:

(a)     Closed (through sale, exercise or expiration) before the close of trading on August 13, 2015, the Recognized Amount is zero.

(b)     Held at the end of August 13, 2015, the Recognized Amount is the difference between the price paid for the call option less the proceeds received upon settlement of the call option contract.

31.     For exchange-traded put options on El Pollo Loco common stock written or otherwise sold from May 15, 2015 to August 13, 2015, inclusive, and:

(a)     Closed (through purchase, exercise or expiration) before the close of trading on August 13, 2015, the Recognized Amount is zero.

(b)     Held at the end of August 13, 2015, the Recognized Amount is the difference between the price paid upon settlement of the put option contract less the initial proceeds received upon the sale of the put option contract.

---

[2]    Call option contracts sold (or written) and put option contracts purchased are not eligible to participate in the Settlement. To participate in the Settlement, Claimants must provide adequate documentation for all call option and put option contracts purchased or written (sold) that were held through the close of trading on August 13, 2015. The Claims Administrator will determine if the Claimant had a "Market Gain" or "Market Loss" with respect to his, her, or its overall transactions in El Pollo Loco option contracts during the Class Period. Only Claimants who suffered an overall "Market Loss" in connection with his, her, or its purchases or sales of El Pollo Loco options contracts shall be eligible to participate in the Settlement. With respect to shares of El Pollo Loco common stock purchased or sold through the exercise of an option, the purchase/sale date of the El Pollo Loco common stock is the exercise date of the option, and the purchase/sale price of the El Pollo Loco is the exercise price of the option.

- 10 -

1531723_4

**Calculation of Recognized Claim Amount for Class Members with Section 20A Claims**

32.     Based on the formulas stated below, a "Recognized Claim Amount" will be calculated for each purchase or acquisition of El Pollo Loco publicly traded common stock between May 19, 2015 and May 22, 2015, inclusive, that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Claim Amount calculates to a negative number or zero under the formula below, that Recognized Claim Amount will be zero.

33.     For each share of El Pollo Loco publicly traded common stock purchased or otherwise acquired between May 19, 2015 and May 22, 2015, inclusive, and:

(a)     Sold prior to the close of trading on August 13, 2015, the Recognized Claim Amount per share is the difference between the purchase price and the sale price.

(b)     Retained at the end of August 13, 2015, the recognized claim amount per share is $7.29.

| ADDITIONAL PROVISIONS |
| :---: |

34.     Class Members with 20A Claims in connection with their purchases or acquisitions of El Pollo Loco common stock between May 19, 2015 and May 22, 2015, inclusive, shall forfeit their Section 10(b) Claims in connection with those purchases.

35.     The Net Settlement Fund will be allocated among all Authorized Claimants based on the amount of each Authorized Claimant's Recognized Claim (defined below).

36.     If a Class Member has more than one purchase/acquisition or sale of El Pollo Loco Securities, purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

37.     A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts.

38.     The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a

- 11 -

"Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

39.    Purchases or acquisitions and sales of El Pollo Loco Securities are deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of El Pollo Loco Securities during the Class Period shall not be deemed a purchase, acquisition or sale of El Pollo Loco Securities for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any El Pollo Loco Securities unless: (i) the donor or decedent purchased or otherwise acquired such El Pollo Loco Securities during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

40.    If a Claimant had a market gain with respect to his, her, or its overall transactions in El Pollo Loco Securities during the Class Period, the value of the Claimant's Recognized Claim shall be zero.  Such Claimants shall be bound by the Settlement.  If a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in El Pollo Loco Securities during the Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

41.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class.  Any orders regarding any modification of the Plan of Allocation will be posted on the Settlement website.

## WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?

42.    If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that Lead Plaintiffs and all other Releasing Plaintiff Parties (as defined in ¶46 below) shall have waived, released, discharged, and

- 12 -

1531723_4

dismissed each and every one of the Released Plaintiffs' Claims (as defined in ¶44 below), including Unknown Claims (as defined in ¶47 below), against each and every one of the Released Defendant Parties (as defined in ¶45 below) and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not they execute and deliver the Claim Form or share in the Settlement Fund.  Claims to enforce the terms of the Settlement are not released.

43.    Any Plan of Allocation, request for an award of attorneys' fees and expenses, or an award to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class, will in no way disturb or affect the Judgment and are each considered separate from the Judgment.  Any order or proceeding relating to the Plan of Allocation, any order entered regarding any award of attorneys' fees and expenses or award to Lead Plaintiffs, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Judgment.

