ROBBINS GELLER RUDMAN
  & DOWD LLP
RYAN A. LLORENS (225196)
LAURIE L. LARGENT (153493)
KEVIN A. LAVELLE (292442)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
ryanl@rgrdlaw.com
llargent@rgrdlaw.com
klavelle@rgrdlaw.com

THE ROSEN LAW FIRM, P.A.
LAURENCE M. ROSEN (219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: 213/785-2610
213/226-4684 (fax)
lrosen@rosenlegal.com

Co-Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DANIEL TUROCY, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>EL POLLO LOCO HOLDINGS, INC., et al.,<br><br>　　　　　　　Defendants. | Case No. 8:15-cv-01343-DOC-KES<br>(**Consolidated**)<br><br><u>CLASS ACTION</u><br><br>ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE [184] |

1549775_2

WHEREAS, an action is pending before this Court entitled *Daniel Turocy, et al. v. El Pollo Loco Holdings, Inc., et al.*, Case No. 8:15-cv-01343-DOC-KES (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with a Stipulation of Settlement dated April 3, 2019 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. After a preliminary review, the Court has concluded that it may be able to approve the Settlement under Rule 23(e)(2) as fair, adequate and reasonable. The Court finds probative that the Settlement was negotiated at arm's length under the oversight of an experienced mediator. The Settlement warrants notice thereof as set forth below and a full hearing on the Settlement. Accordingly, the Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on August 21, 2019, at 8:30 a.m., at the United States District Court for the Central District of California, Southern Division, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Courtroom 9D, Santa Ana, CA 92701, for the following purposes:

   (a) to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b) to finally determine whether Judgment as provided under ¶1.18 of the Stipulation should be entered, dismissing the Third Amended Complaint on the merits and with prejudice, and to determine whether the release by the Class of the Released Defendant Parties as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any Released Plaintiffs' Claims or Released Defendants' Claims extinguished by the Settlement;

(c) to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair, reasonable, and adequate and should be approved by the Court;

(d) to consider any application of Lead Counsel for an award of attorneys' fees and expenses, and any application for an award to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class;

(e) to consider any Class Members' timely objections to the Settlement, Plan of Allocation or application for fees and expenses; and

(f) to rule upon such other matters as the Court may deem appropriate.

3. The Court may adjourn the Settlement Hearing without further notice to the Members of the Class, and reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the parties and without further notice to the Class where to do so would not impair Class Members' rights in a manner inconsistent with Rule 23 and due process of law. The Court further reserves the right to enter its Judgment approving the Settlement and dismissing the Third Amended Complaint and Released Plaintiffs' Claims, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses or made awards to Lead Plaintiffs.

4. The Court approves, as to form and content, the Notice of Pendency and Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim") and the Summary Notice ("Summary Notice"), annexed hereto as

Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶7-8 of this Order, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5. The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

6. El Pollo Loco shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Lead Plaintiffs, the Settlement Fund, Lead Counsel or the Claims Administrator, within five (5) calendar days after the Court enters this Order, documentation or data in the possession of El Pollo Loco or its present or former stock transfer agents sufficient to identify to the extent available the record holders of El Pollo Loco common stock or exchange-traded call options, or who sold exchange-traded El Pollo Loco put options, during the period from May 15, 2015 through August 13, 2015, inclusive, and their last known addresses or other similar information. El Pollo Loco shall provide this documentation in an electronic searchable form, such as Excel.

7. Lead Counsel, through the Claims Administrator, shall commence mailing the Notice and Proof of Claim, substantially in the forms annexed hereto, within ten (10) calendar days after the Court signs this Order (the "Notice Date"), or by May 23, 2019, by first-class mail to all Class Members who can be identified with reasonable effort, and to be posted on the Settlement website at www.ElPolloLocoSecuritiesSettlement.com.

8. Not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.

9. At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

10. Nominees who purchased or acquired El Pollo Loco common stock or exchange-traded call options, or who sold exchange-traded El Pollo Loco put options ("Securities") for the beneficial ownership of Class Members during the Class Period shall: (a) within seven (7) calendar days of receipt of the Notice and the Proof of Claim ("Notice Packet"), request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those copies of the Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice Packet, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses actually incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund up to a maximum of $0.70 per notice, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

11. In order to be entitled to participate in the recovery from the Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

(a) A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the post office box or electronic mailbox indicated in the Notice and Proof of Claim, postmarked no later than seventy-five (75) calendar days from the Notice Date.  Such deadline may be further extended by Order of the Court.  Each Proof of Claim shall be deemed to have been submitted when

