1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  RYAN A. LLORENS (225196)
   LAURIE L. LARGENT (153493)
3  KEVIN A. LAVELLE (292442)
   655 West Broadway, Suite 1900
4  San Diego, CA  92101
   Telephone:  619/231-1058
5  619/231-7423 (fax)
   ryanl@rgrdlaw.com
6  llargent@rgrdlaw.com
   klavelle@rgrdlaw.com
7
   THE ROSEN LAW FIRM, P.A.
8  LAURENCE M. ROSEN (219683)
   355 South Grand Avenue, Suite 2450
9  Los Angeles, CA  90071
   Telephone:  213/785-2610
10 213/226-4684 (fax)
   lrosen@rosenlegal.com
11
   Co-Lead Counsel for Plaintiffs
12

13
14                    UNITED STATES DISTRICT COURT
15                   CENTRAL DISTRICT OF CALIFORNIA
16                           SOUTHERN DIVISION

17 DANIEL TUROCY, et al., Individually  )  Case No. 8:15-cv-01343-DOC-KES
   and on Behalf of All Others Similarly )  (**Consolidated**)
   Situated,                             )
18                                       )  CLASS ACTION
                    Plaintiffs,          )
19                                       )  ORDER AWARDING
          vs.                            )  ATTORNEYS' FEES AND
20                                       )  EXPENSES AND AWARDS TO
   EL POLLO LOCO HOLDINGS, INC.,         )  LEAD PLAINTIFFS PURSUANT TO
21 et al.,                               )  15 U.S.C. §78u-4(a)(4) [199]
                                         )
22                  Defendants.          )
                                         )

This matter having come before the Court on August 26, 2019, on the motion of Lead Counsel for an award of attorneys' fees and expenses, the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Litigation to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement, dated April 3, 2019 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Class who have not timely and validly requested exclusion.

3. Notice of Lead Counsel's request for attorneys' fees and expenses was given to all Class Members who could be located with reasonable effort. The form and method of notifying the Class of the request for attorneys' fees and expenses met the requirements of Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. §78u-4(a)(7), the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The Court hereby awards Lead Counsel attorneys' fees of 30% of the Settlement Amount, plus expenses in the amount of $554,129.06, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is fair, reasonable, and appropriate under the "percentage-of-recovery" method.

5. The awarded attorneys' fees and expenses and interest earned thereon, shall be paid to Lead Counsel immediately upon execution of the Court's order

approving distribution of the Net Settlement Fund to Authorized Claimants, notwithstanding the terms of ¶6.2 of the Stipulation.

      6.    In making this award of fees and expenses to Lead Counsel, the Court has considered and found that:

      (a)    the Settlement has created a fund of $20,000,000 in cash that is already on deposit, and numerous Class Members who submit, or have submitted, valid Proof of Claim and Release forms will benefit from the Settlement created by Lead Counsel;

      (b)    over 29,500 copies of the Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees in an amount not to exceed 30% of the Settlement Amount and for expenses in an amount not to exceed $750,000, plus interest on both amounts, and no objections to the fees or expenses were filed by Class Members;

      (c)    Lead Counsel have pursued the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

      (d)    Lead Counsel have expended substantial time and effort pursuing the Litigation on behalf of the Class;

      (e)    Lead Counsel pursued the Litigation on a contingent basis, having received no compensation during the Litigation, and any fee amount has been contingent on the result achieved;

      (f)    the Litigation involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

      (g)    had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

      (h)    public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

        (i)    the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Ninth Circuit.

7. Any appeal or any challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

8. Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards $3,000 to each of the Lead Plaintiffs, Peter Kim, Dr. Richard J. Levy, Sammy Tanner and Ron Huston for the time they spent directly related to their representation of the Class.

9. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: August 27, 2019

*David O. Carter*
THE HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE