THE ROSEN LAW FIRM, P.A.
Laurence M. Rosen (219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Fax: (213) 226-4684
lrosen@rosenlegal.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
Ryan A. Llorens (225196)
Laurie L. Largent (153493)
Kevin A. Lavelle (292442)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Fax: (619) 231-7423
ryanl@rgrdlaw.com
llargent@rgrdlaw.com
klavelle@rgrdlaw.com

*Co-Lead Counsel for Plaintiffs*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL TUROCY, et al., Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> EL POLLO LOCO HOLDINGS, INC., et al., <br><br> Defendants. | Case No: 8:15-cv-01343-DOC-KES (**Consolidated**) <br><br> <ins>CLASS ACTION</ins> <br><br> ORDER  GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS <br><br> DATE:      June 22, 2020 <br> TIME:      8:30 a.m. <br> CTRM:     9D <br> JUDGE:   Hon. David O. Carter |

- 1 -

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR
DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS

4818-9716-1405.v2

IT IS HEREBY ORDERED THAT:

1. Plaintiffs' Motion for Distribution of Class Action Settlement Funds is GRANTED.

2. The funds that are currently in the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants identified in Exhibit D(1) to the Declaration of Mishka Ferguson in Support of Lead Plaintiffs' Motion for Distribution of Class Action Settlement Funds ("Ferguson Declaration"), at the direction of Co-Lead Counsel, The Rosen Law Firm P.A. and Robbins Geller Rudman & Dowd LLP, pursuant to the Stipulation of Settlement filed with the Court on April 3, 2019 ("Stipulation") (Dkt. No. 187) and the Plan of Allocation of the Net Settlement Fund set forth in the Notice of Pendency and Proposed Settlement of Class Action previously distributed pursuant to this Court's prior Order.

3. Any person asserting any rejected or subsequently filed claims are finally and forever barred as of May 4, 2020, the date used to finalize the administration based on the Ferguson Declaration.

4. The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, including, but not limited to Co-Lead Counsel and the Court-appointed Claims Administrator, Gilardi & Co. ("Gilardi"), are released and discharged from any and all claims arising out of such involvement, and all Class Members are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order.

5. The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO REDISTRIBUTION ONE HUNDRED TWENTY DAYS AFTER DISTRIBUTION DATE." Co-Lead Counsel and Gilardi are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time.

6. Pursuant to the Plan of Allocation, if any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after Gilardi has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund after at least one hundred twenty days after the initial distribution of such funds shall be used: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed to the Los Angeles County Bar Foundation Counsel for Justice.

7. All of Gilardi's fees and expenses incurred in the administration of the Settlement and estimated to be incurred in connection with the initial distribution of the Net Settlement Fund as stated in paragraphs 21-23 of the Ferguson Declaration, and the invoices attached as Exhibit E thereto, are approved, and Lead Counsel is directed to pay the outstanding balance of $215,931.04 out of the Settlement Fund to Gilardi.

[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION
FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS

4818-9716-1405.v2

8.     Gilardi is hereby ordered to discard paper or hard copies of Proofs of Claims and supporting documents not less than one year after all distributions of the Net Settlement Fund to the eligible claimants, and electronic copies of the same not less than three years after all distributions of the Net Settlement Fund to the eligible claimants.

9.     This Court retains jurisdiction over any further application or matter which may arise in connection with this action.

IT IS SO ORDERED.

Dated: ___June 23, 2020_____        _____

HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

- 4 -

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR
DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS

4818-9716-1405.v2