44.    "Released Plaintiffs' Claims" means to the fullest extent that the law permits their release, of and from all claims, suits, actions, appeals, causes of action, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential, or special damages, and restitution and disgorgement), demands, rights, debts, penalties, costs, expenses, fees, injunctive relief, attorneys' fees, expert or consulting fees, prejudgment interest, indemnities, duties, liabilities, losses, or obligations of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, fixed or contingent, direct or indirect, anticipated or unanticipated, whether legal, contractual, rescissory, statutory, or equitable in nature, whether arising under federal, state, common, or foreign law, that are based upon, arise from, or relate to: (i) the allegations, transactions, facts, matters, events, disclosures, public filings, acts, occurrences, representations, statements, omissions or failures to act that were alleged, in the Consolidated Third Amended Complaint for Violations of the Federal Securities Laws and any other complaints filed in this action, or could have been alleged by Lead Plaintiffs or any Class Member in this action; and (ii) the purchase or acquisition of El Pollo Loco common stock or El Pollo Loco call options, or sale of El Pollo Loco put options during the Class Period.  The Released Plaintiffs' Claims will not include: (i) any claims relating to the enforcement of the Settlement; (ii) claims asserted on behalf of the Company in the shareholder derivative action filed in the Delaware Court of Chancery, entitled *Diep v. Sather, et al.*, C.A. 12760-VCL (the "Delaware Derivative Action"); and (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.  "Released Plaintiffs' Claims" includes "Unknown Claims" as defined in ¶47 below.

- 13 -

45.     "Released Defendant Party" or "Released Defendant Parties" means each and all of the Defendants and each of their respective direct controlling persons, associates, related or affiliated entities, and each and all of their respective past or present officers, directors, employees, partners, members, principals, agents, representatives, attorneys, auditors, financial or investment advisors, consultants, underwriters, accountants, investment bankers, commercial bankers, entities providing fairness opinions, advisors, insurers, reinsurers, heirs, spouses, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors or assigns, or any member of their immediate families, marital communities, or any trusts for which any of them are trustees, settlers or beneficiaries or anyone acting or purporting to act for or on behalf of them or their successors or collectively.

46.     "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means Lead Plaintiffs, Lead Counsel, each and every Class Member, and each of their respective past or present subsidiaries, parents, affiliates, principals, successors and predecessors, joint venturers, assigns, officers, directors, shareholders, underwriters, trustees, partners, members, agents, fiduciaries, contractors, employees, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, estates, heirs, related or affiliated entities in their capacity as such. Releasing Plaintiff Parties do not include any Person who timely and validly seeks exclusion from the Class.

47.     "Unknown Claims" means any and all Released Plaintiffs' Claims which the Releasing Plaintiff Parties do not know or suspect to exist in their favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims which the Released Defendant Parties do not know or suspect to exist in their favor at the time of the release of the Releasing Plaintiff Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties and the Releasing Plaintiff Parties, or might have affected his, her or its decision(s) with respect to the Settlement, including, but not limited to, the decision to object to the terms of the Settlement, to the release of the Released Defendant Parties and the Releasing Plaintiff Parties, or to exclude himself, herself, or itself from the Class.  With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code Section 1542, which provides:

- 14 -

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to California Civil Code Section 1542.  Lead Plaintiffs, any Releasing Plaintiff Party, Defendants, or any Released Defendant Party may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but the Settling Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

48.    The Judgment also will provide that Defendants and each of the other Released Defendant Parties shall be deemed to have waived, released, discharged, and dismissed as against the Releasing Plaintiff Parties all claims and causes of action of every nature and description (including Unknown Claims), whether arising under federal, state, common, or foreign law, that any Released Defendant Party could have asserted against any of the Releasing Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Litigation, except for claims relating to the enforcement of the Settlement (the "Released Defendants' Claims").

- 15 -

1531723_4

| | |
|---|---|
| 1 | **WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS** |
| 2 | **SEEKING?  HOW WILL THE LAWYERS BE PAID?** |

49.    Lead Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Class, nor have Lead Counsel been paid for their expenses.  Before final approval of the Settlement, Lead Counsel intend to apply to the Court for an award of attorneys' fees, on behalf of all Plaintiffs' Counsel, from the Settlement Fund of no more than 30% of the Settlement Amount, plus interest.  At the same time, Lead Counsel also intend to apply for the payment from the Settlement Fund for Plaintiffs' Counsel's litigation expenses in an amount not to exceed $750,000 and may apply for an amount not to exceed $3,000 each pursuant to 15 U.S.C. §78u-4(a)(4) in connection with Lead Plaintiffs' representation of the Class.  The Court will determine the amount of the award of fees and expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

| | |
|---|---|
| **HOW DO I PARTICIPATE IN THE SETTLEMENT?** | |
| **WHAT DO I NEED TO DO?** | |

50.    If you fall within the definition of the Class as described above, and you are not excluded by the definition of the Class and you do not elect to exclude yourself from the Class, then you are a Class Member, and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Class.  If you are a Class Member, you must submit a Claim Form and supporting documentation to establish your potential entitlement to share in the proceeds of the Settlement.  A Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to download a copy or request that a Claim Form be mailed to you.  The website is www.ElPolloLocoSecuritiesSettlement.com.  You may also request a Claim Form by calling toll-free 1-_____.  If you exclude yourself from the Class or do not submit a timely and valid Claim Form with adequate supporting documentation, you will not be entitled to share in the proceeds of the Settlement unless otherwise ordered by the Court.  Please retain all original records of your ownership of, or transactions in, the shares, as they may be needed to document your claim.