1  legibly postmarked (if properly addressed and mailed by first-class mail) provided
2  such Proof of Claim is actually received before the filing of a motion for an Order of
3  the Court approving distribution of the Settlement Fund.  Any Proof of Claim
4  submitted in any other manner shall be deemed to have been submitted when it was
5  actually received by the Claims Administrator at the address designated in the Notice.
6             (b)    The Proof of Claim submitted by each Class Member must satisfy
7  the following conditions: (i) it must be properly filled out, signed and submitted in a
8  timely manner in accordance with the provisions of the preceding subparagraph; (ii) it
9  must be accompanied by adequate supporting documentation for the transactions
10 reported therein, in the form of broker confirmation slips, broker account statements,
11 an authorized statement from the broker containing the transactional information
12 found in a broker confirmation slip, or such other documentation as is deemed
13 adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing
14 the Proof of Claim is acting in a representative capacity, a certification of his current
15 authority to act on behalf of the Class Member must be provided with the Proof of
16 Claim; and (iv) the Proof of Claim must be complete and contain no material deletions
17 or modifications of any of the printed matter contained therein and must be signed
18 under penalty of perjury.
19            (c)    Once the Claims Administrator has considered a timely submitted
20 Proof of Claim, it shall determine whether such claim is valid, deficient or rejected.
21 For each claim determined to be either deficient or rejected, the Claims Administrator
22 shall send a deficiency letter or rejection letter as appropriate, describing the basis on
23 which the claim was so determined.  Persons who timely submit a Proof of Claim that
24 is deficient or otherwise rejected shall be afforded a reasonable time (at least seven (7)
25 calendar days) to attempt to cure such deficiency if it shall appear that such deficiency
26 may be cured.
27            (d)    For the filing of and all determinations concerning their Proof of
28 Claim, each Class Member shall submit to the jurisdiction of the Court.

12. Any Class Member who does not timely submit a valid and timely Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Settlement Fund to Authorized Claimants is not materially delayed thereby, but will bear no liability for failing to accept such late claims.

13. Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

14. All Class Members shall be bound by all determinations and judgments in this Litigation, whether favorable or unfavorable, unless such persons request to be excluded, or "opt out," from the Class. A Class Member wishing to be excluded from the Class must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by first-class mail, or otherwise hand-deliver it, such that it is postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing, or July 31, 2019, to the addresses listed in the Notice. A Request for Exclusion must be signed and must legibly state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the number of shares of El Pollo Loco Securities that the Person requesting exclusion (i) owned as of the opening of trading on May 15, 2015, and (ii) purchased, acquired and/or sold during the Class Period, as well as the dates and prices for each such purchase, acquisition and sale; and (c) that the Person wishes to be excluded from the Class in *Daniel Turocy, et al. v. El Pollo Loco Holdings, Inc., et al.*, Case No. 8:15-cv-01343-DOC-KES. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution

of the Net Settlement Fund, and shall not be bound by the Stipulation or any Judgment. Unless otherwise ordered by the Court, any Class Member who does not submit a valid and timely written Request for Exclusion as provided by this paragraph shall be bound by the Stipulation.

15. The Claims Administrator or Lead Counsel shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion within five (5) calendar days of receipt.

16. The Court will consider comments or objections to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and expenses, including Lead Plaintiffs' request for an award pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class, only if such comments or objections and any supporting papers are served by hand or sent by first-class mail, and are received at least twenty-one (21) calendar days prior to the Settlement Hearing, or July 31, 2019, to:

***Co-Lead Counsel for the Class***

Robbins Geller Rudman & Dowd LLP
Ryan A. Llorens
655 West Broadway, Suite 1900
San Diego, CA 92101

***Counsel for Defendants***

Skadden, Arps, Slate, Meagher & Flom LLP
Jason D. Russell
300 S. Grand Avenue, Suite 3400
Los Angeles, CA 90071

Those comments or objections and any supporting papers must also be filed with the Clerk of the United States District Court for the Central District of California, Southern Division, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, CA 92701, at least twenty-one (21) calendar days prior to the Settlement Hearing, or July 31, 2019. Attendance at the Settlement Hearing is not necessary but any Person wishing to be heard orally in opposition to the

- 7 -

Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses or awards to Lead Plaintiffs are required to indicate in their written objection whether they intend to appear at the Settlement Hearing. The notice of objection must include documentation establishing the objecting Person's membership in the Class, including the number of shares of El Pollo Loco Securities that the objecting Person (i) owned as of the opening of trading on May 15, 2015, and (ii) purchased, acquired and/or sold during the Class Period, as well as the dates and prices for each such purchase, acquisition or sale, and state with specificity the grounds for the objection, copies of any papers, briefs, or other documents upon which the objection is based, and the objector's signature, even if represented by counsel. The objection must state whether it applies only to the objector, to a specific subset of the Class or to the entire Class. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the reasonableness, fairness or adequacy of the Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or awards of the Lead Plaintiffs, unless otherwise ordered by the Court. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval of the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses or awards to Lead Plaintiffs.

17. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18. All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by counsel for the Lead Plaintiffs for attorneys' fees and expenses or by Lead Plaintiffs for an award pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class shall be

filed and served no later than thirty-five (35) calendar days before the Settlement Hearing, or July 17, 2019.  Replies to any objections shall be filed and served at least seven (7) calendar days prior to the Settlement Hearing, or August 14, 2019.

19. The Released Defendant Parties shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation and Released Plaintiffs' Claims.

20. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

21. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.

22. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

23. If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante*.

24. Pending final determination of whether the proposed Settlement should be approved, neither the Lead Plaintiffs, nor any Class Member, directly or indirectly,

representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendant Parties, any action or proceeding in any court or tribunal asserting any of the Released Plaintiffs' Claims.

25. The Court's orders entered during this Litigation relating to the confidentiality of information shall survive this Settlement.

IT IS SO ORDERED.

DATED: May 15, 2019

*/s/ David O. Carter*
THE HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

- 10 -

1549775_2