51.    As a Class Member, for purposes of the Settlement, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You need not retain your own counsel, but if you choose to do so, your counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the

- 16 -

1531723_4

section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

52. If you do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?" below. If you exclude yourself from the Class, you will not be eligible to receive any benefit from the Settlement and you should not submit a Claim Form but you will retain the right to be a part of any other lawsuit against any of the Released Defendant Parties (as defined in ¶45 above) with respect to any of the Released Plaintiffs' Claims (as defined in ¶44 above).

53. If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and litigation expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below. If you exclude yourself from the Class, you are not entitled to submit an objection.

**WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT? HOW DO I EXCLUDE MYSELF?**

54. Each Class Member will be bound by all determinations and judgments in this lawsuit concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails, by first-class mail (or its equivalent outside the U.S.), or otherwise delivers a written request for exclusion from the Class, addressed to *El Pollo Loco Securities Settlement*, c/o Gilardi & Co. LLC, EXCLUSIONS, 3301 Kerner Blvd., San Rafael, CA 94901. The exclusion request must be ***postmarked*** no later than _____, ***2019***. Each request for exclusion must state the name, address and telephone number of the person or entity seeking exclusion, that the sender requests to be excluded from the Class in *Daniel Turocy, et al. v. El Pollo Loco Holdings, Inc., et al.*, Case No. 8:15-cv-01343-DOC-KES, and must be signed by such person. Such persons or entities requesting exclusion must also provide the following information: the number of shares of El Pollo Loco Securities that the Person requesting exclusion purchased, acquired and/or sold from May 15, 2015 through August 13, 2015, inclusive, as well as the dates and prices for each such purchase or acquisition and sale. The request for exclusion will not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. If you exclude yourself from the Class, you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to

- 17 -

assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.

55.     Excluding yourself from the Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Released Defendant Parties concerning the Released Plaintiffs' Claims.  Please note, however, that if you decide to exclude yourself from the Class, you may be time-barred from asserting the claims covered by the Litigation by a statute of repose.

56.     If you request to be excluded from the Class, you will not receive any benefit provided for in the Stipulation.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
> **DO I HAVE TO COME TO THE HEARING?**
> **MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

57.     If you do not wish to object in person to the proposed Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and litigation expenses, you do not need to attend the Settlement Hearing.  You can object to or participate in the Settlement without attending the Settlement Hearing.

58.     The Settlement Hearing will be held on _____, 2019, at _____ _.m., before the Honorable David O. Carter, at the United States District Court, Central District of California, Southern Division, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Courtroom 9D, Santa Ana, CA 92701. The Court may approve the Settlement or the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the Members of the Class.

59.     Any Class Member who does not timely request exclusion may object to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses, including Lead Plaintiffs' request for an award pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class.[3]  You must submit your objection in writing.  You must file any written objection or opposition, together with copies of all other supporting papers and briefs, with the Clerk's Office at the United States District Court for the Central District of California, Southern Division, at the address set forth below on or before _____,

---

[3]     Lead Plaintiffs' initial motion papers in support of these matters will be filed with the Court on or before _____, 2019.

- 18 -

1531723_4

2019.  You must also serve the papers on Lead Counsel for the Class and counsel for the Defendants at the addresses set forth below so that the papers are *received* on or before _____, 2019.

| **Clerk's Office** | **Co-Lead Counsel for the Class** | **Counsel for Defendants** |
|---|---|---|
| UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA Ronald Reagan Federal Building and United States Courthouse 411 West Fourth Street Santa Ana, CA 92701 | ROBBINS GELLER RUDMAN & DOWD LLP Ryan A. Llorens 655 West Broadway Suite 1900 San Diego, CA 92101 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP Jason D. Russell 300 South Grand Avenue Suite 3400 Los Angeles, CA 90071 |

60.    Your objection must document the objecting Person's membership in the Class, including the number of shares of El Pollo Loco Securities that you (1) owned as of the opening of trading on May 15, 2015, and (2) purchased, acquired and/or sold during the Class Period, as well as the dates and prices for each such purchase, acquisition and sale.  Your objection must state whether it applies only to you, to a specific subset of the Class, or to the entire Class, and also state with specificity the grounds for the objection.  Your objection must include copies of any papers, briefs, or other documents upon which the objection is based, a statement of whether the objector intends to appear at the Settlement Hearing, and your signature, even if you are represented by counsel.  Documentation establishing your membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  If you object and desire to present evidence at the Settlement Hearing in support of your objection, you must include in your written objection or notice of appearance the identity of any witnesses you may call to testify and any exhibits they intend to introduce into evidence at the hearing.

61.    You may not appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

62.    You need not hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  If you hire an attorney, which will be at your own expense, however, he or she must file a notice of appearance with the Court and serve it on Lead Counsel so that the notice is received on or before _____, 2019.

- 19 -

1531723_4

63.     The Settlement Hearing may be adjourned by the Court without further written notice to the Class, other than a posting of the adjournment on the Settlement website, www.ElPolloLocoSecuritiesSettlement.com.  If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses and any amount sought by Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

64.     Nominees who purchased, acquired, and/or sold El Pollo Loco Securities for beneficial owners who are Class Members are directed to: (a) request within seven (7) calendar days of receipt of this Notice additional copies of the Notice and the Claim Form from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of this Notice.  If a nominee elects to send the Notice to beneficial owners, such nominee is directed to mail the Notice within seven (7) calendar days of receipt of the additional copies of the Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with these instructions, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions up to $0.70 per notice by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so.  Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.  You may also obtain copies of this Notice by calling toll-free 1-_____, and you may also download it from the Settlement website, www.ElPolloLocoSecuritiesSettlement.com.

- 20 -

| | |
|---|---|
| 1 | |
| 2 | **CAN I SEE THE COURT FILE?**<br>**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?** |

3    65.    This Notice contains only a summary of the terms of the proposed Settlement.  More detailed information about the matters involved in the Litigation is available at www.ElPolloLocoSecuritiesSettlement.com, including, among other documents, copies of the Stipulation and Proof of Claim Form.  All inquiries concerning this Notice or the Claim Form should be directed to:

*El Pollo Loco Securities Settlement*
c/o Gilardi & Co. LLC
_____
Toll-free number:  1-_____

**OR**

Ryan A. Llorens
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
(800) 449-4900
djr@rgrdlaw.com

**- or -**

Laurence M. Rosen
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
(213) 785-2610
lrosen@rosenlegal.com

**DO NOT CALL OR WRITE THE COURT OR THE**
**OFFICE OF THE CLERK OF COURT**
**REGARDING THIS NOTICE.**

Dated: _____, 2019           By Order of the Court
                                          United States District Court
                                          Central District of California
                                          Southern Division

- 21 -

1531723_4

# EXHIBIT A-2

1    ROBBINS GELLER RUDMAN
        & DOWD LLP
2    RYAN A. LLORENS (225196)
     LAURIE L. LARGENT (153493)
3    KEVIN A. LAVELLE (292442)
     655 West Broadway, Suite 1900
4    San Diego, CA 92101
     Telephone: 619/231-1058
5    619/231-7423 (fax)
     ryanl@rgrdlaw.com
6    llargent@rgrdlaw.com
     klavelle@rgrdlaw.com
7
     THE ROSEN LAW FIRM, P.A.
8    LAURENCE M. ROSEN (219683)
     355 South Grand Avenue, Suite 2450
9    Los Angeles, CA 90071
     Telephone: 213/785-2610
10   213/226-4684 (fax)
     lrosen@rosenlegal.com
11
     Co-Lead Counsel for Plaintiffs
12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                   SOUTHERN DIVISION

16   DANIEL TUROCY, et al., Individually )   Case No. 8:15-cv-01343-DOC-KES
     and on Behalf of All Others Similarly )   (**Consolidated**)
17   Situated,                            )
                                          )   <u>CLASS ACTION</u>
18                      Plaintiffs,       )
                                          )   PROOF OF CLAIM AND RELEASE
19        vs.                             )
                                          )   EXHIBIT A-2
20   EL POLLO LOCO HOLDINGS, INC.,        )
     et al.,                              )
21                                        )
                        Defendants.       )
22   _____ )

23

24

25

26

27

28

     1532034_4

## I.      GENERAL INSTRUCTIONS

1.      To recover as a Member of the Class based on your claims in the action entitled *Daniel Turocy, et al. v. El Pollo Loco Holdings, Inc., et al.*, Case No. 8:15-cv-01343-DOC-KES (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release.  If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Litigation.

2.      Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE ON OR BEFORE _____, 2019, ADDRESSED AS FOLLOWS:

*El Pollo Loco Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box _____
_____

Online submissions:  www.ElPolloLocoSecuritiesSettlement.com

If you are NOT a Member of the Class (as defined in the Notice of Pendency and Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim and Release form.

4.      If you are a Member of the Class and you do not timely request exclusion in connection with the proposed Settlement, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II.     CLAIMANT IDENTIFICATION

If you purchased or otherwise acquired El Pollo Loco Holdings, Inc. ("El Pollo Loco" or the "Company") common stock or exchange-traded call options on El Pollo

- 1 -

1532034_4

Loco common stock or if you sold exchange-traded put options on El Pollo Loco common stock (collectively, "Securities") during the period from May 15, 2015 through and including August 13, 2015, and held the Securities in your name, you are the beneficial purchaser, acquirer or seller as well as the record purchaser, acquirer or seller.  If, however, you purchased, otherwise acquired or sold Securities that were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser, acquirer or seller and the third party is the record purchaser, acquirer or seller.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser, acquirer or seller of record ("nominee"), if different from the beneficial purchaser, acquirer or seller of the Securities which form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S), ACQUIRER(S) OR SELLER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S), ACQUIRER(S) OR SELLER(S) OF THE SECURITIES UPON WHICH THIS CLAIM IS BASED.

All joint purchasers, acquirers and/or seller(s) must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

- 2 -

1532034_4

Exhibit A-2
- 76 -

NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request to, or may be requested to by the Claims Administrator, submit information regarding their transactions in electronic files.  All such claimants MUST also submit a manually signed paper Proof of Claim and Release form listing all their transactions whether or not they also submit electronic copies.  If you wish to submit your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

## III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in El Pollo Loco Securities" to supply all required details of your transaction(s) in El Pollo Loco Securities.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions and *all* of your sales of El Pollo Loco Securities between May 15, 2015 and August 13, 2015, inclusive, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to *all* of the El Pollo Loco Securities you held at the close of trading on May 14, 2015 and August 13, 2015.  Failure to report all such transactions may result in the rejection of your claim.

List these transactions separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

- 3 -

The date of covering a "short sale" is deemed to be the date of purchase of El Pollo Loco Securities.  The date of a "short sale" is deemed to be the date of sale of El Pollo Loco Securities.

Copies of stockbroker confirmation slips, stockbroker statements, or other documents evidencing your transactions in El Pollo Loco Securities should be attached to your claim, including documentation for the close of any exchange traded options listed on your claim even if the option was closed outside of the period between May 15, 2015 and August 13, 2015, inclusive.  If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

*Daniel Turocy, et al. v. El Pollo Loco Holdings, Inc., et al.,*

Case No. 8:15-cv-01343-DOC-KES

PROOF OF CLAIM AND RELEASE

Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later Than:

_____, 2019

<u>Please Type or Print</u>

**Remember to attach copies of stockbroker confirmation slips, stockbroker statements or other documentation of your transactions in El Pollo Loco Securities. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.**

PART I:    CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____    _____
City                                                        State or Province

_____    _____
Zip Code or Postal Code                         Country

_____    _____
Social Security Number or                         Individual
Taxpayer Identification Number             _____
                                                              Corporation/Other

_____    _____
Area Code              Telephone Number (work)

_____    _____
Area Code              Telephone Number (home)

_____
Record Owner's Name (if different from beneficial owner listed above)

- 5 -

1532034_4

PART II:   SCHEDULE OF TRANSACTIONS IN EL POLLO LOCO SECURITIES

A.   Number of El Pollo Loco Securities held at the close of trading on May 14, 2015: _____.

B.   Purchases or acquisitions of El Pollo Loco Securities between May 15, 2015 and August 13, 2015, inclusive:

| Trade Date Mo. Day Year | Number of Securities Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|
| 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": _____

C.   Sales of El Pollo Loco Securities between May 15, 2015 and August 13, 2015, inclusive:

| Trade Date Mo. Day Year | Number of Securities Sold | Total Sales Price |
|---|---|---|
| 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ |

E.   Number of El Pollo Loco Securities held at the close of trading on August 13, 2015: _____

Please be certain to provide supporting documentation for the close of all exchange traded put and/or call options, even if the option was closed outside of the period between May 15, 2015 and August 13, 2015, inclusive.

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

- 6 -

1532034_4

**YOU MUST READ AND SIGN THE RELEASE ON PAGE \_\_\_\_\_.
FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN
PROCESSING YOUR CLAIM OR IN THE REJECTION OF YOUR CLAIM.**

**IV.    SUBMISSION TO JURISDICTION OF COURT AND
ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the
Stipulation of Settlement described in the Notice.   I (We) also submit to the
jurisdiction of the United States District Court for the Central District of California
with respect to my (our) claim as a Class Member and for purposes of enforcing the
release set forth herein.  I (We) further acknowledge that I am (we are) bound by and
subject to the terms of any judgment that may be entered in the Litigation.  I (We)
agree to furnish additional information to the Claims Administrator to support this
claim if requested to do so.  I (We) have not submitted any other claim in connection
with the purchase or acquisition of El Pollo Loco Securities and know of no other
person having done so on my (our) behalf.

**V.    RELEASE**

1.    I (We) hereby acknowledge full and complete satisfaction of, and do
hereby fully, finally and forever settle, release and discharge from the Released
Plaintiffs' Claims each and all of the Released Defendant Parties as provided in
paragraphs 1.29 and 1.31 of the Stipulation of Settlement.

2.    This release shall be of no force or effect unless and until the Court
approves the Stipulation of Settlement and the Settlement becomes effective on the
Effective Date.

3.    I (We) hereby warrant and represent that I (we) have not assigned or
transferred or purported to assign or transfer, voluntarily or involuntarily, any matter
released pursuant to this release or any other part or portion thereof.

4.    I (We) hereby warrant and represent that I (we) have included
information about all of my (our) purchases, acquisitions and sales of El Pollo Loco

- 7 -

1532034_4

1  Securities between May 15, 2015 and August 13, 2015, inclusive, and the number of

2  El Pollo Loco Securities held by me (us) at the close of trading on May 14, 2015 and

3  August 13, 2015.

4      I declare under penalty of perjury under the laws of the United States of

5  America that the foregoing information supplied by the undersigned is true and

6  correct.

7      Executed this _____ day of _____

                                                               (Month/Year)

8  in _____.

9                 (City)                              (State/Country)

10

11             _____

           (Sign your name here)

12             _____

13             (Type or print your name here)

14             _____

           (Capacity of person(s) signing,

15             *e.g.*, Beneficial Purchaser or Acquirer,

           Executor or Administrator)

16

17          **ACCURATE CLAIMS PROCESSING TAKES A**

           **SIGNIFICANT AMOUNT OF TIME.**

18            **THANK YOU FOR YOUR PATIENCE.**

19  Reminder Checklist:

20      1.    Please sign the above release and acknowledgment.

21      2.    Remember to attach copies of supporting documentation.

22      3.    Do not send originals of stock certificates or other documentation as they

23            will not be returned.

24      4.    Keep a copy of your claim form and all supporting documentation for

          your records.

25

26

27

28

                      - 8 -

1532034_4

5.    If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.    If you move, please send your new address to the address below.

7.    Do not use red pen or highlighter on the Proof of Claim and Release or supporting documentation.

**THIS PROOF OF CLAIM AND RELEASE MUST BE SUBMITTED ONLINE OR IF MAILED POSTMARKED NO LATER THAN _____, 2019, ADDRESSED AS FOLLOWS:**

*El Pollo Loco Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
_____
www.ElPolloLocoSecuritiesSettlement.com

- 9 -

1532034_4

# EXHIBIT A-3

1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  RYAN A. LLORENS (225196)
   LAURIE L. LARGENT (153493)
3  KEVIN A. LAVELLE (292442)
   655 West Broadway, Suite 1900
4  San Diego, CA  92101
   Telephone:  619/231-1058
5  619/231-7423 (fax)
   ryanl@rgrdlaw.com
6  llargent@rgrdlaw.com
   klavelle@rgrdlaw.com
7
   THE ROSEN LAW FIRM, P.A.
8  LAURENCE M. ROSEN (219683)
   355 South Grand Avenue, Suite 2450
9  Los Angeles, CA  90071
   Telephone:  213/785-2610
10 213/226-4684 (fax)
   lrosen@rosenlegal.com
11
   Co-Lead Counsel for Plaintiffs
12

13              UNITED STATES DISTRICT COURT

14            CENTRAL DISTRICT OF CALIFORNIA

15                  SOUTHERN DIVISION

16 DANIEL TUROCY, et al., Individually  )  Case No. 8:15-cv-01343-DOC-KES
   and on Behalf of All Others Similarly )  (**Consolidated**)
17 Situated,                            )
                                        )  CLASS ACTION
18              Plaintiffs,             )
                                        )  SUMMARY NOTICE
19      vs.                             )
                                        )  EXHIBIT A-3
20 EL POLLO LOCO HOLDINGS, INC.,        )
   et al.,                              )
21                                      )
                Defendants.             )
22 _____  )

23

24

25

26

27

28

1532072_4

IF YOU PURCHASED OR ACQUIRED EL POLLO LOCO HOLDINGS, INC. ("EL POLLO LOCO") COMMON STOCK OR EXCHANGE-TRADED CALL OPTIONS, OR SOLD EXCHANGE-TRADED PUT OPTIONS FROM MAY 15, 2015, THROUGH AND INCLUDING AUGUST 13, 2015, AND WERE DAMAGED THEREBY (THE "CLASS"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.  CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE CLASS AS SET FORTH IN THE STIPULATION OF SETTLEMENT.

PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and Order of the United States District Court for the Central District of California, Southern Division, that the above-captioned litigation (the "Litigation") has been certified as a class action and that a Settlement has been proposed for $20,000,000 in cash.  A hearing will be held on _____, 2019, at __:__ _.m., before the Honorable David O. Carter at the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Courtroom 9D, Santa Ana, CA 92701, for the purpose of determining whether: (1) the proposed Settlement should be approved by the Court as fair, reasonable and adequate; (2) the proposed Plan of Allocation for distribution of the Settlement proceeds is fair, reasonable and adequate and therefore should be approved; and (3) the application of Lead Counsel for the payment of attorneys' fees of no more than 30% of the Settlement Amount, payment of litigation expenses of no more than $750,000 from the Settlement Fund, including interest earned thereon, and an amount not to exceed $3,000 each for Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class, should be approved; and (4) the Court should enter the Final Judgment and Order of Dismissal with Prejudice.

IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THE LITIGATION, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND.  If

- 1 -

1532072_4

1   you have not received a detailed Notice of Pendency and Settlement of Class Action

2   (the "Notice") and a copy of the Proof of Claim and Release, you may obtain a copy

3   of these documents by contacting the Claims Administrator: *El Pollo Loco Securities*

4   *Settlement*, c/o Gilardi & Co. LLC, P.O. Box _____, _____, 1-_____.

5   You may also obtain copies of the Stipulation of Settlement, Notice and Proof of

6   Claim and Release at www.ElPolloLocoSecuritiesSettlement.com.

7        If you are a Class Member, to be eligible to share in the distribution of the Net

8   Settlement Fund, you must submit a Proof of Claim and Release by mail postmarked

9   no later than _____, 2019, or submit it online by that date, establishing that

10  you are entitled to a recovery.  If you do not submit a valid Proof of Claim and

11  Release, you will not share in the distribution of the Net Settlement Fund, but you will

12  still be bound by any judgment entered by the Court in this Litigation (including the

13  releases provided for therein).

14       If you are a Class Member and do not exclude yourself from the Class, you will

15  be bound by any judgment entered by the Court in this Litigation (including the

16  releases provided for therein) whether or not you submit a Proof of Claim and

17  Release.  To exclude yourself from the Class, you must submit a written request for

18  exclusion so that is postmarked no later than _____, 2019, in accordance with

19  the instructions set forth in the Notice.  If you request exclusion, you will not recover

20  money pursuant to the Settlement.  Any objection to the proposed Settlement, the Plan

21  of Allocation of Settlement proceeds, or the fee and expense application must be filed

22  with the Court and delivered such that it is received by each of the following no later

23  than _____, 2019:

24                      CLERK OF THE COURT

25                      UNITED STATES DISTRICT COURT
                        CENTRAL DISTRICT OF CALIFORNIA
26                      Ronald Reagan Federal Building &
                             United States Courthouse
27                      411 West Fourth Street
                        Santa Ana, CA  92701

28

                                    - 2 -

1532072_4

1

*Co-Lead Counsel*:

2

3

ROBBINS GELLER RUDMAN
 & DOWD LLP
RYAN A. LLORENS
655 West Broadway, Suite 1900
San Diego, CA  92101

4

5

*Defense Counsel*:

6

7

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
JASON D. RUSSELL
300 S. Grand Avenue, Suite 3400
Los Angeles, CA  90071

8

9

PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.  If you have any questions about the Settlement, or your eligibility to participate in the Settlement, you may contact Lead Counsel at the addresses listed above or by calling 1-800-449-4900 or 1-213-785-2610.

10

11

12

13

14

DATED: _____

15

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

1532072_4

# EXHIBIT B

1 | ROBBINS GELLER RUDMAN
   & DOWD LLP
2 | RYAN A. LLORENS (225196)
LAURIE L. LARGENT (153493)
3 | KEVIN A. LAVELLE (292442)
655 West Broadway, Suite 1900
4 | San Diego, CA  92101
Telephone:  619/231-1058
5 | 619/231-7423 (fax)
ryanl@rgrdlaw.com
6 | llargent@rgrdlaw.com
klavelle@rgrdlaw.com
7 |
THE ROSEN LAW FIRM, P.A.
8 | LAURENCE M. ROSEN (219683)
355 South Grand Avenue, Suite 2450
9 | Los Angeles, CA  90071
Telephone:  213/785-2610
10 | 213/226-4684 (fax)
lrosen@rosenlegal.com
11 |
Co-Lead Counsel for Plaintiffs
12 |

13 | UNITED STATES DISTRICT COURT

14 | CENTRAL DISTRICT OF CALIFORNIA

15 | SOUTHERN DIVISION

16 | DANIEL TUROCY, et al., Individually
and on Behalf of All Others Similarly )    Case No. 8:15-cv-01343-DOC-KES
17 | Situated, )    (**Consolidated**)

18 |             Plaintiffs, )    <u>CLASS ACTION</u>

19 |    vs. )    [PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL WITH
20 | EL POLLO LOCO HOLDINGS, INC., )    PREJUDICE
et al.,

21 | )    EXHIBIT B
            Defendants. )
22 |

23 |
24 |
25 |
26 |
27 |
28 |

1532075_3

This matter came before the Court for hearing pursuant to the Order of this Court, dated _____, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated April 3, 2019 (the "Stipulation"). Due and adequate notice having been given to the Class as required in the Order, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.     This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise stated herein.

2.     This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a)     the Stipulation and the Settlement contained therein are, in all respects, fair, reasonable and adequate;

(b)     there was no collusion in connection with the Stipulation;

(c)     the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d)     the record is sufficiently developed and complete to have enabled Lead Plaintiffs and Defendants to have adequately evaluated and considered their positions.

4.     Accordingly, the Court directs the Settling Parties to consummate the Settlement pursuant to the Stipulation, as well as the terms and provisions hereof. The Litigation and all claims contained therein are dismissed with prejudice as to Lead Plaintiffs and the other Class Members. Except as to any persons who validly request exclusion and whose names are set out in Exhibit 1 hereto, the Court hereby dismisses with prejudice the Litigation and all Released Plaintiffs' Claims (including, without

- 1 -

limitation, Unknown Claims) of the Class as against each and all of the Released Defendant Parties.  The Settling Parties are to bear their own costs except as otherwise provided in the Stipulation.

5.     No Person shall have any claim against Lead Plaintiffs, Lead Counsel, or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

6.     Upon the Effective Date, Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed each and every one of the Released Plaintiffs' Claims (including, without limitation, Unknown Claims) against each and every one of the Released Defendant Parties with prejudice on the merits, whether or not Lead Plaintiffs or such Class Member executes and delivers the Proof of Claim and Release and whether or not Lead Plaintiffs or each of the Class Members ever seeks or obtains any distribution from the Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

7.     Upon the Effective Date, the Defendants and each and every Released Defendant Party shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed the Releasing Plaintiff Parties from all Released Defendants' Claims (including, without limitation, Unknown Claims).  Claims to enforce the terms of the Stipulation are not released.

8.     Upon the Effective Date, Lead Plaintiffs, all Class Members and anyone claiming through or on behalf of any of them are forever barred and enjoined from commencing, instituting, asserting or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administration forum or other forum

- 2 -

1532075_3

of any kind any of the Released Plaintiffs' Claims (including, without limitation, Unknown Claims) against any of the Released Defendant Parties.

9.     The distribution of the Notice of Pendency and Settlement of Class Action and publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Class Members who could be identified through reasonable effort.  The notice provided was the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process and any other applicable law, including the Private Securities Litigation Reform Act of 1995.  No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. Section 1715, were fully discharged and that the statutory waiting period has elapsed.  Thus, the Court hereby determines that all Members of the Class are bound by this Judgment, except those persons listed on Exhibit 1 to this Judgment.

10.     Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Any order or proceeding relating to the Plan of Allocation or any order entered regarding any attorneys' fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Final Judgment in this action.

- 3 -

1532075_3

11.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be, or may be used as an admission of, or evidence of, the validity or infirmity of any Released Plaintiffs' Claims or any wrongdoing or lack therefor of the Released Defendant Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Any of the Released Defendant Parties, including, but not limited to, the Defendants, may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.     Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Settlement.

13.     The Court finds that the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14.     If the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated; and in such event, all orders entered and releases

- 4 -

1    delivered in connection herewith shall be null and void to the extent provided by and
2    in accordance with the Stipulation.

3         15.    The Settling Parties shall bear their own costs and expenses except as
4    otherwise provided in the Stipulation or in this Judgment.

5         16.    Without further order of the Court, the Settling Parties may agree to
6    reasonable extensions of time to carry out any of the provisions of the Stipulation.

7         17.    The Court directs immediate entry of this Judgment by the Clerk of the
8    Court.

9         18.    The Court's orders entered during this Litigation relating to the
10   confidentiality of information shall survive this Settlement.

11        IT IS SO ORDERED.

12   DATED: _____    _____
13                                  THE HONORABLE DAVID O. CARTER
                               UNITED STATES DISTRICT JUDGE
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 5 -

1532075_3

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on April 3, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

<u>  s/ Ryan A. Llorens  </u>
RYAN A. LLORENS

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  ryanl@rgrdlaw.com

# Mailing Information for a Case 8:15-cv-01343-DOC-KES Daniel Turocy v. El Pollo Loco Holdings, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Seth A Aronson**
  saronson@omm.com,LitigationCalendar@omm.com

- **Joshua E Baker**
  jbaker@rosenlegal.com

- **Mary K Blasy**
  mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Amber L Eck**
  ambere@haelaw.com,cassl@haelaw.com

- **Zachary Marc Faigen**
  zack.faigen@skadden.com,Zack.Faigen@probonolaw.com

- **Robert A Fumerton**
  robert.fumerton@skadden.com

- **Jonathan R Horne**
  jhorne@rosenlegal.com

- **Winston Ping Hsiao**
  winston.hsiao@skadden.com

- **Alec Johnson**
  johnsonstu@sec.gov,skemp@omm.com

- **Jay B Kasner**
  jay.kasner@skadden.com

- **Phillip Kim**
  pkim@rosenlegal.com

- **Laurie L Largent**
  llargent@rgrdlaw.com,e_file_sd@rgrdlaw.com,tjohnson@rgrdlaw.com,klavelle@rgrdlaw.com

- **Kevin A Lavelle**
  klavelle@rgrdlaw.com,karenc@rgrdlaw.com

- **Ryan A Llorens**
  ryanl@rgrdlaw.com,3412673420@filings.docketbird.com

- **Brian Oliver O'Mara**
  bomara@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Michael M Powell**
  michael.powell@skadden.com

- **Michael W Restey**
  michael.restey@skadden.com

- **Darren J Robbins**
  e_file_sd@rgrdlaw.com

- **Laurence M Rosen**
  lrosen@rosenlegal.com

- **Howard Marcus Rupp**
  marc@hmrupp.com

- **Jason D Russell**
  jason.russell@skadden.com,nandi.berglund@skadden.com,DLMLCLAC@skadden.com,nandi-
  berglund-4699@ecf.pacerpro.com,Jessica.barcus@skadden.com,hillary.hamilton@skadden.com

- **Evan Jason Smith**
  esmith@brodskysmith.com

- **Daniel Tyre-Karp**
  dtyrekarp@rosenlegal.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who
therefore require manual noticing). You may wish to use your mouse to select and copy this list into
your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`